1  RYAN KROMHOLZ & MANION, S.C.
   DANIEL R. JOHNSON, WI Bar No. 1033981
2  djohnson@rkmiplaw.com
   P.O. BOX 26618
3  Milwaukee, WI  53226-0618
   TELEPHONE: (262) 783-1300
4  FACSIMILE: (262) 783-1211

5  HANSON BRIDGETT LLP
   STEPHEN B. PECK - 72214
6  speck@hansonbridgett.com
   425 Market Street, 26th Floor
7  San Francisco, CA  94105
   TELEPHONE:  (415) 777-3200
8  FACSIMILE:  (415) 541-9366

9  Attorneys for Defendant Bajer Design & Marketing, Inc.

10                   **UNITED STATES DISTRICT COURT**

11             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12                        **SAN JOSE DIVISION**

13

14

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY, INC., | No. CV10-00966 JF PVT |
| Plaintiff, | **DEFENDANT BAJER DESIGN & MARKETING, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BAJER, INC.'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(1), FED.R.CIV.P. 12(B)(6), FED.R.CIV.P. 8, AND FED.R.CIV.P. 9** |
| v. | |
| THE GLAD PRODUCTS COMPANY, BAJER DESIGN & MARKETING INC., BAYER CORPORATION, BRIGHT IMAGE CORPORATION, CHURCH & DWIGHT CO. INC., COLGATE-PALMOLIVE COMPANY, COMBE INCORPORATED, THE DIAL CORPORATION, EXERGEN CORPORATION, GLAXOSMITHKLINE LLC, HI-TECH PHARMACAL CO. INC., JOHNSON PRODUCTS COMPANY INC., MAYBELLINE LLC, MCNEIL-PPC INC., MEDTECH PRODUCTS INC., PLAYTEX PRODUCTS INC., RECKITT BENCKISER INC., ROCHE DIAGNOSTICS CORPORATION, SOFTSHEEN-CARSON LLC, SUN PRODUCTS CORPORATION, SUNSTAR AMERICAS INC., | Date:      June 11, 2010<br>Time:      9:00 a.m.<br>Ctrm:      3, 5th Fl., Hon. Jeremy Fogel<br><br>Complaint Filed:  March 5, 2010 |
| Defendants. | |

- 1 -

1

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BAJER, INC.'S

2

## MOTION TO DISMISS

3      Bajer hereby requests the Court dismiss San Francisco Technology, Inc.'s

4  ("SFTI") Complaint this case because SFTI lacks standing to bring this action.  SFTI has

5  not and cannot allege a cognizable injury in fact and therefore lacks *qui tam* Article III

6  standing under 35 U.S.C. § 292(b) and therefore this Court lacks subject matter

7  jurisdiction to decide this case.  Fed.R.Civ.P. 12(b)(1).  SFTI has not stated a claim

8  against Bajer upon which relief can be granted because Bajer's products are and were

9  patented as indicated on the product packaging, and allegations of marking an expired

10  patent number on a product cannot, standing alone, rise to the level of a violation of 35

11  U.S.C. § 292(a).  Fed.R.Civ.P. 12(b)(6).  Last, SFTI's Complaint fails to meet minimum

12  pleading standards and therefore must be dismissed.  Fed.R.Civ.P. 8, Fed.R.Civ.P. 9.

13

## STATEMENT OF THE ISSUES TO BE DECIDED

14      [1]  Has SFTI suffered, or alleged a cognizable injury in fact to establish *qui tam*

15  Article III standing under 35 U.S.C. § 292(b) to confer subject matter jurisdiction upon

16  this Court?

17      [2]  Are allegations of marking an expired patent number on a product standing

18  alone, sufficient  to state a claim against Bajer that rises to the level of a violation of 35

19  U.S.C. § 292(a) upon which relief can be granted?

20      [3]  Is SFTI's Complaint required to, and does SFTI's Complaint plead with

21  particularity, in accordance with Fed.R.Civ.P. 9?  Alternatively, does SFTI's Complaint

22  plead sufficient factual content to allow the Court to draw the reasonable inference that

23  Bajer listed patent numbers for the purpose of deceiving the public?

24

## MEMORANDUM OF POINTS AND AUTHORITIES

25

## I.      INTRODUCTION and RELEVANT FACTS

26      In this case, SFTI alleges that Bajer and other defendants violated the False

27  Marking Statute, 35 U.S.C. § 292, which imposes penalties for purposefully deceitful acts

28  of marking "unpatented" articles with the numbers of U.S. patents.   SFTI joins a growing

- 2 -

legion of opportunistic plaintiffs that have brought claims under 35 U.S.C. § 292 alleging false marking because certain expired patent numbers may appear on packaging containing the defendants' products. This opportunism is the result of *The Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009), which interpreted 35 U.S.C. § 292(a)'s "not more than $500 for every such offense" language as providing a penalty of "up to $500 *per article*" as opposed to calculating the penalty as for multiple articles as only one offense.

