RYAN KROMHOLZ & MANION, S.C.
DANIEL R. JOHNSON, WI Bar No. 1033981
djohnson@rkmiplaw.com
P.O. BOX 26618
Milwaukee, WI  53226-0618
TELEPHONE: (262) 783-1300
FACSIMILE: (262) 783-1211

HANSON BRIDGETT LLP
STEPHEN B. PECK - 72214
speck@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA  94105
TELEPHONE:  (415) 777-3200
FACSIMILE:  (415) 541-9366

Attorneys for Defendant Bajer Design & Marketing, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY, INC., | No. CV10-00966 JF PVT |
| Plaintiff, | **DEFENDANT BAJER DESIGN & MARKETING, INC.'S NOTICE OF MOTION AND MOTION TO STAY AND MEMORANDUM OF LAW** |
| v. | |
| THE GLAD PRODUCTS COMPANY, BAJER DESIGN & MARKETING INC., BAYER CORPORATION, BRIGHT IMAGE CORPORATION, CHURCH & DWIGHT CO. INC., COLGATE-PALMOLIVE COMPANY, COMBE INCORPORATED, THE DIAL CORPORATION, EXERGEN CORPORATION, GLAXOSMITHKLINE LLC, HI-TECH PHARMACAL CO. INC., JOHNSON PRODUCTS COMPANY INC., MAYBELLINE LLC, MCNEIL-PPC INC., MEDTECH PRODUCTS INC., PLAYTEX PRODUCTS INC., RECKITT BENCKISER INC., ROCHE DIAGNOSTICS CORPORATION, SOFTSHEEN-CARSON LLC, SUN PRODUCTS CORPORATION, SUNSTAR AMERICAS INC., | Date:      June 11, 2010<br>Time:      9:00 a.m.<br>Ctrm:     3, 5th Fl., Hon. Jeremy Fogel<br><br>Complaint Filed:  March 5, 2010 |
| Defendants. | |

- 1 -

## MOTION TO STAY

PLEASE TAKE NOTICE, that on June 11, 2010 at 9:00 a.m., before the Honorable Judge Jeremy Fogel, at the United States District Court for the Northern District of California, 280 S. 1st Street, San Jose, California 95113, Defendant Bajer Design & Marketing, Inc. ("Bajer"), by and through its counsel of record, will move the Court to stay all proceedings in this case until the Federal Circuit issues decisions on the merits in *Stauffer v. Brooks Bros.*, 615 F. Supp. 2d 248 (S.D.N.Y. 2009), Fed. Cir. Appeal Nos. 2009-1428, 2009-1430, 2009- 1453, and in *Pequignot v. Solo Cup Co.*, 646 F.Supp.2d 790 (E.D.Va. 2009), Fed. Cir. Appeal No. 2009-1547.  These cases present the exact issues that have been put before this Court in Bajer's simultaneously filed motion to dismiss.  This Motion is based on the Memorandum of Points and Authorities herein, the pleadings and papers on file in this action, the accompanying Request for Judicial Notice and such matters as the Court may take judicial notice, and argument and evidence to be presented at the hearing on this Motion.

## CONCISE STATEMENT OF RELIEF SOUGHT

Bajer hereby requests the Court stay this case until the Federal Circuit issues a decision on the merits of both *Stauffer* and/or *Pequignot* cases for the reasons set forth herein, resolution of both cases having a direct bearing on the proceedings of this case.

## STATEMENT OF THE ISSUES TO BE DECIDED

Whether a stay of this case pending resolution of the both *Stauffer* and/or *Pequignot* cases serves to maximize the economy of time and effort for the Court, for counsel, and for litigants?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION and RELEVANT FACTS

In this case, San Francisco Technology, Inc. ("SFTI") alleges that Bajer and other defendants violated the False Marking Statute, 35 U.S.C. § 292, which imposes penalties for purposefully deceitful acts of marking "unpatented" articles with the numbers of U.S. patents.    SFTI joins a growing legion of opportunistic plaintiffs that

DEFENDANT BAJER'S NOTICE OF MOTION AND MOTION TO STAY
AND SUPPORTING MEMORANDUM, CASE NO. CV10-00966 JF PVT

2312598.1

1  have brought claims under 35 U.S.C. § 292 alleging false marking because certain
2  expired patent numbers may appear on products or packages containing them.

