1 | FREDERICK G. HEROLD (SBN: 229239)
frederick.herold@dechert.com
2 | **DECHERT LLP**
2440 W. El Camino Real, Suite 700
3 | Mountain View, CA 94040-1499
Telephone: +1 650 813 4800
4 | Facsimile: +1 650 813 4848

5 | Attorney for Defendant
CHURCH & DWIGHT CO., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC. | Case No. CV10-00966-JF |
| Plaintiff, | **CHURCH & DWIGHT CO., INC.'S MOTION IN THE ALTERNATIVE TO DISMISS, OR TO SEVER AND TRANSFER VENUE, OR TO STAY** |
| v. | |
| THE GLAD PRODUCTS COMPANY, BAJER DESIGN & MARKETING INC., BAYER CORPORATION, BRIGHT IMAGE CORPORATION, CHURCH & DWIGHT CO. INC., COLGATE-PALMOLIVE COMPANY, COMBE INCORPORATED, THE DIAL CORPORATION, EXERGEN CORPORATION, GLAXOSMITHKLINE LLC, HI-TECH PHARMACAL CO. INC., JOHNSON PRODUCTS COMPANY INC., MAYBELLINE LLC. MCNEIL-PPC INC., MEDTECH PRODUCTS INC., PLAYTEX PRODUCTS INC., RECKITT BENCKISER INC., ROCHE DIAGNOSTICS CORPORATION, SOFTSHEEN-CARSON LLC, SUN PRODUCTS CORPORATION, SUNSTAR AMERICAS INC. | Date: June 18, 2010<br>Time: 9:00 am<br>Place: Courtroom 3, 5th Floor<br>Judge: Hon. Jeremy Fogel |
| Defendants. | |

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT CO., INC.'S MOTION IN THE ALTERNATIVE TO DISMISS, OR
TO SEVER AND TRANSFER VENUE, OR TO STAY;
Case No. CV10-00966-JF

1 **NOTICE OF MOTION**

2 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3 PLEASE TAKE NOTICE THAT on June 18, 2010, at 9:00 a.m., or as soon as the matter
4 may be heard, in the Courtroom of the Honorable Jeremy Fogel, located at 280 South 1st Street,
5 Courtroom 3, 5th Floor, San Jose, California, Defendant Church & Dwight Co., Inc. will, and
6 hereby does, move the Court to dismiss the case pending against it, or in the alternative to sever
7 and transfer venue, or to stay the case.

8 This motion is based on this Notice of Motion, the accompanying Memorandum of Points
9 and Authorities, the accompanying declaration and exhibit, the pleadings and papers on file in
10 this action, and any further material and argument presented to the Court at the time of the
11 hearing.

12 **MEMORANDUM OF POINTS AND AUTHORITIES**

13 **I.     INTRODUCTION**

14     **A.     Church & Dwight's Motion**

15 Defendant Church & Dwight moves the Court to dismiss the claims against it.
16 Alternatively, Church & Dwight asks the Court to sever the claims against it from the claims
17 against the other defendants, and to transfer the severed case to the United States District Court
18 for the Eastern District of Pennsylvania. If, however, the Court is inclined neither to dismiss the
19 claims against Church & Dwight nor to sever and transfer them, then Church & Dwight asks the
20 Court to stay the case, pending the Federal Circuit's decision in the potentially dispositive appeal
21 now before it, *Stauffer v. Brooks Bros.*, Nos. 2009-1428,-1430.[1]

---

[1] The background of the false patent marking cases is set forth in Judge Seeborg's opinion in *San Francisco Tech., Inc. v. Adobe Sys., Inc., et al.*, No. 09-6083, 2010 WL 1463571 (N.D. Cal. Apr. 13, 2010), and in the motions that defendants Graphic Packaging International, Inc., Magnum Research, Inc., and Delta Faucet Co. filed in that case.

