**FOLEY & LARDNER LLP**
LARRY L. SHATZER, *Pro hac vice*
lshatzer@foley.com
3000 K STREET N.W., SUITE 600
WASHINGTON, D.C. 20007-5109
TELEPHONE: 202.672.5300
FACSIMILE: 202.672.5399

**FOLEY & LARDNER LLP**
GINA A. BIBBY, BAR NO. 242657
gbibby@foley.com
975 PAGE MILL ROAD
PALO ALTO, CA 94304-1013
TELEPHONE: 650.856.3700
FACSIMILE: 650.856.3710

Attorneys for Defendant,
HI-TECH PHARMACAL CO. INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>THE GLAD PRODUCTS COMPANY, BAJER DESIGN & MARKETING INC., BAYER CORPORATION, BRIGHT IMAGE CORPORATION, CHURCH & DWIGHT CO. INC., COLGATE-PALMOLIVE COMPANY, COMBE INCORPORATED, THE DIAL CORPORATION, EXERGEN CORPORATION, GLAXOSMITHKLINE LLC, HI-TECH PHARMACAL CO. INC., JOHNSON PRODUCTS COMPANY INC., MAYBELLINE LLC, MCNEIL-PPC INC., MEDTECH PRODUCTS INC., PLAYTEX PRODUCTS INC., RECKITT BENCKISER INC., ROCHE DIAGNOSTICS CORPORATION, SOFTSHEEN-CARSON LLC, SUN PRODUCTS CORPORATION, SUNSTAR AMERICAS INC., <br><br>　　　　Defendants. | Case No. CV10-00966 JF <br><br> **DEFENDANT HI-TECH PHARMACAL CO. INC.'S NOTICE OF MOTION AND MOTION TO SEVER AND TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Date: June 18, 2010 <br> Time: 9:00 a.m. <br> Courtroom: 3, 5th Fl., Hon. Jeremy Fogel <br><br> Complaint Filed: March 5, 2010 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that on June 18, 2010, at 9:00 a.m. before the Honorable Judge Jeremy Fogel, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Hi-Tech Pharmacal Co. Inc. ("Hi-Tech"), by and through its counsel of record, will move the Court pursuant to Federal Rule of Civil Procedure 21 and 28 U.S.C. § 1404(a) for an Order severing and transferring Plaintiff San Francisco Technology, Inc.'s ("SFTI") claim against Hi-Tech to the United States District Court for the Eastern District of New York.

## CONCISE STATEMENT OF RELIEF SOUGHT

Hi-Tech respectfully requests that the claim against it be severed from the claims against other Defendants pursuant to Fed. R. Civ. P. 21, and the case be transferred to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1404(a). This Motion is based upon this Notice, the following Memorandum of Points and Authorities, the concurrently filed Declaration of Gina A. Bibby and documents in support thereof, the pleadings and the papers on file in this action, and upon such other oral argument and documentary evidence as may be presented at the hearing of this Motion.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **INTRODUCTION**

Plaintiff San Francisco Technology, Inc. ("SFTI") has filed a Complaint asserting 21 separate and distinct claims for false patent marking under 35 U.S.C. § 292 against 21 unrelated defendants. These claims fail to meet the requirements for joinder under Fed. R. Civ. P. 20 and should, therefore, be severed under Fed R. Civ. P. 21. Further, SFTI's claim against Hi-Tech should be transferred to the Eastern District of New York under 28 U.S.C. § 1404 because the "center of gravity" for this case is plainly located in New York, where Hi-Tech is located.

Although SFTI chose the Northern District of California, its choice should be given minimal deference because it is a *qui tam* plaintiff that will be required to contribute little, if

---

[1] Simultaneous with the filing of this motion, Hi-Tech has also filed a motion to dismiss or, in the alternative to stay.

anything, to this lawsuit. In contrast, Hi-Tech has no substantial activities in the Northern District of California and it is unlikely that any witnesses or documents relevant to the issues in this case are located in this district. Indeed, all of Hi-Tech's operations and activities relevant to the issues in this case are located in the Eastern District New York. The dockets and pace of this court and the Eastern District of New York are comparable. Thus, the convenience of the parties and witnesses, as well as the interests of justice, support transfer.

