**FOLEY & LARDNER LLP**
LARRY L. SHATZER, *Pro hac vice*
lshatzer@foley.com
3000 K STREET N.W., SUITE 600
WASHINGTON, D.C. 20007-5109
TELEPHONE:  202.672.5300
FACSIMILE:  202.672.5399

**FOLEY & LARDNER LLP**
GINA A. BIBBY, BAR NO. 242657
gbibby@foley.com
975 PAGE MILL ROAD
PALO ALTO, CA 94304-1013
TELEPHONE:  650.856.3700
FACSIMILE:  650.856.3710

Attorneys for Defendant,
HI-TECH PHARMACAL CO. INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC., <br><br>         Plaintiff, <br><br>     v. <br><br> THE GLAD PRODUCTS COMPANY, BAJER DESIGN & MARKETING INC., BAYER CORPORATION, BRIGHT IMAGE CORPORATION, CHURCH & DWIGHT CO. INC., COLGATE-PALMOLIVE COMPANY, COMBE INCORPORATED, THE DIAL CORPORATION, EXERGEN CORPORATION, GLAXOSMITHKLINE LLC, HI-TECH PHARMACAL CO. INC., JOHNSON PRODUCTS COMPANY INC., MAYBELLINE LLC, MCNEIL-PPC INC., MEDTECH PRODUCTS INC., PLAYTEX PRODUCTS INC., RECKITT BENCKISER INC., ROCHE DIAGNOSTICS CORPORATION, SOFTSHEEN-CARSON LLC, SUN PRODUCTS CORPORATION, SUNSTAR AMERICAS INC., <br><br>         Defendants. | Case No. CV10-00966 JF <br><br><br> **DEFENDANT HI-TECH PHARMACAL CO. INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Date:  June 18, 2010 <br> Time:  9:00 a.m. <br> Courtroom:  3, 5th Fl., Hon. Jeremy Fogel <br><br> Complaint Filed: March 5, 2010 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that on June 18, 2010, at 9:00 a.m. before the Honorable Judge Jeremy Fogel, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Hi-Tech Pharmacal Co. Inc. ("Hi-Tech"), by and through its counsel of record, will move the Court pursuant to Fed. R. Civ. P. 12(b)(1) for an Order dismissing Plaintiff San Francisco Technology Inc.'s ("SFTI") Complaint against Hi-Tech.  This Motion is based on the Memorandum of Points and Authorities herein, the pleadings and papers on file in this action, such matters as the Court may take judicial notice, and argument and evidence to be presented at the hearing on this Motion.

## CONCISE STATEMENT OF RELIEF SOUGHT

Concurrent with the filing of this motion, Hi-Tech has filed a Motion to Sever and Transfer Venue to the Eastern District of New York.  Hi-Tech respectfully requests that the Court decide that motion before addressing whether plaintiff has properly established Article III standing.  In the event that the Court decides the pending motions in some other order, however, by this motion, Hi-Tech seeks dismissal of SFTI's claims against Hi-Tech pursuant to Fed. R. Civ. P. 12(b)(1) on the ground that SFTI does not and cannot allege any cognizable injury in fact that would support Article III standing.  Accordingly, this Court lacks subject matter jurisdiction and must dismiss under Fed. R. Civ. P. 12(b)(1).[1]  Alternatively, Hi-Tech requests that this Court stay this action pending resolution of the appeal of *Stauffer v. Brooks Bros., Inc.,* Appeal Nos. 2009-1428, 2009-1430, and 2009-1453, by the U.S. Court of Appeals for the Federal Circuit.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

In this case, SFTI alleges that Hi-Tech and 20 other defendants violated the False Marking Statute, 35 U.S.C. § 292, which imposes civil penalties for intentional acts of marking

---

[1]      Hi-Tech understands that STFI has agreed to stay this action as to some defendants. STFI, however, made its agreement to the stay conditional on each defendant agreeing to waiver any challenge to jurisdiction or venue.  Hi-Tech was not willing to waive its right to contest venue, which it has done in its separately filed Motion to Sever and Transfer.

