RICHARD B. GOETZ (State Bar No. 115666)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-Mail:    rgoetz@omm.com

ROBERTA H. VESPREMI (State Bar No. 225067)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California 94025
Telephone: (650) 473-2600
Facsimile: (650) 473-2601
E-Mail:    rvespremi@omm.com

STEVEN A. ZALESIN (*admitted pro hac vice*)
IRENA ROYZMAN (*admitted pro hac vice*)
KRISTA CANER (*admitted pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 336-2000
Facsimile:  (212) 336-2222
E-Mail:    szalesin@pbwt.com
           iroyzman@pbwt.com
           kcaner@pbwt.com

Attorneys for Defendant
MCNEIL-PPC, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE GLAD PRODUCTS COMPANY, et al.,<br><br>Defendants. | Case No. 5:10-cv-00966-JF<br><br>**DEFENDANT MCNEIL-PPC, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY, OR IN THE ALTERNATIVE DISMISS OR SEVER**<br><br>Date:  July 8, 2010<br>Time:  9:00 a.m.<br>Place: Courtroom 3, 5th Floor<br>Judge: Hon. Jeremy Fogel |

Defendant McNeil-PPC, Inc. ("McNeil") respectfully submits this reply memorandum in further support of its motion to stay the proceedings against it pending resolution of *Stauffer v. Brooks Brothers, Inc.*, No. 2009-1428, 2009-1430, 2009-1453 (Fed. Cir.) ("*Stauffer*") or, in the alternative, to dismiss plaintiff San Francisco Technology, Inc.'s ("SFT's") claims against McNeil pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or to sever them under Fed. R. Civ. P. 21.

## I. THIS CASE SHOULD BE STAYED PENDING THE FEDERAL CIRCUIT'S RESOLUTION OF *STAUFFER*

As demonstrated in McNeil's opening brief (D.I. 180 at 6-8), this case should be stayed pending the Federal Circuit's disposition of *Stauffer*, which will determine the requirements for standing to bring an action such as this one for false patent marking. Affirmance of *Stauffer* will entirely dispose of this action. The *Stauffer* appeal is now fully briefed and oral argument is scheduled for August 3, 2010. A stay will promote judicial economy, prevent unnecessary expenditure of resources and cause no prejudice to SFT. The possibility that *Stauffer* could be reversed "does not support expending party and court resources in the interim." *S.F. Tech., Inc. v. Adobe Sys., Inc.*, 2010 WL 1463571, at *3 (N.D. Cal. Apr. 13, 2010) ("*Adobe*").

SFT's opposition to a stay (D.I. 213) is baseless. As in its earlier *Adobe* action, SFT "has not identified any particular prejudice it will suffer from a stay." 2010 WL 1463571, at *4. The court in *Adobe* stayed SFT's barrage of false patent marking claims pending the outcome of *Stauffer. Id.* Many other courts have done the same.

In fact, SFT has stipulated to stay this case as to seven of the 21 defendants. D.I. 189; D.I. 238. In doing so, SFT acknowledged that the court's reasoning in staying the *Adobe* action "is equally applicable to this proceeding." D.I. 189 at 2; D.I. 238 at 2 (same). SFT's agreement to stay its claims as to other defendants shows that it will not be prejudiced by a stay here.

In opposing a stay of its claims against the non-stayed defendants, SFT argues that "no further stay [in light of *Stauffer*] can be appropriate" because the Federal Circuit

implicitly decided the standing issue raised by that appeal in *Pequignot v. Solo Cup. Co.*, No. 2009-1547, 2010 WL 2346649 (Fed. Cir. June 10, 2010).  D.I. 213 at 1; *see also* D.I. 212 at 1-2.  SFT further contends that the "Federal Circuit has already blessed *qui tam* standing under the false marking statute" in *Forest Group Inc. v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009).  D.I. 213 at 1.

Contrary to SFT's argument, the fact that the court did not raise the issue *sua sponte* in *Pequignot* does not suggest that the Federal Circuit has decided that standing is present where, as here, no actual injury to anyone has been alleged.  The Federal Circuit presumably knows that the *Stauffer* appeal is just weeks away from oral argument.  It is hardly surprising that the court did not take up the standing issue – which was not briefed by the parties – in connection with its resolution of *Pequignot*.

SFT's reliance on *Forest* is similarly misplaced.  *Forest* does not address standing.  It involved two competitors and allegations of competitive harm, so standing was never at issue.  In discussing the recent surge in false patent marking litigation, *Forest* notes that section 292, as a *qui tam* statute, allows cases to be brought by "plaintiffs who have not suffered any direct harm."  590 F.3d at 1303.  *Forest* nowhere suggests that section 292 allows actions to be brought where there has been no actual injury to anyone.

