Grant A. Nigolian (Bar No. 184101)
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
19191 South Vermont Avenue, Suite 420
Torrance, CA  90502
Telephone:  (310) 630-5900
Facsimile:  (310) 630-5909
E-mail:  gnigolian@masudafunai.com

Attorneys for specially appearing defendant,
Sunstar Americas, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| San Francisco Technology, Inc.<br><br>    Plaintiff,<br><br>vs.<br><br>The Glad Products Company, Bajer Design & Marketing Inc., Bayer Corporation, Bright Image Corporation, Church & Dwight Co. Inc., Colgate-Palmolive Company, Combe Incorporated, The Dial Corporation, Exergen Corporation, GlaxoSmithKline LLC, Hi-Tech Pharmacal Co. Inc., Johnson Products Company Inc., Maybelline LLC, McNeil-PPC Inc., Medtech Products Inc., Playtex Products Inc., Reckitt Benckiser Inc., Roche Diagnostics Corporation, SoftSheen-Carson LLC, Sun Products Corporation, Sunstar Americas Inc.<br><br>    Defendants. | Case No:     CV10-00966 JF PVT<br><br>Assigned for all purposes to the Honorable Jeremy Fogel<br>Courtroom 3<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINDER BY DEFENDANT SUNSTAR AMERICAS, INC. TO MOTIONS**<br><br>Date:                  July 8, 2010<br>Time:                 1:30 p.m.<br>Courtroom:         3<br><br>Complaint filed:   03/05/2010<br>Trail date:           None set |

/ / /

Specially appearing defendant Sunstar Americas, Inc. ("Sunstar"), submits the following bullet point reply memorandum of points and authorities in support of defendants' motions to sever, transfer, dismiss and stay.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### ARGUMENT

For the purposes of joining co-defendants motions to dismiss, sever, transfer and/or stay, the following responds principally to plaintiff's opposition to the motion to sever and transfer. However, Sunstar joins in the replies filed by co-defendants for the purposes of supplementing this reply brief, including for the purposes of the motion to dismiss and stay.

- The argument that there are no contracts or forum selection clauses at issue (Opposition, p. 2:7-10) *does not* weigh in favor of maintaining venue with the Northern District of California. In fact, cross-claims may be appropriate and, since Sunstar's only suppliers are in Illinois (McMahon Decl., ¶ 13), those contracts were entered into and performed *in Illinois*, not California.

- The argument that California law is at issue and a California *based* court is better suited to address the issues (Opposition, p. 2:11-22) does not make sense, since the complaint is pled on *federal question jurisdiction.* Moreover, the complaint does plead a California statutory claim or pray for any relief upon a California statute. Finally, the statutory section plaintiff relies upon is *non-substantive* and relates to a potential discretionary award for fees and costs to the prevailing party.

- The argument that deference should be granted to plaintiff's chosen forum (Opposition, pp. 2:24-3:21) should be heavily discounted, because, among other reasons, the only connection with the Northern District of California is the location of plaintiff's counsel. According to plaintiff San Francisco Tech., Inc.'s ("S.F. Tech") Disclosure of Non-Party Interested Entities or Persons (Doc. No. 24), the only person with any financial interest in S.F. Tech is Daniel S. Mount, named partner of Mount & Stoelker, P.C., plaintiff's counsel of record. (See http://www.mount.com/index.cfm?page=attorney&pageid=85&bio=7&languageid_select=.) And, the location of plaintiff's counsel is of no significance to the venue determination. (*Zimpelman v. Progressive Northern Ins. Co.*, 2010 WL 135325, 1 (N.D. Cal. Jan 8, 2010.) ("[C]ourts generally do not consider the convenience of counsel to be a relevant factor in considering a motion to transfer venue.").) Plus, plaintiff's reliance upon *Forst Group v. Bon Tool,* 590 F.3d 1295 (Fed. Cir. 2009), is misplaced, since it resolved nothing regarding a motion to transfer venue. Finally, a transfer does not discourage the claim, since nothing precludes similar such plaintiffs in Illinois from pursuing the alleged *qui tam* action.

- Plaintiff's argument of "significant contact" with the Northern District of California (Opposition pp. 3:24-4:9) *is inaccurate and misleading*. First, plaintiff misstates Sunstar's supporting evidence. Plaintiff's opposition misleadingly states that Sunstar "sells 13 percent of its products in California." (Opposition, p. 4:2-4.) Plaintiff then improperly extrapolates that all such sales to wholesalers and retailers end up being consumed in California. (*Id.*) Second, the supporting declaration of Richard McMahon conservatively *overestimates* that "*less than* 13% of [Sunstar's] total

annual sales are to wholesalers and retailers in California." (McMahon Decl., ¶ 15 (emphasis added).) Third, the volume of allegedly *mislabeled* products consumed in California would be far less than 13%. Finally, Sunstar sells all of its products (100%) out of and through its operations in Illinois. (McMahon Decl., ¶¶ 5-9, 13, 15.)

