CAROLINE McINTYRE, SBN 159005, cmcintyre@@be-law.com
MELINDA M. MORTON, SBN 209373, mmorton@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

DANIEL P. ALBERS, Admitted *Pro Hac Vice*
PAUL B. HUNT, Admitted *Pro Hac Vice*
JOHN P. WAPPEL, Admitted *Pro Hac Vice*
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606-283
Telephone: (312) 357-1313
Facsimile: (312) 759-5646

Attorneys for Defendant
ROCHE DIAGNOSTICS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SAN FRANCISCO TECHNOLOGY, Inc.

Plaintiff,

vs.

THE GLAD PRODUCTS COMPANY, BAJER DESIGN & MARKETING INC., BAYER CORPORATION, BRIGHT IMAGE CORPORATION, CHURCH & DWIGHT CO. INC., COLGATE-PALMOLIVE COMPANY, COMBE INCORPORATED, THE DIAL CORPORTION, EXERGEN CORPORATION, GLAXOSMITHKLINE LLC, HI-TECH PHARMACAL CO. INC., JOHNSON PRODUCTS COMPANY INC., MAYBELLINE LLC, MCNEIL-PPC INC., MEDTECH PRODUCTS INC., PLAYTEX PRODUCTS INC., RECKITT BENCKISER INC., ROCHE DIAGNOSTICS CORPORTION, SOFTSHEEN-CARSON LLC, SUN PRODUCTS CORPORATION, SUNSTAR AMERICAS INC.

Defendants.

Case No. CV10-00966

**DEFENDANT ROCHE DIAGNOSTICS CORP.'S REPLY SUPPORTING ITS MOTION TO SEVER AND DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER OR DISMISS OR STAY**

Date: July 8, 2010
Time: 1:30 P.M.
Courtroom 3, Fifth Floor
Hon. Jeremy Fogel

Case5:10-cv-00966-JF Document253 Filed06/24/10 Page2 of 20

## TABLE OF CONTENTS

INTRODUCTION. .......... 1

I. THE CLAIMS AGAINST RDC SHOULD BE SEVERED AND DISMISSED. .......... 1

A. The Claims Against RDC And The Other Defendants Do Not Arise Out Of The Same Transaction Or Occurrence. .......... 2

B. The Claims Against RDC Should Be Dismissed Under The First To File Rule. .......... 3

II. PLAINTIFF HAS NOT PROVIDED ANY EVIDENCE WEIGHING AGAINST TRANSFER TO THE SOUTHERN DISTRICT OF INDIANA. .......... 4

A. There Are No Relevant Agreements. .......... 4

B. This Court And The Southern District Of Indiana Are Equally Familiar With Federal Patent Law. .......... 5

C. The Plaintiff's Choice Of Forum Is Entitled To Little Weight. .......... 5

D. The Parties' Contacts With The Forum. .......... 6

E. Contacts Related To The Cause Of Action Occurred In Indiana And Thus Weigh In Favor Of Transfer. .......... 6

F. The Cost Of Litigation Weighs In Favor Of Transfer. .......... 7

G. Plaintiff Has Not Shown That Compulsion Of Non-Party Witnesses Will Be Necessary. .......... 8

H. Access To Sources Of Proof Will Be Easier In The Southern District Of Indiana. .......... 8

III. PLAINTIFF LACKS STANDING TO MAINTAIN THIS ACTION BECAUSE IT FAILS TO ALLEGE CONCRETE INJURY. .......... 9

IV. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. .......... 10

V. THE CLAIMS AGAINST ROCHE DIAGNOSTICS CORPORATION SHOULD BE DISMISSED REGARDLESS OF WHETHER OTHER DEFENDANTS MAY BE JOINED. .......... 13

VI. PLAINTIFF FAILS TO PROVIDE ANY REASON WHY THE PRESENT CASE SHOULD NOT BE STAYED. .......... 14

CONCLUSION. .......... 15

- i -

ROCHE'S REPLY SUPPORTING ITS MOTION TO SEVER AND DISMISS, OR IN THE ALTERNATIVE, TRANSFER OR DISMISS OR STAY

Case No. CV10-00966

## TABLE OF AUTHORITIES

Federal Cases

*Ardco, Inc. v. Page, Ricker, Felson Marketing, Inc.*
25 U.S.P.Q.2d 1382 No. 92 C 2927, 1992 WL 246862 (N.D. Ill. Sep. 23, 1992) ............. 7

*Arista Records LLC v. Does 1-4*
589 F. Supp. 2d 151 (D. Conn. 2008) ............ 2, 3

*Ashcroft v. Iqbal*
129 S. Ct. 1937 (2009) ............ 11

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ............ 11

*Brinkmeier v. Graco Children's Products Inc.*
684. F. Supp. 2d 548, No. CA. 09-262-JJF, 2010 WL 545896 (D. Del. Feb. 16, 2010) .. 12

*Churchill Village, LLC v. General Electric*
361 F.3d 566 (9th Cir. 2007) ............ 5

*City of Los Angeles v. County of Kern*
581 F.3d 841 (9th Cir. 2009) ............ 14

*Clontech Laboratories, Inc. v. Invitrogen Corp.*
406 F.3d 1347 (Fed. Cir. 2005) ............ 6, 8

*Exergen Corp. v. Wal-Mart Stores, Inc.*
575 F.3d 1312 (Fed. Cir. 2009) ............ 11