35 U.S.C. § 292 consists of two provisions. The first provision, 35 U.S.C. 292(a) sets forth three distinct offenses:

> [1] Whoever, without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, or imported by the person into the United States, the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee…; or

> [2] Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word "patent" or any word or number importing the same is patented, for the purpose of deceiving the public; or

> [3] Whoever marks upon, or affixes to, or uses in advertising in connection with any article the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public - Shall be fined not more than $500 for every such offense.

The second provision, 35 U.S.C. 292(b), states that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."

There are no allegations in SFTI's Complaint that Bajer committed the first enumerated offense (marking without the consent of the patentee) or the third

1   enumerated offense (marking that a patent has been applied for, when in fact a patent

2   has not been applied for).  SFTI's Complaint relates only to the second enumerated

3   offense, marking an "unpatented" article.  The sole factual allegations are that Bajer

4   marked its products with expired patent numbers with knowledge that nothing is

5   protected by a surrendered patent or an expired patent.  *Complaint,* ¶ 56.  These facts

6   lead to SFTI's conclusory penultimate allegation that Bajer "falsely marked its products

7   with intent to deceive the public." *Complaint,* ¶ 57.

8       Patent marking is performed pursuant to 35 U.S.C. § 287 so that damages are

9   recoverable in an action for patent infringement without providing actual notice to

10  infringers.  The marking statute serves three related purposes: 1) helping to avoid

11  innocent infringement, *see Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co.*, 297

12  U.S. 387, 395, 56 S.Ct. 528, 530, 80 L.Ed. 736 (1936); 2) encouraging patentees to give

13  notice to the public that the article is patented, *see Amsted Industries v. Buckeye Steel*

14  *Castings*, 24 F.3d 178, 185, 30 USPQ2d 1462, 1468 (Fed.Cir.1994); and 3) aiding the

15  public to identify whether an article is patented, *see Bonito Boats Inc. v. Thunder Craft*

16  *Boats Inc.*, 489 U.S. 141, 162, 109 S.Ct. 971, 983, 103 L.Ed.2d 118, 9 USPQ2d 1847,

17  1856 (1989).

18      The Complaint contains no allegations that anyone was actually deceived, or that

19  SFTI suffered any injury due to the mere appearance of Bajer's patent numbers.  The

20  Complaint also contains no allegations that Bajer's *unexpired* patent markings do not

21  cover Bajer's products.  Nowhere in SFTI's complaint does SFTI allege that SFTI has

22  suffered an injury in fact, that the public has suffered an injury in fact, or even that the

23  economy of the United States has suffered an injury in fact. Nor does SFTI allege that

24  any such injuries in fact are imminent or even likely or probable.

25          **II.    ARGUMENT**

26              A.    SFTI Lacks Standing to Bring this Action

27      A private party such as SFTI does not have standing under Article III of the United

28  States Constitution to bring an action for false patent marking under 35 U.S.C. § 292(b)

- 4 -

because it has suffered no cognizable injury to itself. *Stauffer v. Brooks Bros.*, 615 F. Supp. 2d 248 (S.D.N.Y. 2009), Fed. Cir. Appeal Nos. 2009-1428, 2009-1430, 2009-1453 pending.

SFTI bears the burden "to allege facts demonstrating that [it] is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975). All plaintiffs—*qui tam* relators included—must have Article III standing. *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000). If a plaintiff lacks standing, the court lacks subject matter jurisdiction and must dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See, e.g., Thomas v. Mundell*, 572 F.3d 756, 764 (9th Cir. 2009).

Article III standing has been called "the most basic doctrinal principle" because the Constitution restricts federal judicial power to hear only real cases and controversies. *Spring Commc'ns Co., L.P. v. APCC Servs., Inc.*, --- U.S. ---, 128 S.Ct. 2531, 2535 (2008). To avoid a motion to dismiss, a plaintiff claiming false marking under 35 U.S.C. § 292 must sufficiently plead an actual or imminent injury to itself, the Government, or the public as a result of intentional false marking. As set forth in *Vermont*:

> A plaintiff must meet three requirements in order to establish Article III standing. First, he must demonstrate 'injury in fact'–a harm that is both 'concrete' and 'actual or imminent, not conjectural or hypothetical.' Second, he must establish causation–a 'fairly … trace[able]' connection between the alleged injury in fact and the alleged conduct of the defendant. And third, he must demonstrate redressability–a 'substantial likelihood' that the requested relief will remedy the alleged injury in fact. These requirements together constitute the 'irreducible constitutional minimum' of standing, which is an 'essential and unchanging part' of Article III's case-or-controversy requirement, and a key factor in dividing the power of government between the courts and the two political branches.
> *Id.* (citations omitted).