3        Concurrently herewith, Bajer is filing its own motion to dismiss under Fed. R. Civ.
4  P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ.P. 12(b)(6), Fed.
5  R. Civ.P. 8, and Fed. R. Civ.P. 9(b).  The issues raised by that motion include *inter alia*:
6  1) that SFTI lacks standing to bring this action because it has not and cannot allege a
7  cognizable injury in fact and therefore lacks *qui tam* Article III standing under 35 U.S.C. §
8  292(b); 2) that SFTI has not stated a claim against Bajer upon which relief can be
9  granted because Bajer's products are and were patented as indicated on the product
10 packaging, and allegations of marking an expired patent number on a product cannot,
11 standing alone, rise to the level of a violation of 35 U.S.C. § 292(a).  These arguments
12 are essentially the same arguments raised in the *Stauffer* and *Pequignot* appeals.

13       In *Stauffer,* the court will decide whether a private party has standing under Article
14 III of the United States Constitution to bring an action for false patent marking under 35
15 U.S.C. § 292(b) despite having suffered no cognizable injury to itself.    The
16 circumstances in which a private party has standing under Article III of the United States
17 Constitution to bring an action for false patent marking under 35 U.S.C. § 292(b) is an
18 issue currently pending before the United States Court of Appeals for the Federal Circuit
19 in *Stauffer*.  In *Stauffer*, the district court dismissed a *qui tam* relator's complaint under
20 35 U.S.C. § 292, where the relator pled only vague and generalized allegations of harm.
21 The conclusory statements of harm set forth in the complaint were "insufficient to
22 establish anything more than the sort of 'conjectural or hypothetical' harm that the
23 Supreme Court instructs is insufficient." *Id.*, 615 F. Supp. 2d at 255.  Those appeals and
24 related cross-appeals have been consolidated, and are pending before the Federal
25 Circuit (*See* Appeal Nos. 2009-1428, 2009-1430, 2009-1453). When that decision is
26 rendered, the Federal Circuit's reasoning and analysis will directly confirm Bajer's
27 position and clarify this Court's consideration of Bajer's simultaneously filed motion to
28 dismiss for lack of subject matter jurisdiction.

- 3 -

In *Pequignot*, the Court is to decide the legal standard that applies to a false marking plaintiff (i.e. proving intent to deceive the public either beyond a reasonable doubt or by a preponderance of the evidence) and is also expected to explore whether marking an expired patent number on a product alone can satisfy the marking "for the purpose of deceiving the public" element of 35 U.S.C. § 292(a).   As Judge Rader commented during oral argument in *Pequignot*:

> All you have to do is plug the number into the PTO Office site and it shows [the patent is] expired.  Why isn't just the fact that the number of an expired patent is itself notice that it's expired?  The public is not deceived here is it?  In fact it's put on express notice that … that number itself carries with it an express expiration….
>
> \*\*\*
>
> Now tell us how [marking an expired patent number on a product] deceives the public?  Because they have to have specific intent not just to put the mark on, but specific intent to deceive the public….  The mark itself discloses that [the patent] is expired.  So where's the intent to deceive?  It's not just intent, it has to be intent to deceive….  They had knowledge that it was an expired patent, but you haven't told me how they had intent to deceive the public….

See Request For Judicial Notice of: Audio recording of oral argument, *Pequignot*, Appeal No. 2009-1547 (Fed. Cir.) <http://oralarguments.cafc.uscourts.gov/mp3/2009-1547.mp3>.

The *Pequignot* decision will bear directly upon Bajer's argument that Bajer's products are and were patented as indicated on the product packaging, and allegations of marking an expired patent number on a product cannot, standing alone, rise to the level of a violation of 35 U.S.C. § 292(a).  That is, SFTI's Complaint does not state a claim for which relief can be granted.  *See* Complaint, ¶ 57 ("Upon information and belief, Bajer marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by a surrendered patent or an expired patent.")

//

- 4 -

1

## II.   ARGUMENT

A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants*." Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).   "In determining whether to grant a stay, courts generally consider whether doing so would [A] 'cause undue prejudice or present a clear tactical disadvantage to the non-moving party….'   Other factors considered are [B] 'the stage in the litigation, [C] [whether] discovery [is] or [will] be almost completed, [D] [and whether] the matter [has] been marked for trial.'"   *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 30 USPQ2d 1709, 1711 (N.D. Cal. 1994).

These factors strongly favor a stay in this case, as explained below.