In short, the Patent Act of 1842 prohibited false patent marking and permitted *qui tam* enforcement of the statute, allowing "any person" to sue on behalf of the United States (*i.e.*, to serve as a "relator") and to collect half of the penalty. 5 Stat. 544-45 (1842). Today's false marking statute, adopted in 1952, is remarkably similar to the 1842 Act. It is still a *qui tam* statute, setting the fine for false marking as "not more than $500 for every such offense." 35 U.S.C. § 292.

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT CO., INC.'S MOTION IN THE ALTERNATIVE TO DISMISS, OR
TO SEVER AND TRANSFER VENUE, OR TO STAY;
Case No. CV10-00966-JF

1

**B.     The Two Lawsuits that Plaintiff San Francisco Technology Has Filed**

Plaintiff San Francisco Technology ("SF Tech"), a company that seems to be closely affiliated with the plaintiff's law firm,[2] has filed two essentially identical false marking lawsuits in the Northern District of California. On December 30, 2009, SF Tech sued 14 defendants (the "*Adobe* case"), then three months later, SF Tech sued another 21 defendants in this case. S*ee San Francisco Tech., Inc. v. Adobe Sys., Inc., et al.*, No. 09-6083, 2010 WL 1463571 (N.D. Cal. Apr. 13, 2010), Compl. ¶¶49-136. The complaints in the *Adobe* case and this case are basically the same. Both allege that each of the defendant companies has marked its products with expired patents.

**C.     The Overlapping Lawsuits Against Church & Dwight**

The claims against Church & Dwight in this case involve Mentadent toothpaste, Arm &

---

Four months ago, the Federal Circuit upset 167 years of conventional wisdom by ruling that each time a manufacturer falsely marks a product, it constitutes a separate "offense," *e.g.*, a chewing gum manufacturer that sells 10,000,000 falsely marked packs of gum has committed 10,000,000 "offenses." *See Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009). *Forest Group* has created a massive litigation bubble. More than 140 new false marking cases have been filed since January. *See, e.g.*, http:// www.falsemarking.net; http:// www.grayonclaims.com/ false-marking-case-information/.

The 140 or more false marking cases filed since January are very different from the false marking cases that were filed in the previous 167 years. Until *Forest Group,* most false marking cases were brought by companies that sued their competitors, alleging that their competitors had deliberately marked their products with patents that did not truly cover them ("not covered" cases). By contrast, almost all the recent cases assert a new and different legal theory: that a product properly marked with a patent becomes "falsely" marked when that patent expires ("expired patent" cases).

Companies filing "not covered" cases have typically claimed some injury-in-fact from their competitors' false marking, whereas the "expired patent" cases are filed by *qui tam* relators who do not claim to have suffered any harm—nor even to have purchased the product—but who merely went trolling in their local Wal-Mart for products that they could use as a basis for their claims. Moreover, because of the Internet, it is quite simple today (as opposed to when the statute was enacted in 1952) to look up a patent on the U.S. Patent Office's website in order to determine whether it has expired.

[2]     Both SF Tech and its law firm Mount & Stoelker, P.C. share the same office in the same building in San Jose, California. *See* Ex. A to the Declaration of Frederick G. Herold in Support of Church & Dwight Co., Inc.'s Motion in the Alternative to Dismiss, or to Sever And Transfer Venue, or to Stay. Mount & Stoelker is representing SF Tech in both of these cases.

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT CO., INC.'S MOTION IN THE ALTERNATIVE TO DISMISS, OR TO SEVER AND TRANSFER VENUE, OR TO STAY;
Case No. CV10-00966-JF

2

1 Hammer Extra Whitening toothpaste, and Arm & Hammer Baking Soda & Peroxide toothpaste
2 products and patent numbers 4,891,211; 5,020,694; and 5,038,963.  Another *qui tam* relator has
3 sued Church & Dwight in the United States District Court for the Eastern District of
4 Pennsylvania.  *See Hirschhorn v. Church & Dwight*, No. 10-cv-1156 (E.D. Pa. 2010).  The
5 *Hirschhorn* case also involves the alleged false marking of Arm & Hammer toothpaste with
6 patent number 4,891,211.