## II.  STATEMENT OF ISSUES TO BE DECIDED

Whether SFTI has improperly joined 21 unrelated Defendants in a lawsuit, thereby requiring severance under Fed. R. Civ. P. 21.

Whether the claim against Hi-Tech should be transferred to the United States District Court for the Eastern District of New York under 28 U.S.C. § 1404(a) for the convenience of the parties, the convenience of the witnesses, and in the interests of justice.

## III. STATEMENT OF RELEVANT FACTS

### A.  SFTI'S COMPLAINT AND ITS PRIOR SUIT UNDER § 292

SFTI has sued 21 unrelated Defendants alleging individual and unique violations of 35 U.S.C. § 292. (*See generally,* Compl.) With the exception of being accused of violating the same false marking statute, however, none of the claims against the various Defendants have anything in common with each other. Indeed, only 6 paragraphs from SFTI's 136 paragraph complaint are specifically directed to Hi-Tech. (*See* Compl. ¶¶ 13, 37, 91-94). These allegations do not involve any other Defendant, nor do the allegations against the other Defendants involve Hi-Tech. There are *no* common questions of fact. Nor do the alleged wrongs of Hi-Tech arise out of the same transaction or occurrence as the allegations made against the other Defendants. Instead, each Defendant is individually accused of falsely marking unrelated products, with unrelated patents, at unrelated times.

This is not the first time STFI has sued unrelated defendants under § 292. On December 30, 2009, STFI sued 14 defendants for false marking. *See San Francisco Tech., Inc. v. Adobe Sys., Inc., et. al.*, No. 09-6083, 2010 WL 1463571 (N.D. Cal. Apr. 13, 2010) ("the *Adobe* case"). The complaints in the *Adobe* case and this case are essentially the same.

On April 13, 2010, Judge Seeborg issued a comprehensive order in the *Adobe* case, finding that: (1) the fourteen defendants in that case had been improperly joined and ordering all the claims severed; (2) three of the defendants motions to transfer should be granted; (3) several motions to dismiss should be denied, but without prejudice on the grounds that the U.S. Court of Appeals for the Federal Circuit ruling in the pending appeal in *Stauffer v. Brooks Bros.*, Nos. 2009-1428, 2009-1430 and 2009-1438 might be dispositive; and (4) the non-transferred cases should be stayed until the *Stauffer* case is decided. *Adobe,* 2010 WL 1463571 at *2.

**B.     SPECIFIC ALLEGATIONS AGAINST HI-TECH AND HI-TECH'S MINIMAL CONTACTS WITH CALIFORNIA**

SFTI alleges that Hi-Tech makes and sells Zostrix Neuropathy Crème ("Zostrix"). (Compl. ¶ 92.) SFTI claims that suit is proper in California because Hi-Tech has advertised Zostrix on the Internet and sold Zostrix through nationwide warehouse and retail store chains across the United States, including California. (Compl. ¶ 37.) Nevertheless, Hi-Tech has always had only minimal contact with the State of California. Declaration of Gina A. Bibby ("Bibby Decl."), Ex. A (Declaration of Gary M. ("April Decl.")) at ¶¶ 4 – 15. In addition, Hi-Tech ceased selling Zostrix in October 2009. *Id.* at ¶ 10.