"unpatented" articles with U.S. patent numbers.  With regard to Hi-Tech's alleged violations, SFTI contends that "Hi-Tech Pharmacal marks the packages in which its Zostrix Neuropathy Cream products are sold 'Covered by U.S. Patent No 4,997,853.'" Compl. at ¶ 92. SFTI claims that this product falsely marked because this patent has expired and further alleges, albeit without any supporting facts, that Hi-Tech purposefully marked these products to deceive the public.  *Id.* at ¶ 94.

SFTI, however has alleged only a violation of the law and nothing more.  Conspicuously absent from SFTI's voluminous complaint is any allegation that anyone, anywhere has suffered a cognizable injury in fact that would make SFTI's claims justiciable under Article III. Accordingly, Hi-Tech requests that the Court dismiss the complaint as to Hi-Tech because SFTI does not (and cannot) allege facts that would support SFTI's Article III standing.

## II.   STATEMENT OF ISSUES TO BE DECIDED

Whether SFTI has alleged a concrete, particularized injury in fact to itself, the public, or the economy of the United States that would support *qui tam* Article III standing under 35 U.S.C. § 292(b).

## III.   STATEMENT OF RELEVANT FACTS

On March 5, 2010, SFTI filed its 25 page, 136 paragraph complaint that alleges that 21 different defendants engaged in false marking under 35 U.S.C. § 292.  (D.I. 1).

SFTI's pleadings against each defendant, including Hi-Tech, follow a common theme. Specifically, STFI alleges that because the numbers of expired patents appear on products in the stream of commerce, on information and belief, each defendant intentionally decided to mark the products in question with the expired patent number.  SFTI further alleges—solely "[u]pon information and belief" and without any supporting factual allegations—that each defendant "mark[ed] its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent."  *See, e.g.,* Comp. ¶ 94.  SFTI concludes by alleging that each defendant "falsely marked its products with intent to deceive the public."  *Id.*

Nowhere in SFTI's complaint does SFTI allege an injury in fact.  Specifically, SFTI does

not allege that it has suffered a personal injury in fact, that the public has suffered an injury in fact, or even that the economy of the United States has suffered an injury in fact.  Nor does SFTI allege that any such injuries in fact are imminent or even likely or probable.

## IV.   ARGUMENT

### A.   THE COURT SHOULD DISMISS SFTI'S COMPLAINT UNDER RULE 12(B)(1) FOR LACK OF SUBJECT MATTER JURISDICTION.

SFTI bears the burden "to allege facts demonstrating that [it] is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."  *Warth v. Seldin*, 422 U.S. 490, 518 (1975).  All plaintiffs—including *qui tam* relators—must have Article III standing.  *Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000).  If a plaintiff lacks standing, the court lacks subject matter jurisdiction and ***must*** dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Thomas v. Mundell*, 572 F.3d 756, 764 (9th Cir. 2009); *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 974 (9th Cir. 2009).

Article III standing has been called "the most basic doctrinal principle" because the Constitution restricts federal judicial power to hear only real cases and controversies.  *Spring Commc'ns Co., L.P. v. APCC Servs., Inc.*, --- U.S. ---, 128 S.Ct. 2531, 2535 (2008).  Article III standing ensures that this case-or-controversy requirement is met.  *Id.*

To satisfy Article III standing, SFTI must establish that three requirements are met: injury in fact, causation, and redressability.  *Vermont Agency*, 529 U.S. at 771.  "These requirements together constitute the 'irreducible constitutional minimum' of standing, which is an 'essential and unchanging part' of Article III's case-or-controversy requirement, and a key factor in dividing the power of government between the courts and the two political branches."  *Id.* (internal citations omitted).

The first requirement, injury in fact, must be "concrete and particularized" and cannot be "conjectural or hypothetical."  *Id.*; *see also Lujan v. Defenders of Wildlife, Inc.*, 504 U.S. 555, 560 (1992); *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990); *Rivas v. Rail Delivery Serv., Inc.*, 423 F.3d 1079, 1082 n.1 (9th Cir. 2005); *4805 Convoy, Inc. v. City of San Diego*, 183 F.3d 1108, 1111-12 (9th Cir. 1999).  Indeed, injury in fact is "the hard floor of Article III jurisdiction that

-3-

cannot be removed by statute." *Summers v. Earth Island Inst.*, --- U.S. ---, 129 S. Ct. 1142, 1152 (2009).  If SFTI fails to present sufficient facts in the complaint to establish an injury in fact, the complaint must be dismissed.  *Lujan,* 504 U.S. at 561 (1992); *Warth*, 422 U.S. at 518; *Rivas,* 423 F.3d at 1082-83.