SFT's argument is also flatly contradicted by its own behavior in this case.  SFT voluntarily executed two stipulations to stay this action pending resolution of *Stauffer* after the Federal Circuit entered its decision in *Forest*.  D.I. 189; D.I. 238.  One of these stipulations was filed subsequent to the Federal Circuit's recent decision in *Pequignot*.  D.I. 238.  Both stipulations point out that the *Stauffer* appeal presents "an issue of first impression."  D.I. 189 at 2; D.I. 238 at 2.  In light of these stipulations, SFT's claim that the Federal Circuit has "already decided" the threshold issue of standing in actions such as this one is demonstrably false.

For all of these reasons, a stay should be entered pending the Federal Circuit's imminent disposition of *Stauffer*.

## II. SFT'S CLAIMS AGAINST MCNEIL SHOULD BE DISMISSED

### A. SFT Lacks Standing To Bring this Action

If the Court does not stay this action, then SFT's claims against McNeil should be dismissed. As demonstrated in McNeil's initial brief (D.I. 180 at 8-12), SFT does not allege an actual injury to anyone. SFT does not argue otherwise. Instead, SFT summarily asserts that *Pequignot* and *Forest* support standing in this case. D.I. 212 at 1-3. As discussed above, neither case supports the proposition that standing is present where, as here, no actual injury to anyone has been alleged and no such injury can ever be proved. Without an injury in fact, there is no federal jurisdiction.

With no injury to anyone to plead, SFT argues that an injury in fact is not required because "harm is not an element of a claim for false marking." D.I. 212 at 2. This turns the law of standing on its head. Article III standing is a threshold requirement that any plaintiff in any action must meet. All plaintiffs, including *qui tam* plaintiffs, must satisfy the "irreducible constitutional minimum of standing" – *i.e.*, injury in fact. *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000). The statute need not recite such a requirement – it is a constitutional prerequisite.

Finally, SFT argues that the district court's decision in *Stauffer* is an "aberration." D.I. 212 at 3. Contrary to SFT's arguments, *Stauffer* does not "stand[] alone." *Id. Stauffer* is well-grounded in Supreme Court precedent that requires injury in any case invoking federal jurisdiction. *Stauffer v. Brooks Bros., Inc.*, 615 F. Supp. 2d 248, 253 (S.D.N.Y. 2009) (*citing Vermont Agency*, 529 U.S. at 771). There is every reason to think that the Federal Circuit, just as the court in *Stauffer*, will follow Supreme Court precedent and require a *qui tam* plaintiff, such as SFT, to allege an injury in fact.

Because SFT does not – and cannot – allege an actual injury to anyone, its claims against McNeil should be dismissed.

### B. SFT's Pleading Does Not Comply with Rule 8 and *Iqbal*

McNeil demonstrated in its moving brief (D.I. 180 at 2-3, 5, 12-15) that SFT's complaint does little more than track the language of section 292 and fails to plead facts

sufficient to state a plausible claim for relief under Rule 8 and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ("*Iqbal*"). In particular, SFT recites no facts whatsoever to support its claim that McNeil acted with deceptive intent. SFT offers no rebuttal. Accordingly, its claims against McNeil should be dismissed for failure to comply with Rule 8 and *Iqbal*.

### C. SFT's Pleading Does Not Comply with Rule 9

As demonstrated in McNeil moving papers (D.I. 180 at 15), SFT's conclusory allegations also fail to meet the requirements of Rule 9(b).

SFT first argues that Rule 9(b) somehow does not apply to false marking – a position expressly rejected by *Juniper Networks v. Shipley*, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009) ("false marking [] is a fraud based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b).").

In the alternative, SFT argues that its conclusory allegations meet the requirements of Rule 9 because "knowledge and intent are never required to be pled with particularity." D.I. 210 at 5. This argument ignores the fact that "[a]lthough 'knowledge' and 'intent' may be averred generally [under Rule 9(b)], [Federal Circuit] precedent, like that of several regional circuits [including the 9th Circuit], requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). SFT offers no plausible reason why these standards are not applicable here.

The Federal Circuit's recent decision in *Pequignot* confirms that SFT's pleading is deficient. The Federal Circuit cautioned that "[t]he bar for proving deceptive intent [] is particularly high, given that the false marking statute is a criminal one, despite being punishable only with a civil fine." *Pequignot*, 2010 WL 2346649, at *6. It further explained that "the required intent is not intent to perform an act, *viz.*, falsely mark a product, but instead intent to deceive the public." *Id.* at *7. SFT alleges no fact that can remotely satisfy this "particularly high" standard.

Moreover, as the Federal Circuit was careful to point out, the burden of proving deceptive intent is especially heavy where, as here, the allegation is that products have been falsely marked with expired patents. *Id*. "After all, the products were once patented." *Id.* Merely "leaving [] expired patent numbers on [] products after the patents ha[ve] expired, even knowingly, does not show a 'purpose of deceiving the public.'" *Id*. at *8.