- Plaintiff's argument and reference against severance (Opposition, p. 5:10-23) should not prevail, since plaintiff cannot satisfy the prerequisites under Rule 20. Among others errors, plaintiff argument (Opposition, pp. 5:25-6:5) makes a material mistake in that pleading the same *violation* against many defendants *does not mean* the same issues will be resolved as to each defendant. Once severed, the benefit or reason, if any at all, to maintain the action in the Northern District of California is further diminished and/or eliminated. And, plaintiff's reliance upon the *IP Co. v. Oncor Electric Delivery* opinion is misplaced, since in *IP* the same patent was at issue, unlike in this case which involves different patents and completely different products.

- Plaintiff's argument that Sunstar has not established any significant difference in cost (Opposition, p. 4:6-9) is misleading in consideration of Sunstar's McMahon Declaration. Sunstar's declaration clearly establishes the heightened cost of litigating in the Northern District of California versus the Northern District of Illinois. Instead, plaintiff's argument seems to be that there is *no specific dollar value* associated with the additional costs imposed upon Sunstar for litigating in the Northern District. However, Sunstar found no authority requiring an estimated monetary burden as part of moving for transfer. Notably, plaintiff's

- opposition provides no specific dollar value within its own purported burden of having to litigate in Illinois.

- Plaintiff's argument that defendants are mostly "large" entities and just "absorb" the significant additional costs of litigation in the Northern District for the convenience of plaintiff's counsel (Opposition, pp. 4:17-5:9; 6:7-19) should be summarily disregarded as inequitable and unprecedented. And, plaintiff's complaint that a transfer will impose additional costs upon it should be disregarded as *plaintiff initiated this lawsuit* against Sunstar and all the defendants in one case, whether proper or not, *and was a conscious decision made by plaintiff to maximize its own potential recovery with full knowledge of the potential risks and costs.*

- Plaintiff's argument that witnesses are located here in California (Opposition, pp. 5:1-3; 6:7-9), should be disregarded. Plaintiff does not state that each of the alleged 13 supporting witnesses are required to testify against just Sunstar or would require their attendance at trial to justify their travel to Illinois. Moreover, the alleged testimony is from any such witness will be speculative, at best ("guestimates" of volume and frequency), and have little, if any, probative value regarding the alleged violations. Moreover, plaintiff will, no doubt, seek discovery regarding volume and sales directly from defendants, thereby rendering the alleged testimony from the 13 supposed witnesses objectionable and *obsolete*. Similarly, plaintiff also does not explain the testimony D. Mount would provide against just Sunstar to justify his travel to Illinois. With regard to plaintiff's contention that a sample is located in California (Opposition, p. 7:2-14), plaintiff can have it transported with D. Mount or simply sent by FedEx to local counsel.

- Plaintiff's request to take discovery (Opposition, p. 4:11-15) should be disregarded as against Sunstar, since Sunstar has already identified the *maximum possible volume* of products sold from Illinois to California.

- Plaintiff's argument that Sunstar has "admitted personal jurisdiction" and waived the defense (Opposition, p. 1:6-9) is inaccurate, since, to date, Sunstar has only *specially* appeared in this matter.

- Sunstar incorporates by this reference the arguments that co-defendants advance in support of the motions, which may apply to and be asserted by each defendant.

## II.

## CONCLUSION

Sunstar has justified severance and transfer to the Northern District of Illinois and plaintiff provides no compelling or persuasive reason against it.  Accordingly, Sunstar respectfully requests the Court grant defendants' motions and the motion to sever and transfer in particular.

Dated:  June 24, 2010                             Respectfully submitted,

                                         MASUDA, FUNAI, EIFERT & MITCHELL

                                         By: */s/ Grant Nigolian*
                                                Grant Nigolian

                                         Attorneys for specially appearing defendant,
                                         Sunstar Americas, Inc.

# CERTIFICATE AND PROOF OF SERVICE

The undersigned certifies on the date identified below, the foregoing document(s) was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action and who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.

The undersigned also states that they: (1) are a citizen of the United States and employed in Los Angeles County, California; (2) are over the age of eighteen years and not a party to the within entitled action; (3) have a business address of 19191 S. Vermont Ave., Suite 420, Torrance, California, 90502; and (4) are readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.

On the date identified below, the undersigned placed with this firm at that above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINDER BY DEFENDANT SUNSTAR AMERICAS, INC. TO MOTIONS**

in a sealed envelop, postage fully paid, addressed as follows:

Daniel R. Johnson
Ryan Kromholz & Manion, S.C.
3360 Gateway Road
Brookfield, WI 53045

Jason C. White
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60654

Peter J. Armenio
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Ave., 22nd Floor
New York, NY 10010

1. Ronald A. Clayton
2. Fitzpatrick, Cella, Harper & Scinto
   1290 Avenue of the Americas
3. New York, NY 10104-3800

4. Timothy J. Kelly
5. Fitzpatrick, Cella, Harper & Scinto
   1290 Avenue of the Americas
6. New York, NY 10104-3800

7.      Following ordinary business practices, the envelop was sealed and placed for
8. collection and mailing on this date, and would, in the ordinary course of business, be deposited
9. with the United States Postal Service on this date.
10.      Executed on June 24, 2010, at Torrance, California

                                     /s/

                                     Grant Nigolian

Case5:10-cv-00966-JF Document252 Filed06/24/10 Page8 of 8

Page 2
CERTIFICATE AND PROOF OF SERVICE ON
REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANT SUNSTAR AMERICAS, INC.