*San Francisco Tech., Inc. v. Adobe Systems, Inc.*
No. C 09-6083 RS, 2010 WL 1463571 (N.D. Cal. Apr. 13, 2010) ............ 1, 3, 14

*Federal Election Com'n v. Akins*
524 U.S. 11 (1998) ............ 9

*FLFMC, LLC v. Ace Hardware Corp.*
No. 10-cv-0229, 2010 U.S. Dist. LEXIS 45453 (W.D. Pa. May 7, 2010) ............ 12

*Forest Group, Inc. v. Bon Tool Co.*
590 F.3d 1295 (Fed. Cir. 2009) ............ 3, 6

*Horne v. Flores*
129 S. Ct. 2579 (2009) ............ 9

*Inventorprise, Inc., vs. Target Corp.*
No. 09-CV-00382, 2009 U.S. Dist. LEXIS 102852 (N.D.N.Y. Nov. 2, 2009) ............ 12

*Italian Colors Restaurant v. American Express. Co.*
No. C 03-3719SI, 2003 WL 22682482 (N.D. Cal. Nov. 10, 2003) ............ 7, 8

*Jones v. GNC Franchising, Inc.*
211 F.3d 495 (9th Cir. 2000) ........ 4

*Juniper Networks v. Shipley*
No. C 09-0696 SBA, 2009 WL 1381873 (N.D. Cal. May 14, 2009) ........ 11

*Keith v. Volpe*
644 F. Supp. 1317 (C.D. Cal. 1986) ........ 5

*Lance v. Coffman*
549 U.S. 437 (2007) ........ 9

*Lujan v. Defenders of Wildlife*
504 U.S. 555 (1992) ........ 9

*Pandrol USA, LP v. Airboss Railway Products Inc.*
320 F.3d 1354 (Fed. Cir. 2003) ........ 14

*Pequignot v. Solo Cup Co.*
640 F. Supp. 2d 714 (E.D. VA 2009) ........ 10

*Pequignot v. Solo Cup Co.*
---F.3d ----, No. 2009-1558, 2010 WL 2346649 (Fed. Cir. Jun. 10, 2010) ........ 10

*San Francisco Tech., Inc. v. Adobe Systems, Inc.*,
No. C 09-6083 RS, 2010 WL 1463571 (N.D. Cal. April 13, 2010) ........ 1, 3

*Skaff v. Meridien North America Beverly Hills, LLC*
506 F.3d 832 (9th Cir. 2007) ........ 5

*Stallings v. Black & Decker Corp.*
500 F. Supp. 2d 1030 (S.D. Ill. 2007) ........ 13

*U.S, ex rel. LaValley v. First Nat'l Bank of Boston*
625 F. Supp. 591 (D.N.H. 1985) ........ 5

*U.S. ex rel. Adrian v. Regents of University of California*
No. C 99-3864 TEH, 2002 WL 334915 (N.D. Cal. Feb. 25, 2002) ........ 5

*U.S., ex rel. Penizotto v. Bates East Corp.*
No. CIV.A. 94-3626, 1996 WL 417172 (E.D. Pa. Jul. 18, 1996) ........ 5, 6

*U.S., ex rel. Roop v. Arkray USA, Inc.*
No. 104 CV 87-M-D, 2007 WL 844691 (N.D. Miss. Mar. 19, 2007) ........ 5

*Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*
529 U.S. 765 (2000) ........ 9, 10

*Walker v. Progressive Cas. Ins. Co.*
No. C03-656R, 2003 WL 21056704 (W.D. Wash. May 9, 2003) ........ 4

*Zojo Solutions, Inc. v. Stanley Works*
--- F. Supp. 2d ---- No. 10C1175 WL 1912650 at *1 (N.D. Ill. May 12, 2010) ........ 1

Federal Statutes

35 U.S.C. §292 ........................................................................................................ 3, 6

State Statutes

Cal. Code Civ. P. §1021.5 ........................................................................................................ 5

Federal Rules

Fed. R. Civ. P. 20 (a)(2) ........................................................................................................ 1

Defendant, Roche Diagnostics Corporation (hereinafter "RDC"), through its undersigned counsel, respectfully submits this Reply Brief in Support of its Motion to Sever and Dismiss, or, in the Alternative, Motion to Transfer or Dismiss or Stay.

**INTRODUCTION**

This is a false patent marking case, one of many "which dot the greensward of patent litigation like an infestation of dandelions."[1]  RDC respectfully requests that the claims against it be severed and dismissed.  Plaintiff has failed to allege that the claims against the 21 separate Defendants in this case arose from a common transaction or occurrence and Plaintiff has failed to rebut RDC's assertion that the claims against RDC should be dismissed in view of a previously filed action alleging false patent marking of the same patent and the same product.  If the Court declines to dismiss the claims against RDC under the first to file rule, the claims against RDC should be transferred to the Southern District of Indiana for the convenience of the parties and in the interests of justice.  Alternatively, the claims against RDC should be dismissed for lack of standing and/or failure to state a claim.  Alternatively, the case should be stayed pending the Federal Circuit's decision in the *Stauffer v. Brooks Bros*. appeal.