In *Stauffer*, the district court dismissed a *qui tam* relator's complaint under 35 U.S.C. § 292 as failing to meet the strictures of *Vermont*, where the relator pled only

1   vague and generalized allegations of harm. The conclusory statements of harm set forth
2   in the complaint were "insufficient to establish anything more than the sort of 'conjectural
3   or hypothetical' harm that the Supreme Court instructs is insufficient." *Id.*, 615 F. Supp.
4   2d at 255. In *Stauffer,* the Complaint "fail[ed] to allege with any specificity an actual
5   injury to any individual competitor, to the market for bow ties, or to any aspect of the
6   United States economy. That some competitor might somehow be injured at some point,
7   or that some component of the United States economy might suffer some harm through
8   defendants' conduct, is purely speculative and plainly insufficient to support standing,"
9   *id.* The Complaint in the present case is entire devoid of any injury allegations. SFTI's
10  Complaint does allege an injury in fact, causation, or redressability. Therefore, SFTI
11  lacks standing, and as a result the court lacks subject matter jurisdiction to hear this
12  case and must dismissed under Fed.R.Civ.P. 12(b)(1).

13          Even if SFTI alleged some cognizable injury as a result of marking *expired* patent
14  numbers, the Complaint contains no allegations that Bajer's *other, unexpired* patent
15  markings do not cover Bajer's products. For this additional reason, SFTI's Complaint
16  fails to allege an injury in fact. If SFTI's allegations that expired patent numbers appear
17  on Bajer's product packaging are true, SFTI's failure to allege that the *unexpired* patents
18  referenced in SFTI's Complaint *also* do not cover Bajer's products entirely vitiates any
19  injury in fact. Competitors and the public still must take heed of, respect and avoid
20  infringement of Bajer's *unexpired* patents. See generally, *Bonito Boats.* SFTI has not
21  alleged that the public is at liberty to copy Bajer's products *regardless* of the alleged
22  expiration of certain of the patents marked on Bajer's product packaging, because SFTI
23  has not alleged that the *entirety* of Bajer's markings are inapplicable to Bajer's products.

24          SFTI's Complaint is therefore futilely void of possible causation and
25  redressability, and for this additional reason, SFTI lacks standing, and as a result the
26  court lacks subject matter jurisdiction to hear this case and must dismissed under
27  Fed.R.Civ.P. 12(b)(1).

28

B.   **SFTI's Complaint Fails To State A Claim Because Marking An Expired Patent Number On A Product Alone, or Coupled With Marking Unexpired Patents On A Product Does Not Violate 35 U.S.C. § 292(a)**

SFTI has failed to state a claim against Bajer upon which relief can be granted and dismissal under Fed. R. Civ. P. 12(b)(6) is required.

A motion to dismiss under Rule 12(b)(6) provides "a quick test of the legal sufficiency of [the] allegations" made in the complaint.  *See E.E.O.C. v. Concentrated Health Services, Inc.*, 496 F.3d 773, 781 (7th Cir. 2007).  A civil complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  The factual allegations, however, must be sufficient to "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (internal citations omitted).  This pleading standard applies to all civil cases. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1953 (2009).  The present complaint must be dismissed because it alleges ***even less than*** an unacceptable "formulaic recitation" of the elements of a cause of action, it does not even attempt to plead injury, or provide anything other than formulaic recitations of "intent to deceive the public."

35 U.S.C. § 271(a) provides that making, using, selling, or offering to sell "any patented invention during the term of the patent" comprises infringement of that patent. The term "patented" is modified by the explanatory phrase "during the term of the patent."  Therefore, the term "patented" alone refers to inventions both during the term of the patent and after expiration of the patent term.  If the terms "patented" or "unpatented" alone were sufficient to indicate whether an article was covered by an expired patent, the phrase "during the term of the patent" would be superfluous in 35 U.S.C. § 271(a). SFTI does not allege that Bajer's products were never covered by any of the *expired*

- 7 -

2312584.1

patents.

Patent marking has also been recently recognized as aiding the public to determine when a patent expires, thus providing the public with the ability to review enabling disclosures and, when all other applicable patents on a certain product expire, to copy them.  As Judge Rader questioned during oral argument in *Pequignot* on April 6, 2010:

> All you have to do is plug the number into the PTO Office site and it shows [the patent is] expired.  Why isn't just the fact that the number of an expired patent is itself notice that it's expired?  The public is not deceived here is it?  In fact it's put on express notice that … that [patent] number itself carries with it an express expiration….
>
> ***
>
> Now tell us how [marking an expired patent number on a product] deceives the public?  Because they have to have specific intent not just to put the mark on, but specific intent to deceive the public….  The mark itself discloses that [the patent] is expired.  So where's the intent to deceive?  It's not just intent, it has to be intent to deceive….  They had knowledge that it was an expired patent, but you haven't told me how they had intent to deceive the public….