### A.   SFTI Would Not Be Prejudiced By a Stay Pending *Stauffer* or *Pequignot*

SFTI will not be prejudiced by a short stay pending issuance of the *Stauffer* or *Pequignot* decisions.   SFTI seeks only monetary penalties for its allegations of false marking.   See Complaint, at p. 25, line 22 (demanding only "[a] civil fine of $500 for each offense - half paid to the U.S., and half paid to SF Tech.")   SFTI has not alleged any injury to itself or anyone else as a result of Defendants' acts.   SFTI will not suffer any harm, let alone irreparable harm, if the Court stays the case for a short period of time; rather, if the Court ultimately denies the motions to dismiss, SFTI can continue to pursue the monetary penalties to which it believes it is entitled.   SFTI cannot point to any prejudice it would suffer if the Court stays this case for a short period of time, and therefore this factor favors a stay.   It would conserve both the financial resources of the parties, as well as this Court's judicial resources to stay this case pending the USPTO's disposition of the reexamination request.

In contrast, the parties would be disserviced by marching forward without the guidance of the *Stauffer* or *Pequignot* decisions.   The motions to dismiss for lack of

- 5 -

subject matter jurisdiction are case dispositive if granted, therefore a stay to await the Federal Circuit's ruling on the standing issue conserves this Court's and the parties' resources.  The Federal Circuit is likely to issue a decision in *Stauffer* before the end of 2010; a stay granted in this case will likely be for a finite and determinate length.

Other courts confronted with similar requests have granted such stays pending the *Stauffer* or *Pequignot* decisions.  *See accompanying Request For Judicial Notice of: Public Patent Found., Inc. v. Glaxosmithkline Consumer Healthcare, L.P.*, No. 09 Civ. 5881, Slip Op. (S.D.N.Y. Feb. 17,2010) (sua sponte staying false marking case with pending motions to dismiss for lack of Article III standing "[i]n light of the appeal currently pending in the Court of Appeals for the Federal Circuit of an order issued in *Stauffer v. Brooks Bros. Inc.*... which raises the same legal question that is currently pending here"); *see also Brule Research Associates Team, L.L.C. v. A.O. Smith Corp.*, Case No. 08-C-1116 (E.D. Wis. 2009)(Clevert, J.), Slip Order, docket entry #41 ("The aforementioned briefing is suspended and this case is closed for administrative purposes pending the resolution of Case No. 07-CV-897, *Pequignot v. Solo Cup Company*, 09 WL 874488 (E.D.Va. 2009).")

Bajer will be harshly prejudiced if a short stay is *not* granted pending issuance of the *Stauffer* or *Pequignot* decisions, because it will be forced into costly discovery and motion practice that might not be necessary depending on the *Stauffer* or *Pequignot* decisions.  Indeed, depending on the resolution of the *Stauffer* or *Pequignot* decisions, Bajer would expect SFTI to honor its duty to avoid unnecessary litigation and honor Counsel's overarching duty to narrow issues before the Court.  28 U.S.C. § 1927.

Rather than deciding the motions to dismiss now without benefit of the Federal Circuit's guidance, and continuing to move forward in the case (including discovery), Bajer requests that the Court stay this case until the Federal Circuit issues its decision.

B.   This Case Is In the Earliest Stages of Litigation

Issue has not been joined between SFTI and all co-defendants.  Although Bajer

has answered and moved to dismiss, the case has progressed no further.  The case was filed only weeks ago and could be no closer to its infancy.

### C.   No Discovery Has Been Conducted

Neither party has propounded either adversary or third-party discovery to date. No scheduling conferences or discovery planning has even taken place.

### D.   The Matter Has Not Been Set For Trial

As of the filing of the present motion, the Court has not set aside any trial dates, and indeed several other Defendants have moved for extensions of time in which to answer.

### III.   CONCLUSION

Because judicial and party resources would be conserved, a stay of this case pending the *Stauffer* and/or *Pequignot* decisions is appropriate.

DATED:  April 08, 2010                    RYAN KROMHOLZ & MANION, S.C.


By:_____ //s// _____
                          DANIEL R. JOHNSON
                          Attorneys for Defendant Bajer Design &
                          Marketing, Inc.


DATED:  April 08, 2010                    HANSON BRIDGETT LLP


By:_____ //s// _____
                          STEPHEN B. PECK
                          Attorneys for Defendant Bajer Design &
                          Marketing, Inc.