### D. Judge Seeborg's Decision in the *Adobe* Case

On April 13, 2010, Judge Seeborg issued a comprehensive Order in the *Adobe* case.  *See San Francisco Tech., Inc. v. Adobe Sys., Inc., et al.*, 2010 WL 1463571.  With regard to severance, Judge Seeborg ruled that:

> there simply is no basis to join those fourteen defendants in a single suit.  While only some defendants have moved for severance, Fed. R. Civ. P. 21 authorizes the Court to sever misjoined parties on its own motion, and such severance is appropriate here.

*Id.* at *2. Having severed all the claims, Judge Seeborg then granted the motions of the three defendants that requested transfer:

> All three defendants have shown that convenience and the interests of justice support the requested transfers under 28 U.S.C. § 1404(a).  The sole basis of SF Tech's opposition to transfer is its contention that all defendants are properly joined in this proceeding.  At oral argument SF Tech expressly acknowledged that there is no basis to deny transfer after severance.

*Id.* Judge Seeborg denied the several motions to dismiss, but pointedly did so <u>without</u> prejudice. *Id.* at *4. He opined that the Federal Circuit's opinion in *Stauffer* may be grounds for renewing any of the several motions to dismiss. *Id.*

Finally, Judge Seeborg stayed all of the non-transferable cases pending before him until the Federal Circuit decides the *Stauffer* case. *Id.*

### II. MOTION TO DISMISS

Colgate-Palmolive (docket # 83) and Bajer Design & Marketing (docket ## 76, 77) have filed motions to dismiss.  The plaintiff's allegations against Church & Dwight are, in all material respects, the same as those against Colgate-Palmolive and Bajer.  Church & Dwight joins in

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT CO., INC.'S MOTION IN THE ALTERNATIVE TO DISMISS, OR TO SEVER AND TRANSFER VENUE, OR TO STAY;
Case No. CV10-00966-JF

3

1 Colgate-Palmolive's and Bajer's motions and asks the Court to dismiss the claims against Church

2 & Dwight for the same reasons.

3 **III. MOTION IN THE ALTERNATIVE TO SEVER AND TRANSFER VENUE TO THE EASTERN DISTRICT OF PENNSYLVANIA**
4

5 If the Court does not dismiss the claims against Church & Dwight, then the Court should

6 sever them and transfer them to the Eastern District of Pennsylvania.

7 **A. Severance Is Proper Under Fed. R. Civ. P. 21**

8 Federal Rule of Civil Procedure 21(a)(2) permits joinder of defendants only if two

9 requirements, both explicitly set forth in the Rule, are met. The first of those requirements is that

10 "any right to relief is asserted against [the defendants] jointly, severally or in the alternative with

11 respect to or arising out of that same transaction, occurrence or series of transactions or

12 occurrences." Fed. R. Civ. P. 21(a)(2)(A). That is simply not the case here, which makes joinder

13 of Church & Dwight with the other defendants named in the complaint improper.

14 As Judge Seeborg explained in the *Adobe* case,

15 > [t]here is no tenable argument that the claims alleged against each of these separate defendants arise out of the 'same transaction, occurrence, or series of transactions or occurrences.' . . . Accordingly, there is simply no basis to join these fourteen defendants in a single suit.
16
17

18 *San Francisco Tech., Inc. v. Adobe Sys., Inc., et al.,* 2010 WL 1463571, at *1 (citing Fed. R. Civ.

19 P. 20(a)). For that same reason, Church & Dwight asks the Court to sever the claims against

20 Church & Dwight.

21 **B. Transfer of Venue to the Eastern District of Pennsylvania Is Proper Under 28 U.S.C. § 1404.**
22

23 As Judge Seeborg noted, SF Tech "expressly acknowledged [at oral argument in the

24 *Adobe* case] that there is no basis to deny transfer after severance." *Id.* at *2.