Aside from selling and shipping products throughout the United States, Hi-Tech has virtually no other contact with California and Hi-Tech's contact with California is no greater than any other location in the country where an individual might purchase Hi-Tech's products. Bibby Decl., Ex. A (April Decl.) at ¶ 10. Specifically, Hi-Tech is not registered with the California Secretary of State to do business in California. *Id.* at ¶ 7. Hi-Tech does not own or lease any real property in California. *Id.* at ¶ 8. Hi-Tech does not have any subsidiaries in California. *Id.* at ¶ 9. Hi-Tech has no employees in California. *Id.* at ¶ 6. Hi-Tech did not manufacture or package Zostrix in California. *Id.* at ¶ 11. Hi-Tech has not directly advertised Zostrix in California. Rather, Zostrix has been advertised nationally via national publications and via the website www.zostrix.com. *Id.* at ¶ 12. Neither the website or the national advertisements identify any patents. *Id.* Finally, none of the relevant documents and witnesses with substantive knowledge regarding manufacture, labeling, packaging, marketing, advertising

or sales is located in California. *Id.* at ¶ 13.

### C. HI-TECH'S SIGNIFICANT TIES TO NEW YORK

Hi-Tech is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 369 Bayview Avenue, Amityville, New York 11701. Bibby Decl., Ex. A (April Decl.) at ¶ 4. Hi-Tech is in the business of researching, developing and manufacturing pharmaceutical drug products. *Id.* at ¶ 5. Hi-Tech maintains U.S. facilities in Amityville, New York and Montgomery, Alabama. *Id.* at ¶ 6. All decisions relating to the sale and promotion of Zostrix originates with the officers, managers and employees located in New York. *Id.* at ¶ 15. Further, Hi-Tech's advertising and marketing is handled out of its New York headquarters. *Id.* at ¶ 16.

Because of Hi-Tech's significant ties with New York, virtually every witness that could conceivably have knowledge about the allegations in SFTI's Complaint against Hi-Tech is located in New York. Moreover, most, if not all, of Hi-Tech's documents relevant to the issues in this case (patent marking on packaging, sales records etc….) are located in at its New York headquarters. *Id.* at ¶ 13.

## IV. ARGUMENT

### A. SEVERANCE OF THE CLAIM AGAINST HI-TECH FROM CLAIMS AGAINST OTHER DEFENDANTS IS PROPER UNDER FEDERAL RULE OF CIVIL PROCEDURE 21.

#### 1. SFTI's Claims Against Hi-Tech Should Be Severed Because The Requirements For Permissive Joinder Do Not Exist.

Federal Rule of Civil Procedure 21 provides "…On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Severance of claims is proper due to misjoinder where the preconditions for permissive joinder under Federal Rule of Civil Procedure 20(a) are absent. *Wright, Miller & Kane,* Federal Practice and Procedure: Civil 3d, § 1683.

Federal Rule of Civil Procedure 20(a) provides, in relevant part:

> (2) Defendants.
> Persons — as well as a vessel, cargo, or other property subject to admiralty process in rem — may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or

>in the alternative with respect to or arising out of the same
>transaction, occurrence, or series of transactions or occurrences;
>and
>(B) any question of law or fact common to all defendants will arise
>in the action.

Thus, a party desiring joinder must assert: (1) a right to relief based on the same transaction or occurrence, and (2) a common question of law or fact with respect to all parties. *Desert Empire Bank v. Ins. Co. of No. Am.,* 623 F.2d 1371, 1375 (9th Cir. 1980); *Wynn v. National Broadcasting Co.,* 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002). These requirements must be satisfied in order to allow for joinder under Rule 20(a). *Wynn*, 234 F. Supp. 2d 1078. Notably, common questions of law or fact do not exist merely because claims against all defendants are based on the same general theory of law. *Id*. at 1080-81; *Martinez v. Safeway Stores, Inc.,* 66 F.R.D. 446, 449 (N.D. Cal. 1975).

Here, SFTI cannot meet and, indeed, has not alleged the requirements for permissive joinder, as it does not satisfy the common transaction or occurrence requirement. Defendants' alleged violations relate to different products, marked with different patent numbers, marked by different Defendants at different times.  Nor are there common question of law or fact among the Defendants. The only thing tying the Defendants together is the alleged violation of the same statute. This does not suffice under Rule 20(a). *See Wynn*, 234 F. Supp. 2d 1080-81.