The fact that 35 U.S.C. § 292(b) is a *qui tam* statute does not relieve SFTI of its obligation to satisfy the irreducible constitutional minimum of Article III standing.  *See Vermont Agency*, 529 U.S. at 771.  *Qui tam* relators, who by definition suffer no "injury in fact" themselves, must nonetheless allege an assignable injury in fact to support *qui tam* Article III standing.  *Id.* at 773-74.  Absent an assignable injury in fact to the public or the United States in the first instance, there is no *qui tam* Article III standing.

1.     **The Court Should Dismiss SFTI's Complaint Because SFTI Does Not Plead An Injury In Fact.**

Under 35 U.S.C. § 292, SFTI must plead an assignable injury in fact that has been suffered by the public or the United States.  *Stauffer v. Brooks Bros., Inc.*, 615 F. Supp. 2d 248, 254 (S.D.N.Y. 2009).  In *Stauffer*, the court dismissed a *qui tam* relator's complaint under 35 U.S.C. § 292, where the relator pled only vague and generalized allegations of harm, *viz.*, that defendants' conduct "ha[d] 'wrongfully quelled competition with respect to [the marked products] thereby causing harm to the economy of the United States[]'" and that defendants "wrongfully and illegally advertis[ed] patent monopolies that they do not possess" and "ha[d] 'benefitted [sic] in at least maintaining their considerable market share . . . ." *Id.*  The court held that these conclusory statements were "insufficient to establish anything more than the sort of 'conjectural or hypothetical' harm that the Supreme Court instructs is insufficient."  *Id.* at 255 (quoting *Summers*, 129 S. Ct. at 1151-52; *Lujan*, 504 U.S. at 566).  The court concluded, "[t]hat some competitor might somehow be injured at some point, or that some component of the United States economy might suffer some harm through defendants' conduct, is purely speculative and plainly insufficient to support standing." *Id.*[2]

_____

[2]     The decision in *Pequignot v. Solo Cup Co.*, 640 F. Supp. 2d 714 (E.D. Va. 2009), is not to the contrary.  In *Solo Cup*, the defendant alleged that 35 U.S.C. § 292(b) lacks sufficient

Here, the deficiencies in SFTI's complaint are **even greater** than those in the complaint that the court dismissed in *Stauffer*. SFTI fails to allege **any** injury in fact, to anyone, that would support its Article III standing under 35 U.S.C. § 292(b), much less a "purely speculative" injury in fact. SFTI's failure to even **attempt** to allege that anyone, anywhere has suffered any injury in fact, is fatal to SFTI's Article III standing. *Stauffer*, 615 F. Supp. 2d at 254.

### 2. The Court Should Dismiss SFTI's Complaint Without Leave To Amend Because SFTI Cannot Plead An Injury In Fact.

Under circumstances where it is clear that a party cannot file an amended complaint to cure subject matter jurisdiction deficiencies, a court may dismiss the complaint without leave to amend. *See Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125, 1136 (9th Cir. 2002) (affirming dismissal of action for lack of subject matter jurisdiction without leave to amend); *see also* Fed. R. Civ. P. 15(a)(2); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming dismissal where "it was clear that the plaintiffs had made their best case and had been found wanting"). Dismissal without leave to amend is warranted here for at least two reasons.

*First,* SFTI did not, and cannot, identify any concrete and particularized harm to itself, the public, or the United States economy that would support Article III standing. SFTI cannot plead a personal injury in fact. SFTI's pleadings do not hint that there has ever been (or ever will be) any quantifiable injury to the public or the United States economy caused by Hi-Tech's alleged conduct. Nor did SFTI allege that any actual competitor of Hi-Tech (or any other entity or person for that matter) has suffered or will suffer any harm due to Hi-Tech's alleged conduct.