SFT's complaint concerns only expired patents and alleges no underlying facts from which a court may reasonably infer that McNeil acted with intent to deceive the public in marking products with those patents. Its claims do not comply with the requirements of Rule 9 and should be dismissed.

### D.     McNeil's Nizoral Shampoo Is Not an Unpatented Article

In *Pequignot*, the Federal Circuit held that marking products that are no longer covered by any patents is false marking because such products are "unpatented." *Pequignot*, 2010 WL 2346649, at *4, 5. As demonstrated in our initial brief (D.I. 180 at 4, 15), the Nizoral shampoo product at issue in this case is covered by a patent that is in force, and is therefore not "unpatented" within the meaning of section 292. SFT does not contend otherwise. Indeed, its complaint points out that McNeil's Nizoral shampoo product is marked with U.S. Patent No. 5,456,851, a patent that is still in force today. Compl. ¶ 104.

SFT contends that it nonetheless has an actionable claim because "a marking is false if the product is not covered by all listed patents." D.I. 210 at 14 (emphasis in original). The problem with SFT's approach is that, by its terms, the false patent marking statute applies only to "unpatented article[s]" and nothing else. SFT in effect asks the Court to "disregard the plain language of this statute which, being penal in nature, must be strictly construed." *Ansul Co., v. Uniroyal, Inc.*, 306 F. Supp. 541, 565-66 (S.D.N.Y. 1969), *rev'd in part on other grounds*, 448 F.2d 872 (2d Cir. 1971) (dismissing complaint where two of four patents included in marking did not cover the product). There is no basis to apply section 292 to McNeil's Nizoral shampoo product – a patented article.

1       Moreover, contrary to SFT's assertion (D.I. 210 at 14), its approach is not supported by *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005). *Clontech* involved articles that were not covered by any patent. It did not hold that a patented article should be considered unpatented within the meaning of the statute. Indeed, SFT has not cited a single case for the proposition that a product covered by an unexpired patent should be considered an unpatented article. To the contrary, "[c]ourts have consistently construed 35 U.S.C. § 292 as not being violated by a patentee who marks patented articles with more patents than actually cover the item." *Genlyte Thomas Group LLC v. Nat'l Servs. Indus.*, 262 F. Supp. 2d 753, 756 (W.D. Ky. 2003) (*quoting Moore N. Am., Inc., v. Poser Bus. Forms, Inc.*, 2000 WL 1480992, at *2 n.2 (D. Del. Sept 29, 2000).

      SFT's claims against McNeil's Nizoral shampoo – a product that is not "unpatented" – should be dismissed for this additional reason.

### III.    SFT'S CLAIMS AGAINST MCNEIL SHOULD BE SEVERED

      As demonstrated in McNeil's opening brief (D.I. 180 at 17-18), SFT has improperly joined 21 unrelated defendants in a single action. Here, as in SFT's *Adobe* action, SFT fails to meet the requirements of Fed. R. Civ. P. 20(A) for joinder of parties as defendants. SFT offers "no tenable argument that the claims alleged against each of the separate defendants arise out of the 'same transaction, occurrence, or series of transactions or occurrences.'" *Adobe*, 2010 WL 1463571, at *1.

      In opposing severance (D.I. 211), SFT does not dispute that "each defendant acted in a separate place and time when it put its allegedly mis-marked products on the market." *Adobe*, 2010 WL 1463571, at *1. Moreover, a key issue for each defendant is whether it acted with intent to deceive. That cannot be determined on a collective basis. As a result, "there simply is no basis to join the[] [21] defendants in a single unit." *Id*. at *2. SFT's argument that the claims against the various defendants involve common questions of law does not begin to meet the requirements for joinder under the Federal Rules.

Accordingly, for the same reason that SFT's claims against separate defendants were severed in its *Adobe* action, the claims against McNeil should be severed here.

## IV. CONCLUSION

For the reasons set forth above, and those stated in its opening brief, McNeil respectfully requests that the Court stay the proceedings against it pending the Federal Circuit's resolution of *Stauffer*. In the alternative, McNeil requests that the Court dismiss SFT's claims against McNeil or sever them from those asserted against the other defendants.

Dated: June 24, 2010　　　　　　　　　O'MELVENY & MYERS LLP

By: /s/ Richard B. Goetz
　　　Richard B. Goetz

400 South Hope Street
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-Mail: rgoetz@omm.com

ROBERTA H. VESPREMI
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California 94025
Telephone: (650) 473-2600
Facsimile: (650) 473-2601
E-Mail: rvespremi@omm.com

STEVEN A. ZALESIN (*admitted pro hac vice*)
IRENA ROYZMAN (*admitted pro hac vice*)
KRISTA CANER (*admitted pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
E-Mail: szalesin@pbwt.com
　　　　　iroyzman@pbwt.com
　　　　　kcaner@pbwt.com

Attorneys for Defendant
MCNEIL-PPC, INC.