**I.     THE CLAIMS AGAINST RDC SHOULD BE SEVERED AND DISMISSED.**

The claims against RDC should be severed and dismissed because RDC has been improperly joined in this action and RDC is already defending a prior-filed action brought by another plaintiff alleging RDC falsely marked its ACCU-CHEK® Softclix lancets with expired patent 4,924,879 ("the '879 Patent"), the same product and the same patent at issue in this case.

For joinder of multiple defendants, Rule 20 requires that the claims arise out of the same transaction or occurrence <u>and</u> that there is a common question of law or fact.  Fed. R. Civ. P. 20 (a)(2), *San Francisco Tech., Inc. v. Adobe Systems, Inc.*, No. C 09-6083 RS, 2010 WL 1463571 at * 1-2 (N.D. Cal. Apr. 13, 2010) (copy of which is attached to Wappel Decl. as Ex. A).  Plaintiff

---

[1] *Zojo Solutions, Inc. v. Stanley Works*, --- F. Supp. 2d ----, No. 10C1175 WL 1912650 at *1 (N.D. Ill. May 12, 2010).

fails to allege, and cannot allege, facts showing that the actions of the 21 separate Defendants and the 21 separate false marking claims in this case arose out of a common transaction of occurrence. They do not. The claims against RDC should be severed and dismissed in favor of a previously filed action (*O'Neill v. Roche Diagnostics Corp.*, No. 10-cv-1205 (N.D. Ill. filed Feb. 23, 2010)) alleging false marking of the same patent number on the same products at issue in this case.

**A. The Claims Against RDC And The Other Defendants Do Not Arise Out Of The Same Transaction Or Occurrence.**

Despite the fact that Plaintiff's Complaint alleges that 21 separate Defendants, in different industries, marked different patent numbers on different products, Plaintiff attempts to avoid severance by arguing that the same transaction or occurrence requirement is met because the "harm being redressed . . . is the same for all the defendants." Sever. Oppn., Doc. 211, p. 2. This is not a good faith basis for joinder. "The 'same transaction' requirement means that there must be some allegation that the joined defendants 'conspired or acted jointly.'" *Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151, 154 (D. Conn. 2008). Plaintiff's Complaint contains no allegation that any of the defendants acted jointly, nor could it, and Plaintiff knows it. Further, the Complaint contains no allegations of harm or injury, and merely arguing that the Defendants caused the same type of harm is insufficient to properly join RDC and the other Defendants in this case. *See Arista Records*, 589 F. Supp. 2d at 155 (joinder was improper in copyright infringement suit where plaintiff failed to allege separate defendants acted in concert). Plaintiff's logic nullifies the same transaction or occurrence requirement of Rule 20, allowing unlimited defendants to be joined even though each defendant marked different products with different patent numbers.

Plaintiff argues that Defendants have impeded Plaintiff's discovery of "additional common facts that may underlie the merits of this action." Doc. 211 p. 2; Fingerman Decl. ¶5. Notwithstanding that Plaintiff has not alleged a single common fact among the 21 Defendants, Plaintiff's counsel refused to confer with the Defendants regarding the merits of Plaintiff's joinder claims against the 21 Defendants. During the case management conference call on June 16, 2010, counsel for Plaintiff refused to explain or cite authority for the proposition that a common type of harm provided a basis for joinder in this case. Albers Decl. ¶ 2. Counsel for Plaintiff also refused

to discuss dismissal of RDC in view of the previously filed *O'Neill* case. *Id.* In a separate telephone call, counsel for Plaintiff would only say that the product package in this case was different from the product package in the *O'Neill* case, admitting the marking and the product were the same. *Id.* at ¶ 3. Plaintiff continued to refuse to dismiss the present claims against RDC. *Id.* Finally, when asked to identify the good faith basis to maintain this action against RDC in view of the claims brought by O'Neill, Plaintiff refused to identify any basis and refused to dismiss the present claims against RDC. *Id.* There is no proper basis to join the Defendants here. The claims against the 21 Defendants should be severed as in *San Francisco Tech., Inc.*, 2010 WL 1463571 at *2.

**B. The Claims Against RDC Should Be Dismissed Under The First To File Rule.**

Plaintiff attempts to avoid dismissal of its claims against RDC by arguing, without any supporting pleading or proof, that the patent markings at issue in this case and the patent markings at issue in the prior-filed *O'Neill* case are somehow different. First, Plaintiff argues without citation that the "product packages in this suit are apparently different than the falsely marked packages in the *O'Neill* case." Suff. of Compl. Oppn., Doc. 210, p. 13. However, the Complaint does not contain any allegations identifying specific packaging and Plaintiff provides no evidence that identifies any packaging that is different from that complained about in O'Neill's complaint.