See  Request For Judicial Notice of: Audio recording of oral argument, *Pequignot*, Appeal  No.  2009-1547  (Fed.Cir.)  <http://oralarguments.cafc.uscourts.gov/mp3/2009-1547.mp3>.

Allegations of marking an expired patent number on a product cannot, standing alone, rise to the level of a violation of 35 U.S.C. § 292(a).  That is, SFTI's Complaint does not state a claim for which relief can be granted.  *See* Complaint, ¶ 57 ("Upon information and belief, Bajer marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by a surrendered patent or an expired patent.")  Therefore, SFTI's Complaint must be dismissed because it does not, nothwithstanding conclusory allegations of intent to deceive, allege a violation of 35 U.S.C. § 292(a).

      C.      SFTI Failed To Sufficiently Plead Intent To Deceive Either With Particularity Or With Sufficient Factual Matter To State A

- 8 -

<u>Claim To Relief That Is Plausible On Its Face</u>

Whether Fed.R.Civ.P. 8's more relaxed pleading standards or Fed.R.Civ.P. 9(b)'s heightened pleading standards apply to this case, SFTI's Complaint fails to state a claim as a matter of law.

Fed.R.Civ.P. 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b) states that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally." Although "knowledge" and "intent" may be averred generally, Fed.R.Civ.P. 8 and 9 *both* still require that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind. *See, e.g.*, *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009) (applying Fed.R.Civ.P. 9(b) to require "not only specifying the false statements and by whom they were made but also identifying the basis for inferring scienter.")

A false marking claim, with its requirement that the false marking be done with "the purpose of deceiving the public," should be subject to the heightened pleading requirements of Fed.R.Civ.P. 9(b). In other patent related contexts, such as "an intent to deceive" the United States Patent Office, the pleadings must meet the Rule 9(b) standards. *See Ferguson Beauregard/Logic Controls v. Mega Sys.*, LLC, 350 F.3d 1327, 1344 (Fed. Cir. 2003) ("inequitable conduct, while a broader concept than fraud, must be pled with particularity."). In this case, SFTI failed to plead intent with any particularity, e.g., the "who, what, when, where and why" pleading standard as it applies to Bajer's intent to deceive. Judged against the strictures of Fed.R.Civ.P. 9(b), SFTI's Complaint fails.

Even applying the less rigid standards of Fed.R.Civ.P. 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, *id.*, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to

- 9 -

1   relief that is plausible on its face," *id.*, at 570, 127 S.Ct. 1955.   A claim has facial

2   plausibility when the pleaded factual content allows the court to draw the reasonable

3   inference that the defendant is liable for the misconduct alleged.   *Iqbal*, 129 S.Ct. at

4   1949-50 (citing *Twombly*, at 556, 127 S.Ct. 1955).

5          The only knowledge imputed to Bajer is "knowledge that nothing is protected by a

6   surrendered patent or an expired patent."   *See* Complaint, ¶ 57 ("Upon information and

7   belief, Bajer marks its products with patents to induce the public to believe that each

8   such product is protected by each patent listed and with knowledge that nothing is

9   protected by a surrendered patent or an expired patent.")   SFTI fails to allege that Bajer

10  knew the patents were expired.   Therefore, SFTI failed to plead factual content that

11  would allow the court to draw the reasonable inference that Bajer acted "for the pupose

12  of deceiving the public."   35 U.S.C. § 292(a).   The Complaint fails even the less rigid

13  standards of Fed.R.Civ.P. 8(a)(2).

14              **III.    CONCLUSION**

15         This case must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) because SFTI

16  lacks standing.  Alternatively, SFTI has not stated a claim against Bajer upon which relief

17  can be granted because such conduct is not alone a violation of 35 U.S.C. § 292(a).

18  Fed.R.Civ.P. 12(b)(6).  Last, SFTI's Complaint fails to meet minimum pleading standards

19  and therefore must be dismissed.  Fed.R.Civ.P. 8, Fed.R.Civ.P. 9

20   DATED:  April 8, 2010                                   RYAN KROMHOLZ & MANION, S.C.

21

22                                                            By:_____//s//_____
                                                                  DANIEL R. JOHNSON
23                                                            Attorneys for Defendant Bajer Design &
                                                                  Marketing, Inc.
24   DATED:  April 8, 2010                                   HANSON BRIDGETT LLP

25

26                                                            By:_____//s//_____
                                                                  STEPHEN B. PECK
27                                                            Attorneys for Defendant Bajer Design &
                                                                  Marketing, Inc.
28

- 10 -