25 The same is true in this case. This district is more than 2,500 miles away from Church &

26 Dwight's headquarters and could hardly be less convenient and less appropriate for this case, but

27 SF Tech has offered no reason at all for selecting this forum in which to sue Church & Dwight—

28 other than SF Tech's wish to sue many companies here together.

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT CO., INC.'S MOTION IN THE ALTERNATIVE TO DISMISS, OR TO SEVER AND TRANSFER VENUE, OR TO STAY;
Case No. CV10-00966-JF

4

1  Church & Dwight asks that the case be transferred to the Eastern District of Pennsylvania for purposes of judicial economy and convenience because (a) that district is close to Church & Dwight's headquarters and is therefore a convenient district for the vast majority of the discovery that will occur, and (b) it is the district in which an overlapping "expired patent" false marking case is already pending. This Court has the discretion to transfer venue to any requested forum in which the action could have originally been brought, in the interests of justice and convenience to the parties. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

The Eastern District of Pennsylvania is a geographically convenient district. The Philadelphia courthouse in the Eastern District of Pennsylvania is only about 30 miles from Church & Dwight's headquarters in Princeton, New Jersey, well within that court's bulge jurisdiction. All the discovery materials are located in Princeton, New Jersey, as are the Church & Dwight witnesses.

Second, as explained above, Church & Dwight is currently defending an overlapping "expired patent" false marking case in the Eastern District of Pennsylvania, namely the *Hirschhorn* case. If this Court transfers this case to the Eastern District of Pennsylvania, Church & Dwight will move to consolidate it with the *Hirschhorn* case. Such consolidation will both reduce the cost of litigation for all the parties and be more efficient for the court.

For these reasons, the Court should sever the claims against Church & Dwight and transfer venue to the Eastern District of Pennsylvania.

### IV.   MOTION TO STAY PROCEEDINGS

If the Court declines to dismiss and also declines to sever and transfer, then the Court should stay the case for the reasons set forth in the motion to stay filed by Bajer Design & Marketing, Inc. (docket ## 78, 79, 94). In a few months, the Federal Circuit will decide whether federal courts have Article III subject matter jurisdiction over false patent marking cases like this one. If the Federal Circuit affirms the decision of the United States District Court for the Southern District of New York in *Stauffer*, this case will end.

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT CO., INC.'S MOTION IN THE ALTERNATIVE TO DISMISS, OR TO SEVER AND TRANSFER VENUE, OR TO STAY;
Case No. CV10-00966-JF

5

1    Two recent developments may also be of interest to the Court. In the *Adobe* case, as
2  explained above, Judge Seeborg granted the motions to stay, after severing all the claims and
3  transferring the claims of the three defendants that requested transfer. Also, the U.S. District
4  Court of the Northern District of Illinois recently granted a similar motion to stay in *Heathcote*
5  *Holdings Corp. v. Crayola LLC*, No. 10-342, slip op. (N.D. Ill. Apr. 8, 2010).

### V.  CONCLUSION

For all of these reasons, the Court should dismiss the claims against Church & Dwight, or in the alternative, should sever and transfer those claims to the Eastern District of Pennsylvania, or at the very least, the Court should stay the proceedings pending the Federal Circuit's decision in *Stauffer*.

Dated: April 20, 2010                                   Dechert LLP

                                                        By:   /s/ Frederick G. Herold
                                                              Frederick G. Herold

                                                        Attorney for Defendant
                                                        CHURCH & DWIGHT CO., INC.

13777237

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT CO., INC.'S MOTION IN THE ALTERNATIVE TO DISMISS, OR
TO SEVER AND TRANSFER VENUE, OR TO STAY;
Case No. CV10-00966-JF

6