Indeed, as the Judge Seeborg found in identical circumstances the *Adobe* case:

>[t]here is no tenable argument that the claims alleged against each
>of these separate defendants arise out of the 'same transaction,
>occurrence, or series of transactions or occurrences.' . . .
>Accordingly, there is simply no basis to join these fourteen
>defendants in a single unit.

*San Francisco Tech., Inc. v. Adobe Sys., Inc., et. al.,* 2010 WL 1463571, at *1. Accordingly, severing SFTI's claim against Hi-Tech is appropriate.

### 2. SFTI's Complaint Against Hi-Tech Should Be Severed Because This Case Would Result In Jury Confusion.

Even if SFTI could meet the requirements for joinder, discretionary severance would be appropriate because allowing the case to proceed against the numerous unrelated Defendants would result in jury confusion, judicial inefficiency, and unfair prejudice. *See Wynn,* 234 F.

Supp. 2d at 1088 (citing *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir. 2000)). In *Wynn*, similar to the facts here, the plaintiffs attempted to bring suit against 51 separate defendants in a single suit. *See id.* at 1074. The Court held that this was inappropriate as it would complicate and confuse the issues for all involved because, among other things, the case "would present the jury with the hopeless task of trying to discern who did and said what to whom and for what reason." *Id*. at 1089. The Court further recognized the significant prejudice that could result from the substantial risk that one defendant would be tainted by the alleged misdeeds of another. *Id*.

Here, joinder would be equally difficult and confusing for the jury, who would be required to recall the salient facts concerning 21 different defendants who have nothing in common. Additionally, because "intent to deceive" is a required element of an action under 35 U.S.C. § 292, there is a substantial risk that any alleged intent to deceive by one defendant could be improperly attributed to a codefendant. In these circumstances, severance under Fed. R. Civ. P. 21 is appropriate.

**B.     TRANSFER OF THIS CASE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK IS PROPER UNDER 28 U.S.C. § 1404(a).**

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

To support a motion to transfer, the moving party must establish that venue is proper in the transferor district, the transferee district is one where the action might have been brought, and the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. *Johns v. Panera Bread Co.,* 2008 WL 2811827, at *1 (N.D. Cal. July 21, 2008). Here, there can be no legitimate dispute about the first two factors: SFTI has alleged that venue is proper in this district, (Compl. ¶ 25), and the action plainly could have been brought in the Eastern District of New York as Hi-Tech has its principal place of business in Amityville, New York . *See* 28 U.S.C. § 1391; Bibby Decl., Ex. A (April Decl.) at ¶ 4.

Thus, the only issue is whether transfer will serve the convenience of the parties and

witnesses and promote the interests of justice.  Under Section 1404(a), the district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000). The court can weigh multiple nonexclusive factors in determining whether transfer is appropriate, including: (1) the location where the relevant agreements were negotiated or executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of witnesses, and (8) the ease of access to sources of proof. *Id*. at 498-99. The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Johns,* 2008 WL 2811827, at *1 (citing *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964)).

For purposes of this case, the most relevant factors are (3), (4), (5), (6), (7), and (8). The only factor conceivably supporting this Court as the proper forum is SFTI's chose of this forum. As discussed fully below, however, the weight afforded to this factor should be significantly reduced given SFTI's status as a *qui tam* plaintiff. In any event, any weight that may be accorded this one factor is insufficient to preclude transfer because the case's "center of gravity" is so squarely tied to New York.

### 1. Plaintiff's Choice of Forum Should Not Control This Case.

While Plaintiff's choice of forum is generally accorded substantial weight, there are circumstances where such weight is diminished. These circumstances include class action suits, *Johns,* 2008 WL 2811827 at *2-3; instances of forum shopping, *Williams v. Bowman,* 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); and cases where plaintiff's forum choice is based on convenience of counsel, *Zimpelman v. Progressive Northern Ins. Co.,* No. 09-03306, 2010 WL 135325, *1 (N.D. Cal. Jan. 8, 2010). For example, in *Johns,* the court held that the plaintiff's decision to seek to represent a nationwide class substantially undercut the deference normally accorded.  *Johns,* 2008 WL 2811827 at *2. Relying on the Supreme Court's decision in *Koster v.*

*Am. Lumbermans Mut. Cas. Co.,* 330 U.S. 518 (1947), which held that "where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened," the district court gave the plaintiffs forum choice "little deference" and then transferred the case to the defendant's home forum.