Indeed, SFTI cannot allege any such harm because to do so would defy reality. SFTI has accused Hi-Tech of falsely marking an expired patents number on its Zostrix Neuropathy Cream. This product is sold in competitive retail markets. There is no possibility that Hi-Tech's competitors, consumers, or any member of the public could be deceived and, therefore, harmed

procedural safeguards, and on that ground, it violated **Article II**. *See id.* at 720-28. By this motion, Hi-Tech is not raising an Article II challenge to the statute. Rather, Hi-Tech points out that SFTI, like any plaintiff in any civil case, *Lujan*, 504 U.S. at 566, or any relator in any *qui tam* action, *Vermont Agency*, 529 U.S. at 771, must satisfy the injury in fact requirement of **Article III**. SFTI has failed to do so here, and lacks Article III standing.

by an expired patent number marked on the products or packages because the salient information about patents is readily available via a simple internet search.

   *Second,* SFTI cannot evade the basic injury-in-fact requirement of Article III by claiming it has standing to sue for alleged violations of the law wholly divorced from any concrete and particularized injury in fact.  Legions of cases hold that to confer Article III standing, a private party ***cannot*** rely on an abstract interest in seeing that the laws are not violated.  *Lance v. Coffman*, 549 U.S. 437, 442 (2007) ("The only injury plaintiffs allege is that the law … has not been followed.  This injury is precisely the kind of undifferentiated, generalized grievance … that we have refused to countenance in the past."); *FEC v. Akins*, 524 U.S. 11, 24 (1998) (An "abstract" harm such as "injury to the interest in seeing that the law is obeyed … deprives the case of the concrete specificity" necessary for standing; *Lujan*, 504 U.S. at 573-74 ("[H]arm to … every citizen's interest in the proper application of the Constitution and laws … does not state an Article III case or controversy.").

   In the same vein, SFTI cannot privately exercise the government's duty to ensure the laws are faithfully obeyed.  *See Stauffer*, 615 F. Supp. 2d at 254 n.5 ("[T]he Court doubts that the Government's interest in seeing its laws enforced could alone be an assignable, concrete injury in fact sufficient to establish a *qui tam* plaintiff's standing.") (citation omitted); *see also* Miriam E. Gilles, *Representational Standing:  U.S. ex rel. Stevens and the Future of Public Law Litigation*, 89 Cal. L. Rev. 315, 344 (2001) ("[C]laims seeking to vindicate the government's non-proprietary, sovereign interests are not assignable.").

   The Supreme Court explained this principle when it addressed a "citizen-suit" provision of the Endangered Species Act, 16 U.S.C. § 1540(g) ("ESA"), which provided that "any person may commence a civil suit on his own behalf … to enjoin any person … who is alleged to be in violation of any provision of this chapter."  *Lujan*, 504 U.S. at 571-72.  In holding that the plaintiff lacked Article III standing, the Court found that Article III does not permit conversion of

> the public interest in proper administration of the laws . . . into an individual right by a statute that denominates it as such, and that permits all citizens . . . to sue.  If the concrete injury requirement has the separation-of-powers significance we have always said, the

answer must be obvious:  To permit Congress to convert the undifferentiated public interest in executive officers' compliance with the law into an 'individual right' vindicable in the courts is to permit Congress to transfer from the President to the courts the Chief Executive's most important constitutional duty, to 'take Care that the Laws be faithfully executed,' Art. II, § 3.

*Id.* at 576-77.  *See Allen v. Wright*, 468 U.S. 737, 761 (1984) ("The Constitution … assigns to the Executive Branch, and not to the Judicial Branch, the duty to 'take Care that the Laws be faithfully executed.'  U.S. Const., Art. II, § 3.  We could not recognize respondents' standing in this case without running afoul of that structural principle."); *see also Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471-76 (1982) (explaining that Article III's "case or controversy" requirement circumscribes Judicial Branch powers under separation of powers doctrine); *see generally* Tara Leigh Grove, *Standing as an Article II Nondelegation Doctrine*, 11 U. Pa. J. Const. L. 781 (2009) (explaining that Article III reinforces Article II nondelegation doctrine by prohibiting private prosecutorial discretion for violations of law, except for those private parties who can show a cognizable injury in fact).

Notwithstanding *Stauffer,* the Supreme Court authority and the commentary discussed above,  Hi-Tech is aware of a footnote in the *Solo Cup* decision that seems to assume, without deciding, that a false marking claimant might have Article III standing based solely on an alleged violation of the law.  640 F. Supp. 2d at 724 n.15.  Hi-Tech submits that the *Solo Cup* footnote does not save SFTI from its lack of Article III standing for at least four reasons.