Next, Plaintiff argues that there is no overlap between this suit and the *O'Neill* suit because RDC is accused of false marking in advertising only in this suit. This is simply not true. The false marking statute provides that "[w]hoever . . . uses in advertising <u>in connection with any unpatented article</u> . . . any word or number importing the same is patented for the purpose of deceiving the public . . . Shall be fined not more than $500 for every such offense." 35 U.S.C. §292 (emphasis added). The statutory penalty is imposed on a <u>per article</u> basis. *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1301 (Fed. Cir. 2009). Therefore, the relevant consideration is the patent number and the allegedly unpatented article. Moreover, O'Neill did allege that RDC falsely advertised the '879 Patent in connection with its ACCU-CHEK Softclix lancets. *See O'Neill* Compl., ¶¶ 52, 55, Doc. 155-2, 3 Ex. A. There is complete overlap of issues between the two actions. All markings at issue here are also at issue in the *O'Neill* action. RDC should not be

subject to multiple suits over the same markings, particularly in a *qui tam* case. O'Neill already stands in the shoes of the United States for these claims. Plaintiff is too late—the claims it seeks to assert against RDC are already pending.[2]

## II. PLAINTIFF HAS NOT PROVIDED ANY EVIDENCE WEIGHING AGAINST TRANSFER TO THE SOUTHERN DISTRICT OF INDIANA.

With respect to RDC, Plaintiff does not dispute that venue is proper in both the Northern District of California and the Southern District of Indiana. Instead, Plaintiff attempts to argue that the factors courts consider in determining transfer weigh in favor of keeping the claims against RDC here in the Northern District of California. Plaintiff's argument once again has no legal or factual basis. Of the factors considered by the Court in deciding whether to transfer venue, three are neutral, one slightly favors keeping venue in this district, and four weigh in favor of transfer.

In deciding whether to transfer under §1404(a) a court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

### A. There Are No Relevant Agreements.

There are no contracts or forum selection clauses at issue in the present case. Therefore, the first *Jones* factor is neutral. It does not weigh against transfer, as Plaintiff erroneously contends. The claims against RDC should be transferred.

---

[2] Even if there were not complete overlap, dismissal is proper under the first to file rule because there is "substantial overlap" between the parties and material issues; complete overlap is not required. *Walker v. Progressive Cas. Ins. Co.*, No. C03-656R, 2003 WL 21056704 at *2-3 (W.D. Wash. May 9, 2003). Plaintiff does not dispute that there is substantial overlap.

**B. This Court And The Southern District Of Indiana Are Equally Familiar With Federal Patent Law.**

This action arises under federal patent law, and therefore this Court and the District Court for the Southern District of Indiana are equally capable of adjudicating the claims against RDC under federal patent law. Plaintiff does not dispute this. Therefore, the second *Jones* factor is neutral. Instead, Plaintiff argues that this Court is better able to apply California's public interest litigation statute. Transfer Oppn., Doc. 214 p. 2. However, Plaintiff has neither pled a cause of action under California state law nor sought relief under California's public interest litigation statute, and therefore the statute is irrelevant.[3] *See Keith v. Volpe*, 644 F. Supp. 1317, 1320-21 (C.D. Cal. 1986) (court must consider attorneys' fees under Cal. Code Civ. P. § 1021.5 because plaintiffs' relief was based partially on state law). Because Plaintiff's cause of action arises solely under federal patent law, there are no state law considerations, and the second *Jones* factor is neutral. The claims against RDC should be transferred.

**C. The Plaintiff's Choice Of Forum Is Entitled To Little Weight.**

The third *Jones* factor, Plaintiff's choice of forum, is entitled to little weight, and thus does not strongly weigh against transfer, as Plaintiff erroneously contends. Plaintiff argues that none of the Defendants in their respective motions has provided a citation for such authority. Transfer Oppn., Doc. 214, p. 2. However RDC has provided citations to four cases in its Memorandum of Points and Authorities (Doc. 155, p. 11) for the proposition that Plaintiff's choice of forum in a *qui tam* action is entitled to little weight. *U.S., ex rel. Roop v. Arkray USA, Inc.*, No. 104 CV 87-M-D, 2007 WL 844691 (N.D. Miss. Mar. 19, 2007); *U.S. ex rel. Adrian v. Regents of University of California*, No. C 99-3864 TEH, 2002 WL 334915 (N.D. Cal. Feb. 25, 2002); *U.S, ex rel. LaValley v. First Nat'l Bank of Boston*, 625 F. Supp. 591 (D.N.H. 1985); *U.S., ex rel. Penizotto v. Bates East Corp.*, No. CIV.A. 94-3626, 1996 WL 417172 (E.D. Pa. Jul. 18, 1996). Plaintiff

---

[3] Each of the cases cited by Plaintiff are distinguishable because, unlike here, in each case the plaintiff asserted claims under state law. *Churchill Village, LLC v. General Electric*, 361 F.3d 566, 571 (9th Cir. 2004 (asserting claims under California unfair competition and false advertising law); *Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.3d 832, 836 (9th Cir. 2007)(claims brought under Americans with Disabilities Act and California civil rights laws).

provides no argument for why these rulings do not apply here. In contrast, Plaintiff has not cited a single case that has found a *qui tam* Plaintiff's choice of forum is entitled to substantial deference. Instead, Plaintiff relies on the rationale of *Forest Group, Inc.* supporting the Federal Circuit's conclusion that Section 292 imposes a penalty on a per article basis. 590 F.3d at 1303-04. The amount of deference to be given to a plaintiff's choice of forum was not at issue before the Federal Circuit in *Forest Group*, and the passage quoted by Plaintiff is irrelevant to the issue. The claims against RDC should be transferred.