Here, while not a class action, the policy that underlies the *Johns* Court's decision applies with equal force. 35 U.S.C. § 292 allows an action to be brought by "any person" (who can establish constitutional standing). Because it is a *qui tam* plaintiff, with no individual injury, the mere fact that SFTI happens to be located in this forum and wishes to litigate here should be given little, if any, deference. Further, the inconvenience to SFTI of litigating in New York is virtually nil because, as a *qui tam* plaintiff, SFTI will be required to contribute little, if anything, to this lawsuit. As in the class action context, the minimal inconvenience to SFTI of litigating in New York does not outweigh the inconvenience to Hi-Tech of litigating in California.

### 2. The Parties' and This Action's Respective Contacts With New York And California Supports Transfer To New York

As discussed above, the contacts between this forum and the claim against Hi-Tech are minimal. While Zostrix was available in California, Hi-Tech did not maintain any other significant presence in California. Bibby Decl. (April Decl.) at ¶¶ 4-15. More importantly, none of Hi-Tech's limited contacts with California have anything to do with the allegations in this case because Hi-Tech's patent marking decisions and activities all originated in New York. *Id.* at ¶ 13. Hi-Tech's and this case's contacts with New York are, therefore, extremely significant.

### 3. The Costs of Litigation Supports Transfer to New York

According to the Judicial Caseload profiles generated by the Administrative Office of the U.S. Courts, the dockets and time to disposition and trial for this Court and the U.S. District Court for the Eastern District of New York are comparable. *See* www.uscourts.gov. Because virtually all of the witnesses and documents are likely located at or near Amityville, however, with none in this district, the overall litigation costs will be reduced by trying this case in the Eastern District of New York rather than San Francisco.

### 4. Convenience of Witnesses Strongly Supports Transfer to New York

The relative convenience to the witnesses is often recognized as the most important factor considered on a motion under §1404(a). *Morris v. Safeco Ins. Co.,* 2008 WL 5273719 at *4 (N.D. Cal. Dec. 19, 2008). In analyzing whether transfer of a case would serve the convenience of witnesses, the Court must look at who the witnesses are, the nature of what the testimony will be, and why such testimony is relevant or necessary. *Johns,* 2008 WL 2811827 at *3. Here, the relevant witnesses are Hi-Tech employees located in New York. There should be no witnesses from (or anywhere near) California.  Thus, convenience of the witnesses strongly favors transfer to New York.

### 5. The Ease of Access to Proof Supports Transfer to New York

"Litigation should proceed where the case finds it's center of gravity," *i.e.* where the majority of the documents and witnesses are located. *Johns,* 2008 WL 2811827 at *5. Most, if not all, documents pertaining to Hi-Tech's alleged activities are located in New York.  Bibby Decl., Ex. A (April Decl.) at ¶ 13.  There should be no Hi-Tech documents located in California. Additionally, as explained above, the likely witnesses are in New York. In short, every source of proof is located in New York and most easily accessible there.

## V. CONCLUSION

For the foregoing reasons, Hi-Tech respectfully requests that its motion to sever and transfer to the United States District Court for the Eastern District of New York be granted, should the Court deny Hi-Tech's motion to dismiss and motion to stay.

Dated:  May 12, 2010                                **Foley & Lardner LLP**

By: */s/ Gina A. Bibby*
    Gina A. Bibby
    Attorneys for Defendant
    Hi-Tech Pharmacal Co. Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2010, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                            /s/ *Gina A. Bibby*
                                                       Gina A. Bibby