*First*, the *Solo Cup* footnote was dicta.  The main thrusts of the *Solo Cup* decision were (1) whether 35 U.S.C. § 292(b) was a *qui tam* statute and (2) the constitutionality of 35 U.S.C. § 292(b) under Article II, ***not*** the relator's lack of Article III standing.  *See id.* at 720-28.  *Second*, neither the *Solo Cup* footnote nor the *Solo Cup* decision is binding on this Court.  *Third*, the *Solo Cup* footnote conflicts with the weight of applicable authority, as discussed above.  *Fourth*, the *Solo Cup* footnote's reasoning was flawed because it erroneously said that *Vermont Agency* did not distinguish sovereign injury from proprietary injury.  *Id.* at 724 n.15.  In fact, *Vermont Agency **did*** distinguish between the two by separately defining "the injury to its sovereignty arising from violation of its laws (which suffices to support a criminal lawsuit by the

-7-

Government) and the proprietary injury resulting from the alleged fraud."  529 U.S. at 771.  The Court held only that the *proprietary* injury could be assigned to a private party for Article III standing purposes.  *See id.* at 773 (holding that False Claims Act "effect[ed] a partial assignment of the Government's *damages claim*") (emphasis added).  The Court did *not* hold that a sovereign injury, *i.e.*, the source of the government's ability to enforce its criminal laws, could be assigned to a private party for Article III standing purposes.

In sum, SFTI does not, and cannot, allege that anyone has been injured by Hi-Tech's patent marking.  And, even if SFTI were to allege in response to this motion that it has Article III standing because laws have been violated or because it can privately exercise the government's duty to see that the laws are faithfully obeyed—which it did not allege in the Complaint—such allegations fail as a matter of law in view of the ample Supreme Court jurisprudence discussed above.

## V.   ALTERNATIVELY THIS MATTER SHOULD BE STAYED PENDING RESOLUTION OF THE APPEAL IN *STAUFFER*

If the Court is not inclined to dismiss this action at this time due to the pendency of the appeal in *Stauffer*, then Hi-Tech respectfully requests that the claims against it be stayed pending the outcome of the *Stauffer* appeal.  This Court has the inherent power "to control the diposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936).  In determining whether to stay this Court should consider whether doing so would "cause under prejudice or present a clear tactical disadvantage to the non-moving party."  *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1380 (*quoting GPAC, Inc. v. DWW Enterprises, Inc.*, 144 F.R.D. 60, 66 (D. N.J. 1992)).  In addition, this Court should consider "the stage of the litigation, [whether] discovery [is] or [will] be completed, [and whether] the matter [has] been marked for trial. *Id.*

STFI will not be prejudiced by any stay as it only seeks monetary penalties under the statute and has not alleged any injury.  Indeed it would conserve the resources of both the parties and the Court to stay this case pending the CAFC's decision in *Stauffer*.  In contrast, Hi-Tech will be prejudiced if this action is not stayed because it will be forced to engage in costly

discovery that may not be necessary depending on the outcome of the *Stauffer* appeal. Moreover, this case is at its earliest stages, no discovery has been conducted and there is no case schedule or trial date set.

As another defendant in this action has already shown, other courts have stayed false marking cases in order to await the *Stauffer* decision. *See Request for Judicial Notice in Support of Defendant Bajer Design & Marketing, Inc.'s Motion to Dismiss and Motion to Stay* [D.I. 79] attaching following decisions: *Public Patent Found, Inc. v. Glaxosmithkline Consumer Healthcare,L.P.,* No. 09 Civ. 5881, Slip. Op. (S.D.N.Y. Feb. 17, 2010); *Brule Research Associates Team, LLC v. A.O. Smith Corp.,* Case No. 08-C-1116 (E.D. Wis. 2009), Slip. Order, Dkt. 41.

## VI.   **CONCLUSION**

The Court should dismiss SFTI's complaint without leave to amend because SFTI cannot allege a cognizable injury in fact to support Article III standing.  Alternatively, this Court should stay this action pending the outcome of the *Stauffer* appeal at the CAFC.

Dated:  May 12, 2010                                    **Foley & Lardner LLP**


                                                         By: */s/ Gina A. Bibby*
                                                              Gina A. Bibby
                                                              Attorneys for Defendant
                                                              Hi-Tech Pharmacal Co. Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2010, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/ *Gina A. Bibby*
Gina A. Bibby