**D. The Parties' Contacts With The Forum.**

The fourth *Jones* factor, the parties' contacts with the forum, weighs in favor of transfer. Plaintiff argues this factor weighs against transfer because RDC, as alleged in the complaint, sells the products at issue in the forum and harm is felt in the forum. Plaintiff acknowledges that it is appropriate to litigate where the effects of harm are felt. Transfer Oppn., Doc. 214 p. 4. However, RDC sells the product at issue across the United States, and thus any alleged harm would be felt nationwide. Likewise, because the United States is the real party in interest to a *qui tam* action, there is no particular connection between Plaintiff and this forum. *See U.S. ex rel. Penizotto,* 1996 WL 417172 at * 1, 3 (in *qui tam* action, the choice of forum of the United States prevails over that of individual relator who originally filed suit). The claims against RDC should be transferred.

**E. Contacts Related To The Cause Of Action Occurred In Indiana And Thus Weigh In Favor Of Transfer.**

The fifth *Jones* factor, contacts related to the cause of action, is the key factor on the issues at bar and weighs heavily in favor of transfer. Plaintiff admits that this factor weighs in favor of transfer, contending that "[i]t is impossible to determine . . . how much of [the] accused products have been sold in California." Transfer Oppn., Doc. 214 p. 4. However, sales do not give rise to a cause of action under the false patent marking statute. Liability under the patent false marking statute (35 U.S.C. §292) arises from "(1) a marking importing that an object is patented (2) falsely affixed to (3) an unpatented article (4) with intent to deceive the public." *Clontech Laboratories, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1351 (Fed. Cir. 2005). Thus, merely selling products is not an element of false patent marking and sales of the product at issue are irrelevant to Plaintiff's

claims. Marking of the products and the intention with which the marking was performed are the material events giving rise to Plaintiff's cause of action. The undisputed evidence shows that all evidence relating to those events occurred in Indianapolis. RDC Mem. P & A, Doc. 155-1, Ex. A, Young Decl. ¶ 9. Plaintiff admits as much. *See* Suff. of Compl. Oppn, Doc. 210 p. 6-7 (facts within Defendants' possession). The claims against RDC should be transferred.

**F. The Cost Of Litigation Weighs In Favor Of Transfer.**

The sixth *Jones* factor, cost of litigation, also weighs heavily in favor of transfer. Plaintiff argues that it lacks the resources to litigate in other districts, relying on conclusory assertions by Dan Mount, Plaintiff's president. Mount Decl., Doc. 216. However, beyond the conclusory statements of its president, Plaintiff provides no specific evidence that transfer will result in a substantial burden.[4] Litigation costs are reduced in a venue located near the documents and witnesses. *Italian Colors Restaurant v. American Express. Co.*, No. C 03-3719SI, 2003 WL 22682482 at * 5 (N.D. Cal. Nov. 10, 2003). Further, Plaintiff's individual convenience does not outweigh the collective convenience of the parties. *See Ardco, Inc. v. Page, Ricker, Felson Marketing, Inc.*, 25 U.S.P.Q.2d 1382, 1386-87, No. 92 C 2927, 1992 WL 246862 (N.D. Ill. Sep. 23, 1992) (transfer from plaintiff's home forum was appropriate because all of defendant's activities occurred in transferee forum and documents and witnesses were located there). RDC has met its burden of showing that specific individuals and documents are located in Indianapolis and the cost of litigating will be reduced in the Southern District of Indiana.

Plaintiff also attempts to argue that the common issues in the case would result in judicial economy, citing to an unpublished order from the Eastern District of Texas. That case, however, was a patent infringement suit brought against multiple defendants, not a false patent marking case. *IP Co. v. Oncor Elect. Delivery*, No. 2:09-cv-00037-DF, Doc. 1, (E.D. Tex. Jan. 29, 2009)

---

[4] In fact, Plaintiff appears to be a "marking enforcement" company formed for the sole purpose of litigating false marking claims by Dan Mount, name partner at Mount & Stoelker, counsel for Plaintiff. *Patent Litigation Weekly: Who is Driving the False-Marking Frenzy?* (May 31, 2010) available at *http://www.law.com/jsp/cc/PubArticleFriendlyCC.jsp?id=1202458966077* (last accessed Jun. 21, 2010)(a copy of which is attached to Wappel Decl. Ex. B). Thus, by design, Plaintiff has no legitimate business, no offices, no employees, and most importantly no resources. It can hardly complain of any "burden" from having to litigate away from its created home forum.

Case5:10-cv-00966-JF Document253 Filed06/24/10 Page13 of 20

(copy attached to Wappel Decl. Ex. C). Unlike in that case, there are no common issues among the 21 different Defendants, the different patents and the different products. Further, unlike the patent infringement case in *Oncor*, where claim construction, validity, and enforceability were issues common to all defendants, here there are no such common issues, as each of the Defendants is accused of falsely marking different patent numbers on different products. The evidence with respect to each defendant, its patent markings and its intent, is inherently Defendant specific and not common. Therefore, once again, contrary to Plaintiff's argument, the sixth *Jones* factor "weighs heavily in favor of venue transfer." *Italian Colors Restaurant*, 2003 WL 22682482 at * 5. The claims against RDC should be transferred.

**G. Plaintiff Has Not Shown That Compulsion Of Non-Party Witnesses Will Be Necessary.**

The seventh *Jones* factor, availability to compel the attendance of non-party witnesses, is neutral as there are likely no non-party witnesses having relevant information. Plaintiff contends that there may be witnesses located in the Northern District of California to testify about sales and distribution of the defendants' products and that Plaintiff will use this testimony to show that defendants' products are "sold quickly after the retail store receives them." Transfer Oppn., Doc. 214 p. 6. Plaintiff fails to identify any such witness. Further, mere sales of products with a falsely marked patent number do not create liability under Section 292. *See Clontech*, 406 F.3d at 1351. The witnesses with relevant information are those with knowledge related to the marking of the product at issue and the intent of RDC. These witnesses are RDC employees in Indiana. Therefore, the seventh *Jones* factor weighs in favor of transfer. The claims against RDC should be transferred.

**H. Access To Sources Of Proof Will Be Easier In The Southern District Of Indiana.**

The eighth *Jones* factor, access to sources of proof, also weighs heavily in favor of transfer. Plaintiff identifies no specific witnesses or documents located in the Northern District of California. In contrast, RDC has identified specific individuals and categories of documents located in Indianapolis that are material to Plaintiff's claims. *See* Doc. 155-1, RDC Mem. P&A,

8

ROCHE'S REPLY SUPPORTING ITS MOTION TO SEVER AND DISMISS, OR IN THE ALTERNATIVE, TRANSFER OR DISMISS OR STAY
Case No. CV10-00966

Ex. A, Young Decl. ¶¶ 5, 6. Thus, the uncontroverted evidence shows that the only relevant witnesses and documents are in the Southern District of Indiana, while there is no relevant evidence from any witnesses or documents in the Northern District of California. The location of documents and witnesses weighs heavily in favor of transfer. The claims against RDC should be transferred.

## III. PLAINTIFF LACKS STANDING TO MAINTAIN THIS ACTION BECAUSE IT FAILS TO ALLEGE CONCRETE INJURY.

In its Opposition to Defendants' Motions Challenging Standing (Doc. 212) Plaintiff identifies no allegation in its Complaint alleging a concrete injury—either to itself or to the United States—that is sufficient to confer standing. Instead, Plaintiff argues that harm is not an element of a false patent marking claim. Standing Oppn., Doc. 212 p. 2. This argument ignores Supreme Court authority requiring "an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling" for standing. *Horne v. Flores*, 129 S. Ct. 2579, 2592 (2009). Plaintiff ignores that even a *qui tam* plaintiff must allege an injury in fact. *Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765, 771-772 (2000).

Plaintiff argues that policy requires that it and other *qui tam* private plaintiffs have standing to enforce the false marking statute to protect the public. Standing Oppn., Doc. 212 p. 1. This also ignores Supreme Court precedent holding that mere enforcement of the law is insufficient to confer standing. *Lance v. Coffman*, 549 U.S. 437, 442 (2007) ("The only injury plaintiffs allege is that the law … has not been followed. This injury is precisely the kind of undifferentiated, generalized grievance … that we have refused to countenance in the past."); *Federal Election Com'n v. Akins*, 524 U.S. 11, 24 (1998) (An "abstract" harm such as "injury to the interest in seeing that the law is obeyed … deprives the case of the concrete specificity" necessary for standing); and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992) ("[H]arm to … every citizen's interest in the proper application of the Constitution and laws … does not state an Article III case or controversy.").

Finally, Plaintiff argues that the Federal Circuit implicitly held that a *qui tam* plaintiff has standing to bring a false patent marking action because it decided the *Pequignot v. Solo Cup Co.* appeal. --- F.3d ----, No. 2009-1547, 2010 WL 2346649 (Fed. Cir. Jun. 10, 2010).[5] However, the standing issue was not directly before the Federal Circuit in *Solo Cup*. 2010 WL 2346649 at *1 (appeal of summary judgment decision of no liability). Further, the district court in *Pequignot v. SoloCup Co.* never addressed the underlying issue of whether the complaint alleged that the United States had suffered an injury in fact.[6] 640 F. Supp. 2d 714, 720-724 (E.D. VA 2009). Although "the assignee of a claim has standing to assert the injury in fact suffered by the assignor," *Vermont Agency*, 529 U.S. at 773, Plaintiff has failed to allege any such injury in fact suffered by the United States, and therefore lacks standing to bring the present action. For this reason, the Complaint should be dismissed.[7]

## IV. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Notwithstanding the cases that have held Section 292 is a fraud-based statute, Plaintiff attempts to save its Complaint by arguing that intent need only be pled generally. In the very recent *Solo Cup* decision, relied upon by Plaintiff with respect to standing, the Federal Circuit held that under Section 292, "the required intent is not intent to perform an act, *viz.*, falsely mark a product, but instead intent to deceive the public." 2010 WL 2346649 at *7. Further, merely "leaving . . . expired patent numbers on . . . products after the patents ha[ve] expired, even knowingly, does not show a 'purpose of deceiving the public.'" *Id.* at *8. Previously, in the context of inequitable conduct before the Patent Office, the Federal Circuit held that "[a] pleading

---

[5] The standing issue is directly before the Federal Circuit in the appeal of *Stauffer v. Brooks Bros.*, Appeal Nos. 2009-1428, 1430, 1453. If the Federal Circuit conclusively addressed the standing issue, as Plaintiff claims, then it likely would have issued its decision in *Brooks Bros.* at the same time as the *Solo Cup* decision. The Federal Circuit did not. Because the Federal Circuit will address this issue, if the Court declines to dismiss the claims against RDC, this case should be stayed pending decision in the *Brooks Bros.* appeal.

[6] In *Solo Cup*, the defendant argued that Section 292 was not a *qui tam* statute, and even if it was, it violated the "Take Care" Clause of Art. II of the Constitution. 640 F. Supp. 2d at 720-24.

[7] Plaintiff does not address RDC's argument that the Complaint should be dismissed for lack of standing without leave to amend to correct defects. Plaintiff has therefore waived any objection and the Court should not permit Plaintiff the futile opportunity to amend his Complaint.

that simply avers the substantive elements . . ., without setting forth the particularized factual bases for the allegation does not satisfy Rule (9)(b)." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009) (emphasis added). The pleadings must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id.* at 1327. *See also Simonian v. Cisco Sys., Inc.*, No. 10-cv-1306, Doc. 31, Mem. Op. (N.D. Ill. Jun. 17, 2010) (copy attached to Wappel Decl. Ex. D) (granting motion to dismiss false patent marking complaint for failure to allege intent to deceive with particularity as required by Rule 9(b), but finding plaintiff had standing) citing *Juniper Networks v. Shipley*, No. C 09-0696 SBA, 2009 WL 1381873 (N.D. Cal. May 14, 2009).

In *Cisco Sys.*, the district court dismissed a Section 292 complaint because plaintiff's allegation that the defendant was "a sophisticated company and has many decades of experience applying for, obtaining, and litigating patents" failed to plead sufficient facts showing intent to deceive under Rule 9(b). Mem. Op. at 8. Here, Plaintiff has pled no facts and in its Opposition, Plaintiff does not point to any allegations of fact from which the Court can infer RDC acted with intent to deceive the public and Plaintiff has therefore failed to comply with the requirements of Rule 9(b).

Even under the more relaxed pleading standards of Rule 8, Plaintiff has failed to allege sufficient facts to create a reasonable inference that RDC knew or was aware that the '879 Patent was expired, much less that RDC did anything with a purpose of deceiving the public. In the three paragraphs of substantive allegations against RDC (Compl. ¶¶ 122-124), Plaintiff provides only conclusory allegations "upon information and belief" that RDC acted with intent to deceive the public. Compl. ¶ 124. Such conclusory statements that merely parrot the statute are not enough. Plaintiff entirely ignores the requirement for pleading sufficient facts showing that it has a facially plausible claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff acknowledges that for liability to attach under Section 292, the timing of the marking must occur after the patent expires. Suff. of Compl. Oppn., Doc. 210, p. 6 (citing *Forest Group*). However, Plaintiff also acknowledges that the RDC owner's manual that Plaintiff alleges

is mismarked has a copyright date of 2005. Suff. of Compl. Oppn., Doc. 210 p. 12. Because Plaintiff has alleged that the '879 Patent "expired no later than 10/8/2008" (Compl. ¶ 123), the reasonable inference from Plaintiff's own pleadings is that at the time of the marking, the '879 Patent was still in force. Plaintiff has pled no facts that RDC marked the '879 Patent on any product after its expiration, much less that RDC did so with a purpose of deceiving the public. Thus, the showing in the record supports dismissal of the claims against RDC.

Plaintiff's Complaint is defective in other ways as well. Plaintiff acknowledges that *Inventorprise, Inc., v. Target Corp.*, No. 09-CV-00380, 2009 U.S. Dist. LEXIS 102852 (N.D.N.Y. Nov. 2, 2009), holds that a false patent marking not seen by the public is not "advertising" within the meaning of Section 292. Suff. of Compl. Oppn., Doc. 210 p. 12. It is clear from the ACCU-CHEK Compact Owner's Booklet (which Plaintiff noticeably did not attach as an exhibit to its Opposition) that the customer sees the booklet only after purchase of the product. *See* Wappel Decl., Ex. E (e.g.: "Thank you for choosing the ACCU-CHEK Compact meter!"). Further, the manual on the website is simply a copy of that provided with the product for those customers who have lost their original copy. The booklet is not "advertising" within the meaning of Section 292. Plaintiff has not stated a plausible claim.

Plaintiff does not even attempt to address or distinguish the cases cited by RDC in its Memorandum of Points and Authorities (Doc. 155 p. 13-15) and wholly ignores *Iqbal* and *Twombly*. Instead, Plaintiff relies on a single district court case to argue that its conclusory allegations pass muster. In the case relied upon by Plaintiff, the district court did not articulate the reasoning for its conclusion that the allegations were sufficient to survive a motion to dismiss. *FLFMC, LLC v. Ace Hardware Corp.*, No. 10-cv-0229, 2010 U.S. Dist. LEXIS 45453 at *7-8 (W.D. Pa. May 7, 2010). Plaintiff does not distinguish or otherwise address the cases cited by RDC, in particular *Brinkmeier v. Graco Children's Products Inc.*, 684 F. Supp. 2d 548, No. C.A. 09-262-JJF, 2010 WL 545896 at * 4 (D. Del. Feb. 16, 2010), finding allegations of patent marking much more detailed than those here failed to state a claim.

Here, Plaintiff has alleged no facts that lead to any inference that RDC marked the '879 Patent on ACCU-CHEK® Softclix lancets for the purpose of deceiving the public. In fact, the

only inference that can be discerned from the meager facts pled is that RDC placed its patent markings while the '879 Patent was still in force. Plaintiff has failed to plead the requisite facts to show that it (or the United States) is entitled to relief, and therefore the claims against RDC should be dismissed for failure to state a claim.

**V. THE CLAIMS AGAINST ROCHE DIAGNOSTICS CORPORATION SHOULD BE DISMISSED REGARDLESS OF WHETHER OTHER DEFENDANTS MAY BE JOINED.**

Plaintiff's claims against RDC should be dismissed because RDC is not a proper party and Plaintiff cannot succeed on its false marking claims against RDC. *See Stallings v. Black & Decker Corp.*, 500 F. Supp. 2d 1030, 1035 n.3 (S.D. Ill. 2007) (in product liability action, granting summary judgment dismissing sister corporation that did not manufacture product). RDC has met its burden of showing that the claims against it should be dismissed pursuant to Rule 12(b)(7) because RDC does not "mark[] upon, or affix[] to, or use[] in advertising" the patent numbers in question in connection with the products identified in the complaint. Doc. 155-1, RDC Mem. P&A, Ex. A, Young Decl. ¶ 7. Rather than move to amend its complaint to add the proper parties, Plaintiff responds by merely arguing that the registration of a domain name to Roche Diagnostics Corporation and the identification of "Roche Diagnostics" on the web pages appearing at that domain suggests that RDC is the proper party. Suff. of Compl. Oppn., Doc. 210 p. 12. Simply because a domain name is registered to RDC, it does not follow that RDC is responsible for the patent markings of products displayed on web pages at that domain. RDC has provided uncontroverted evidence that RDC does not mark the product at issue here, and that the product is manufactured by Roche Diagnostics GmbH, sold to Roche Diagnostics Operations, and then sold to RDC for distribution. Doc. 155-1 Young Decl. ¶ 7. *See Stallings*, 500 F. Supp. 2d at 1035 n.3. In sum, Plaintiff ignores the evidence of record and chooses to proceed against RDC, a corporate entity that cannot be liable for false patent marking in this case. RDC should be dismissed as an improper party.

## VI. PLAINTIFF FAILS TO PROVIDE ANY REASON WHY THE PRESENT CASE SHOULD NOT BE STAYED.

Finally, Plaintiff argues that a stay in the present case should be denied because the Federal Circuit has already implicitly addressed the standing issue in its *Solo Cup* decision. Stay Oppn. Doc. 213. However, the Federal Circuit will directly consider standing in *Stauffer v. Brooks Bros.*, that will determine whether Plaintiff even has standing in court. If this case is allowed to proceed and the Federal Circuit affirms *Brooks Bros.*, the standing issue will be raised again. *See Pandrol USA, LP v. Airboss Railway Products Inc.*, 320 F.3d 1354, 1367 (Fed. Cir. 2003); *City of Los Angeles v. County of Kern*, 581 F.3d 841, 845 (9th Cir. 2009) (standing is jurisdictional and therefore is properly raised at any point in litigation and cannot be waived). RDC respectfully submits that the absence of Federal Circuit law directly addressing the standing issue means that a decision in *Brooks Bros.* necessarily will simplify issues and streamline the case.

The current state of uncertainty regarding multiple issues of law in this case, "does not support expending party and court resources in the interim." *San Francisco Tech., Inc.*, 2010 WL 1463571 at *3. Whether a stay is warranted is left to the discretion of the Court based on the circumstances of the case, and other courts have granted and denied stays in the multitude of false patent marking cases before them. On the facts of this case, if the Court declines to either transfer or dismiss this case, RDC has shown that a stay is warranted

Indeed, Plaintiff has already stipulated to a stay in this case with respect to seven of the Defendants. Stip. Orders, Doc. 189; Doc. 238. Plaintiff acknowledges that the Federal Circuit decision in Brooks Bros. will have a bearing on this case and that "Judge Seeborg's reasoning [in *San Francisco Tech. v. Adobe Sys., Inc.*] is equally applicable to this proceeding, and that the Federal Circuit decision will narrow the issues in this case." Stip. Orders, Doc. 189 p. 2-3; Doc. 238 p. 2-3. It strains credulity for Plaintiff to argue that the case should proceed as to some Defendants to afford it "timely relief, without delay," Stay Oppn., Doc. 213 p.2, when the same case has already been stayed with respect to other Defendants by Plaintiff's own stipulation. The Court should grant a stay of the present case if the Court declines to grant the other relief requested by RDC.

**CONCLUSION**

For the reasons stated here and in RDC's Memorandum of Points and Authorities (Doc. 155), the present claims against RDC should be severed and dismissed pursuant to the first to file rule, in view of the same prior action brought by O'Neill in the Northern District of Illinois. Alternatively, the claims against RDC should be transferred to the Southern District of Indiana for the convenience of the parties and in the interests of justice. If the Court declines to transfer the present claims against RDC, alternatively, those claims should be dismissed because Plaintiff failed to plead a concrete injury, and thus lacks standing, Plaintiff has failed to state a claim upon which relief can be granted, and because RDC is not a proper party. Finally, if the Court declines to grant the relief requested, RDC requests that the case be stayed pending decision by the Federal Circuit in *Stauffer v. Brooks Bros.*, that will likely simplify the issues and streamline the case.

Dated: June 24, 2010

BERGESON, LLP

By: /s/
Caroline McIntyre

Attorneys for Defendant
ROCHE DIAGNOSTICS CORPORATION