Case5:10-cv-00966-JF Document254 Filed06/24/10 Page1 of 17

FREDERICK G. HEROLD (SBN: 229239)
frederick.herold@dechert.com
**DECHERT LLP**
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
Telephone: +1 650 813 4800
Facsimile: +1 650 813 4848

Attorney for Defendant
CHURCH & DWIGHT CO. INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

SAN FRANCISCO TECHNOLOGY INC.
Plaintiff,
v.

THE GLAD PRODUCTS COMPANY,
BAJER DESIGN & MARKETING INC.,
BAYER CORPORATION,
BRIGHT IMAGE CORPORATION,
CHURCH & DWIGHT CO. INC.,
COLGATE-PALMOLIVE COMPANY,
COMBE INCORPORATED,
THE DIAL CORPORATION,
EXERGEN CORPORATION,
GLAXOSMITHKLINE LLC,
HI-TECH PHARMACAL CO. INC.,
JOHNSON PRODUCTS COMPANY INC.,
MAYBELLINE LLC.,
MCNEIL-PPC INC.,
MEDTECH PRODUCTS INC.,
PLAYTEX PRODUCTS INC.,
RECKITT BENCKISER INC.,
ROCHE DIAGNOSTICS CORPORATION,
SOFTSHEEN-CARSON LLC,
SUN PRODUCTS CORPORATION,
SUNSTAR AMERICAS INC.
Defendants.

Case No. CV10-00966-JF

**CHURCH & DWIGHT'S REPLY BRIEF FOR ITS MOTIONS TO DISMISS, TO SEVER AND TRANSFER, AND TO STAY**

Date: July 8, 2010
Time: 1:30 p.m.
Room: Courtroom 3, 5th Floor
Judge: Hon. Jeremy Fogel

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT'S REPLY BRIEF FOR ITS MOTIONS TO DISMISS, TO SEVER AND TRANSFER, AND TO STAY; Case No. CV10-00966-JF

13824476

Case5:10-cv-00966-JF Document254 Filed06/24/10 Page2 of 17

# TABLE OF CONTENTS

**Page**

I. THE COURT SHOULD DISMISS THIS CASE. .......... 1

II. ALTERNATIVELY, THE COURT SHOULD SEVER THE CASE AGAINST CHURCH AND DWIGHT AND TRANSFER IT TO THE EASTERN DISTRICT OF PENNSYLVANIA. .......... 1

- A. The Court Should Sever The Case Against Church And Dwight. .......... 1
- B. The Court Should Transfer The Case Against Church And Dwight To Pennsylvania, Where An Overlapping Case Is Already Pending. .......... 2
  - 1. California Public Policy Mandates a Transfer to Pennsylvania. .......... 3
  - 2. There Are No Relevant Agreements or Forum Selection Clauses. .......... 4
  - 3. The California and Pennsylvania Courts Are Equally Familiar with the Applicable Law. .......... 4
  - 4. The Court May Ignore the Plaintiff's Choice of Forum .......... 5
  - 5. The Parties' More Significant Contacts Are with Pennsylvania .......... 6
  - 6. Pennsylvania Has More Contacts with the Alleged Act of False Marking. .......... 7
  - 7. Litigation Is Less Expensive in Pennsylvania. .......... 7
  - 8. The Availability of Plaintiffs' Alleged Witnesses Is the Same in Both Jurisdictions. .......... 8
  - 9. The Sources of Evidence Are Located in, or Are Convenient to, the Eastern District of Pennsylvania. .......... 9
- C. Conclusion .......... 9

III. ALTERNATIVELY, THE COURT SHOULD STAY THIS CASE. .......... 9

IV. CONCLUSION .......... 12

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT'S REPLY BRIEF FOR ITS MOTIONS TO DISMISS, TO SEVER AND TRANSFER, AND TO STAY; Case No. CV10-00966-JF

i

13824476

Case5:10-cv-00966-JF Document254 Filed06/24/10 Page3 of 17

# TABLE OF AUTHORITIES

**CASES**

*Brown v. GSA*, 425 U.S. 820 (1976) ........ 5

*Cal. Closet Co. v. Ebben*, No. C 08-625, 2008 U.S. Dist. LEXIS 106467, 2008 WL 1766767 (N.D. Cal. Apr. 15, 2008) ........ 4

*Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997) ........ 2

*Forest Group Inc. v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009) ........ 10

*Gates Learjet Corp. v. Jensen*, 743 F.2d 1325 (9th Cir. 1984) ........ 9

*Insituform Techs., Inc. v. Cat Contr., Inc.*, 385 F.3d 1360 (Fed. Cir. 2004) ........ 2

I*P Co. v. Oncor Electronic Del'y* (E.D. Tex. Aug. 3, 2009) ........ 8

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) ........ 3, 6

*McKay v. Hageseth*, No. C-06-1377 MMC, 2007 U.S. Dist. LEXIS 29436, 2007 WL 1056784 (N.D. Cal. Apr. 6, 2007) ........ 5

*Murphy v. Murphy*, 78 Cal. Rptr. 3d 784 (Ct. App. 2008) ........ 4

*People v. Garcia*, 39 Cal. 4th 1070 (2006) ........ 4

*S.F. Tech., Inc. v. Adobe Sys., Inc.*, No. C 09-6083 RS, 2010 U.S. Dist. LEXIS 40216, 2010 WL 1463571 (N.D. Cal. Apr. 13, 2010) ........ 1, 2, 10

*Unocal Corp. v. United States*, 222 F.3d 528 (9th Cir. 2000) ........ 5

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT'S REPLY BRIEF FOR ITS MOTIONS TO DISMISS, TO SEVER AND TRANSFER, AND TO STAY; Case No. CV10-00966-JF

ii

13824476

Case5:10-cv-00966-JF Document254 Filed06/24/10 Page4 of 17

**STATUTES**

28 U.S.C. § 1295 .......... 10

28 U.S.C. § 1404(a) .......... 1, 3, 8

35 U.S.C. § 285 .......... 5

Cal. Civ. Proc. Code § 1021.5 .......... 4, 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 20(a)(2)(A) .......... 1, 2

Fed. R. Civ. P. 21 .......... 1

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT'S REPLY BRIEF FOR ITS MOTIONS TO DISMISS, TO SEVER AND TRANSFER, AND TO STAY; Case No. CV10-00966-JF

iii

13824476

Case5:10-cv-00966-JF Document254 Filed06/24/10 Page5 of 17

Defendant Church and Dwight Company, Inc. makes this reply to the opposition briefs of plaintiff San Francisco Technology, Inc. ("S.F. Tech") to Church and Dwight's consolidated motion to dismiss, to sever and transfer, and to stay (motion at Docket #127; oppositions at Docket ## 210 & 212, 211 & 214, and 213, respectively).

## I. THE COURT SHOULD DISMISS THIS CASE.

Church and Dwight relies upon and incorporates by reference the arguments made in its co-defendants' briefs supporting their motions to dismiss. S.F. Tech does not have standing, nor has S.F. Tech sufficiently pled its cause of action.

## II. ALTERNATIVELY, THE COURT SHOULD SEVER THE CASE AGAINST CHURCH AND DWIGHT AND TRANSFER IT TO THE EASTERN DISTRICT OF PENNSYLVANIA.

This case is an egregious example of misjoinder. If it is not dismissed outright, then the Court should correct the misjoinder of Church and Dwight by severing the case against it under Rule 21, and transferring it to the Eastern District of Pennsylvania under 28 U.S.C. § 1404(a). That is just what the Court did in an indistinguishable companion case filed by the same plaintiff against other defendants . *See S.F. Tech., Inc. v. Adobe Sys., Inc.*, no. 09-cv-6083, slip op. (N.D. Cal. Apr. 13, 2010) (Seeborg, J.). Transfer of venue would also be consistent with the rulings in several other false marking cases. *See Ivy-Dry, Inc. v. Zanfel Labs, Inc.*, no. 08-cv-4942, 2009 U.S. Dist. LEXIS 53307, 2009 WL 1851028 (D.N.J. June 24, 2009); *Patent Compliance Group, Inc. v. Hunter Fan Co.*, no. 10-cv-359, slip op. (N.D. Tex. June 7, 2010).

### A. <u>The Court Should Sever the Case Against Church and Dwight.</u>

S.F. Tech must establish a common transaction or occurrence among multiple defendants in order to justify its joinder of the 21 unrelated defendants in this case. Fed. R. Civ. P. 20(a)(2)(A). The argument that S.F. Tech has ginned up may be novel and creative, but it is not the law. Plaintiff asserts that:

> The purpose of the false marking statute is to prevent harm to the consuming public. . . . This stifling of competition harms the consuming public by causing them to face higher prices and reduced choices in the marketplace. Since the harm being redressed in this action is the same for all the defendants, the claims arise out of the same "series of transactions or occurrences."

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT'S REPLY BRIEF FOR ITS MOTIONS TO DISMISS, TO SEVER AND TRANSFER, AND TO STAY; Case No. CV10-00966-JF

1

13824476

Case5:10-cv-00966-JF Document254 Filed06/24/10 Page6 of 17

Docket #211 at 1-2. S.F. Tech has not pled these alleged facts. Most significantly, however, it cannot offer any legal support for the remarkable proposition that the same alleged injury to the "consuming public" can transform otherwise-independent sets of facts involving 21 companies with 21 entirely different sets of products and patents into the same "series of transactions or occurrences."

As a matter of law, an allegation of the same harm resulting from otherwise distinct actions is not a legally sufficient basis for joinder in this Circuit. *See, e.g., Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997) (holding that a common injury, *i.e.*, delay in multiple administrative decisions, was insufficient to warrant joinder); *see also Insituform Techs., Inc. v. Cat Contr., Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004) (holding that regional circuit law applies to joinder issues). This is especially so when the alleged harm is simply alleged harm to the general "consuming public." S.F. Tech's argument is akin to asserting that because Heinz has an alleged monopoly on ketchup, Gerber has an alleged monopoly on baby food, and Kleenex has an alleged monopoly on tissues, a plaintiff can join all three in a single lawsuit simply because each allegedly causes high prices at the supermarket.

In S.F. Tech's companion case, in which the relevant facts are indistinguishable, Judge Seeborg said this: "There is no tenable argument that the claims alleged against each of these separate defendants arise out of the 'same transaction, occurrence, or series of transactions or occurrences.' . . . Accordingly, there simply is no basis to join these fourteen defendants in a single suit." *S.F. Tech., Inc. v. Adobe Sys., Inc.*, No. C 09-6083 RS, 2010 U.S. Dist. LEXIS 40216, at *6, 2010 WL 1463571, at *1-2 (N.D. Cal. Apr. 13, 2010).

In sum, S.F. Tech cannot point to any common transaction or occurrence, or a common series of transactions or occurrences, as required by Rule 20(a)(2)(A). Therefore, the claim against Church and Dwight should be severed from the claims against all of the other defendants in this action.

### B. **<u>The Court Should Transfer the Case against Church and Dwight to Pennsylvania, Where an Overlapping Case Is Already Pending.</u>**

S.F. Tech's opposition to a transfer *completely ignores* the other expired-patent false

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT'S REPLY BRIEF FOR ITS MOTIONS TO DISMISS, TO SEVER AND TRANSFER, AND TO STAY; Case No. CV10-00966-JF

2

13824476

Case5:10-cv-00966-JF Document254 Filed06/24/10 Page7 of 17

marking suit pending against Church and Dwight (only) in the Eastern District of Pennsylvania, *Hirschhorn v. Church & Dwight Co.*, E.D. Pa. no. 10-cv-1156, which suit was prominently featured in Church and Dwight's motion to transfer. *See* Docket #127 at 5. The Pennsylvania suit is substantially similar to this one, not only because the legal issues are identical, but also because it concerns some of the exact same accused products and patents as this case does.

The existence of the Pennsylvania litigation is a dispositive fact that requires a transfer to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a),[1] because the transfer will result in judicial economy, will avoid the risk of inconsistent judgments, will be considerably more convenient to the witnesses, and will cost less for both parties to litigate.[2]

S.F. Tech not only ignores these inconvenient facts, but it also ignores the inconvenient law. Although S.F. Tech's opposition brief addresses eight factors enumerated in the *Jones* case for determining whether a transfer is appropriate, it completely ignores a key additional factor discussed in *Jones* -- whether transfer is supported by the relevant public policy of the forum state. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000) ("We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.")

**1. California Public Policy Mandates a Transfer to Pennsylvania.**

The key "public policy" factor, which S.F. Tech omits from its 1404(a) analysis, mandates the transfer of this case to the Eastern District of Pennsylvania and consolidation with the case already pending there—because only such a transfer would serve two important public policies in California: judicial economy and the avoidance of inconsistent judgments.

A transfer to Pennsylvania will promote judicial economy. If the case is not transferred, then both this Court and its sister court in Pennsylvania may well wind up duplicating each other's work in deciding identical legal and factual issues. The facts unique to Church and

---

1 The parties do not dispute that S.F. Tech's claim against Church and Dwight "might have been brought" in the Eastern District of Pennsylvania. 28 U.S.C. § 1404(a).

2 Church and Dwight intends to seek consolidation of the two cases, if this case is transferred to the Pennsylvania court.

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT'S REPLY BRIEF FOR ITS MOTIONS TO DISMISS, TO SEVER AND TRANSFER, AND TO STAY; Case No. CV10-00966-JF

3

13824476

Case5:10-cv-00966-JF Document254 Filed06/24/10 Page8 of 17

Dwight—what accused products were marked with what accused patents and when, and whether there was a purpose of deceiving the public—should not be the subject of discovery and fact finding on both sides of the continent. Trying the same issues once in Pennsylvania (where Church and Dwight is the only defendant), and again in California, is not only inefficient, it also risks inconsistent findings of fact and risks inconsistent judgments by the two district courts.

California has explicit public policies to "promote judicial economy by minimizing repetitive litigation," *People v. Garcia*, 39 Cal. 4th 1070, 1079 (2006), and "to prevent inconsistent judgments which undermine the integrity of the judicial system," *Murphy v. Murphy*, 78 Cal. Rptr. 3d 784, 806 (Ct. App. 2008). Transfer of this case to Pennsylvania is necessary to uphold both these policies.

**2. There Are No Relevant Agreements or Forum Selection Clauses.**

In examining this first enumerated factor discussed in *Jones*, S.F. Tech misleads the Court by stating that, because "SF Tech does not have contracts with any of the defendants with a forum selection clause, . . . [*t*]*herefore, this factor weighs against transfer*." S.F. Tech brief (docket #214) at 2 (emphasis added). But rather than weighing against transfer, the fact that Church and Dwight has never had any contract (or any other relationship) with S.F. Tech. simply renders this factor inapplicable. *See Cal. Closet Co. v. Ebben*, No. C 08-625, 2008 U.S. Dist. LEXIS 106467, at *27 n.2, 2008 WL 1766767, at *4 n.2 (N.D. Cal. Apr. 15, 2008).

**3. The California and Pennsylvania Courts Are Equally Familiar with the Applicable Law.**

In an effort to resist transfer, S.F. Tech now belatedly claims that a California attorneys fee statute, Cal. Civ. P. Code § 1021.5, applies to its federal false marking case, and tries to uses that claim as a reason why this case should not be transferred to Pennsylvania. But even if the California fee statute did apply (which it does not; *see* below), S.F. Tech's logic is circular bootstrapping: "California Civil Procedure Code § 1021.5 applies because this case is in a California court, and since 1021.5 applies, this case should be in a California court."

At any rate, enforcement of the false marking statute is not the kind of "public interest litigation" that California wanted to encourage in enacting § 1021.5. To the contrary, the

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT'S REPLY BRIEF FOR ITS MOTIONS TO DISMISS, TO SEVER AND TRANSFER, AND TO STAY; Case No. CV10-00966-JF

4

13824476

purpose of the attorneys fee statute "is to encourage suits of societal importance which private parties would not otherwise have an incentive to pursue. Section 1021.5 was not designed as a method for rewarding litigants motivated by their own pecuniary interests who only coincidentally protect the public interest." *Unocal Corp. v. United States*, 222 F.3d 528, 544 (9th Cir. 2000) (citation and quotation marks omitted). As the recent "gold rush" of expired patent false marking suits has made clear, plaintiffs like S.F. Tech need no additional incentive to sue. *See, e.g., Solo Cup*, 2010 U.S. App. LEXIS 11820, at *6 n.1, 2010 WL 2346649, at *2 n.1 (Fed. Cir. June 10, 2010) (noting that the plaintiff was seeking 5.4 *trillion* dollars in damages). A *qui tam* action like this one is designed to compensate the plaintiff for his effort.

Moreover, the Patent Act is a complete body of federal law that preempts § 1021.5. The Act not only contains a *qui tam* provision which pays relators (including attorney-relators such as the one here) up to 50% of any penalties ultimately assessed, but it also contains a specific statute for the award of attorney fees. *See* 35 U.S.C. § 285. Therefore, any state's general attorney-fee statute would be preempted by the specific federal statute. *See generally Brown v. GSA*, 425 U.S. 820, 834 (1976) ("a precisely drawn, detailed statute pre-empts more general remedies."). It is no wonder that, despite the considerable docket of patent litigation in this District and elsewhere in California, § 1021.5 has never been applied to a case under the federal Patent Act, much less to a *qui tam* false marking case.

Finally, the applicability of § 1021.5 would be premature and speculative. S.F. Tech could not have a claim for attorneys' fees under the statute until *after* it has prevailed on the merits. *McKay v. Hageseth*, No. C-06-1377 MMC, 2007 U.S. Dist. LEXIS 29436, at *10, 2007 WL 1056784, at *3 (N.D. Cal. Apr. 6, 2007).

As a result, S.F. Tech's claims arise solely under federal patent law, and since the two courts are equally able to interpret federal law, this is a neutral factor.

**4. The Court May Ignore the Plaintiff's Choice of Forum**

The Court should ignore S.F. Tech's choice of forum for at least two reasons. First, "where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the . . . cause of action and all of whom could with equal show of right go into

Case5:10-cv-00966-JF Document254 Filed06/24/10 Page10 of 17

their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." *Johns v. Panera Bread Co*, no. 08-1071 SC, 2008 U.S. Dist. LEXIS 78756, at *6, 2008 WL 2811827, *2 (N.D. Cal. July 21, 2008) (citing *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)). Under S.F. Tech's interpretation of standing for the false marking statute, there are millions of potential *qui tam* plaintiffs in America. The fact that one of them happens to be from this District is immaterial. It is, of course, also undeniably true here that there is another equally motivated *qui tam* plaintiff in Pennsylvania, where the other false marking case against Church and Dwight was filed.

Second, "[c]ourts generally do not consider the convenience of counsel to be a relevant factor in considering a motion to transfer venue." *Zimpelman v. Progressive N. Ins. Co.*, no. C 09-3306-RMW, 2010 U.S. Dist. LEXIS 5582, at *4, 2010 WL 135325, at *1 (N.D. Cal. Jan. 8, 2010). Here, S.F. Tech's president (and only officer and only employee) is Dan Mount, who is also the first name partner in the plaintiff's law firm, Mount and Stoelker. *See* Mount Declaration (Docket #216) ¶3. S.F. Tech's address is at Mount and Stoelker's offices. *See* Ex. A. Yet, Attorney Mount is not among the witnesses whom S.F. Tech claims to have knowledge relevant to its claims. *See* Fingerman Dec. (Docket #217) ¶2. Thus, it appears to be the convenience of the *lawyers* which dictated the plaintiff's choice of forum, not the convenience of anyone from S.F. Tech. In sum, the plaintiff's choice of forum should be ignored.

**5. The Parties' More Significant Contacts Are with Pennsylvania**

S.F. Tech's argument on this factor is fatally flawed. Although it describes some of its own and Church and Dwight's alleged contacts with California, it *completely omits* any discussion of the parties' contacts with Pennsylvania, as required by *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). Moreover, the two cases that S.F. Tech. cites in support of its conclusion are both irrelevant—they are personal jurisdiction cases, not venue cases. *See* Docket #214 at 4 n.15 (citing *Calder v. Jones*, 465 U.S. 783 (1984), and *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981 (9th Cir. 2009)).

Church & Dwight's largest manufacturing facility (450,000 sq. ft.) is in Pennsylvania. Ex. B (form 10-K) at 18. Church and Dwight's largest product warehouse

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT'S REPLY BRIEF FOR ITS MOTIONS TO DISMISS, TO SEVER AND TRANSFER, AND TO STAY; Case No. CV10-00966-JF

6

13824476

(600,000 sq. ft.) is also in Pennsylvania. *Id.* The company stores the accused products in its warehouse in Pennsylvania. The company sells the accused products in both jurisdictions. It has only a small 50,000 sq. ft. manufacturing facility in Madera, California. *Id.*

In contrast, S.F. Tech's contacts with California are superficial. Although it receives mail at Mount and Stoelker's address, S.F. Tech's only "operations" are evidently to have Mount and Stoelker file false marking lawsuits on its behalf.

**6. Pennsylvania Has More Contacts with the Alleged Act of False Marking.**

S.F. Tech admits that this factor weighs in favor of transfer. *See* Docket #214 at 4.

**7. Litigation Is Less Expensive in Pennsylvania.**

In claiming that litigation would be less expensive in California, and that judicial economy would be served, S.F. Tech failed to consider the overlapping false marking case pending against Church and Dwight in the Eastern District of Pennsylvania, a case which concerns some of the exact same Church and Dwight patents and products as those at issue here, namely *Hirschhorn v. Church & Dwight Co.*, E.D. Pa. no. 10-cv-1156. Contrary to S.F. Tech's conclusions, a transfer and consolidation with the Pennsylvania case would not only save the judiciary considerable effort, but would also be less expensive for *both* litigants.

The central relevant facts to be discovered and proved in an expired-patent false marking case, *e.g.* what patents were marked on the accused products, when and if they expired, and whether the defendant had a purpose of deceiving the public, are unique to each defendant. If this case is transferred, the Pennsylvania court will have to make those findings of fact (and manage discovery of them). In contrast, if this case is *not* transferred, then *both* this Court and the Pennsylvania court will have to do that work, ultimately conducting two trials of those issues instead of one. Granting Church and Dwight's motion to transfer will save judicial resources.

Although S.F. Tech complains about the "extremely high burden" of paying for litigation, Docket #214 at 5, a consolidated action in Pennsylvania would be less expensive for all the litigants. For S.F. Tech, the costs of pursuing its claims against Church and Dwight there would presumably be shared with the plaintiff in the Pennsylvania case if the case is transferred

and consolidated there. The *Oncor Electronic Delivery* case cited by S.F. Tech makes exactly these points:

> "[T]he existence of multiple suits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice" and that "a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy, and money that § 1404(a) was designed to prevent."

I*P Co. v. Oncor Electronic Del'y* (E.D. Tex. Aug. 3, 2009) (Docket #215 Ex. L).

In addition, S.F. Tech's complaint that it "lacks the resources to send its employee across the country" rings hollow. Docket #214 at 5. As a *qui tam* relator, S.F. Tech (and its president, attorney Dan Mount) voluntarily took on the burden of litigation and of mis-joining 21 large corporations into one suit. Attorney Mount surely knew that litigation against 21 corporations headquartered all over the country would involve up-front costs, including travel costs. S.F. Tech must have the resources to invest in the prosecution of this case (in the hope of a later recovery) or else it would not have filed it.

**8. The Availability of Plaintiffs' Alleged Witnesses Is the Same in Both Jurisdictions.**

S.F. Tech asserts that it might need to hale 13 clerks from the local San Jose Walgreens into Court "to show that the defendants' accused products arrive at national retail chain stores frequently and in high volumes, and are then sold to the public quickly after the retail store receives them." *See* Docket #214 at 6; Fingerman Dec. (Docket #217) ¶ 2. This story is as silly as it is insincere. It is unlikely that the issue of whether the Church and Dwight consumer products at issue (*e.g.*, toothpaste) were sold in high volume with rapid turnover at retail stores will be a central, contested issue—let alone that proving these facts will require the Plaintiff to call 13 store clerks. Moreover, even if S.F. Tech had a *genuine* need for 13 store clerks to prove up these basic facts about toothpaste sales, it could use clerks from any "national retail chain store" in the country, including from the Walgreens drug store at 901 Market Street in Philadelphia, Pennsylvania—which is only three blocks from the federal courthouse where the *Hirschhorn* case is pending. In fact, the truly central and unique witnesses in the case will almost

all be located in or near Pennsylvania, as discussed below.

**9. The Sources of Evidence Are Located in, or Are Convenient to, the Eastern District of Pennsylvania.**

The basic facts that the plaintiff will try to prove in this expired-patent false marking case will be what products may have been marked with what patents and when, and whether there was a purpose of deceiving the public. The witnesses and sources of proof for those facts are most likely to be found in two places: Church and Dwight's headquarters in Princeton, New Jersey (within the bulge jurisdiction of the Eastern District of Pennsylvania courthouse in Philadelphia), or perhaps at a Church and Dwight warehouse (the largest of which is located in Pennsylvania). See Ex. B at 1 (location of headquarters), 18-19 (location and size of warehouses). No sources of proof or witnesses appear to be located in California, except for the San Jose Walgreens drug store clerks who are unlikely to be needed at all for the reasons stated above. *See also Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984) (holding that the Court must consider the importance of the witnesses in the case, not just their number and location). Clearly, Philadelphia is more convenient than San Jose for the key witnesses who are expected to be from New Jersey and/or Pennsylvania. As such, convenience dictates granting Church and Dwight's motion to transfer.

**C. <u>Conclusion</u>**

Among the eight factors enumerated in *Jones* plus the California policy factor, five of the factors weigh in favor of a transfer to the Eastern District of Pennsylvania, and four are merely neutral.

**III. ALTERNATIVELY, THE COURT SHOULD STAY THIS CASE.**

S.F. Tech admits that the *Stauffer v. Brooks Brothers* appeals will "squarely address the standing question" that is required for subject matter jurisdiction here, and that "[t]he standing question in *Pequignot* is factually indistinguishable from the standing question in this case." Docket #213 at 1. S.F. Tech even admits that a stay will "limit the issues that this [C]ourt will be required to decide." *Id.* Moreover, S.F. Tech has already agreed to stay the case against six

Case5:10-cv-00966-JF Document254 Filed06/24/10 Page14 of 17

defendants, *see* Docket ##171, 238, for the same reasons. S.F. Tech's reasons for opposing the motion to stay, *i.e.*, that "SF Tech is entitled to timely relief, without undue delay," Docket #213 at 2, are inconsistent with its willingness to grant stays for parts of this case.

Perhaps S.F. Tech is waffling on a stay because it fundamentally misunderstands subject matter jurisdiction. In its brief opposing a stay, S.F. Tech states, "the Federal Circuit held in *Pequignot v. Solo Cup* that subject matter jurisdiction was valid." Docket #213 at 1 & n.3 (citing 2010 U.S. App. LEXIS 11820, at *10). To the contrary, the Federal Circuit held only that the Court of Appeals had *appellate* jurisdiction under the Federal Circuit jurisdiction statute, 28 U.S.C. § 1295.[3] S.F. Tech is mixing up the jurisdiction of the Court of Appeals with the a district court's Article III subject matter jurisdiction, which the Federal Circuit's decision in the *Stauffer v. Brooks Brothers* appeals will likely resolve this year for false marking cases like this one.

Regardless, one thing is clear: other district courts have overwhelmingly granted stays. In addition to Judge Seeborg's decision staying S.F. Tech's sister case in this Court, *see S.F. Tech., Inc. v. Adobe Sys., Inc.*, N.D. Cal. no. 09-cv-6083 (Apr. 13, 2010) (granting stays pending *Brooks Brothers*), the stays of false marking cases of which Church and Dwight is aware of include:

1. *Brule Research Assocs. Team, LLC v. A.O. Smith Corp.*, E.D. Wis. no. 08-cv-1116 (stipulated stay pending *Solo Cup* on Aug. 11, 2009; not yet reopened).

2. *Pequignot v. Gillette Co.*, E.D. Tex. no. 08-cv-222 (joint motion to stay pending *Solo Cup* granted Sept. 17, 2010; motion to stay pending *Brooks Brothers* is pending).

3. *Heathcote Holdings Corp. v. Church & Dwight Co.*, E.D. Tex. no. 08-cv-349 (motion to stay pending Solo Cup granted Oct. 5, 2009; modified to stay pending *Brooks Brothers* on June 3, 2010).

4. *Public Patent Found. v. GlaxoSmithKline Consumer Healthcare, L.P.*, S.D.N.Y. no. 09-cv-5881 (sua sponte say pending *Brooks Brothers* issued on Feb. 17, 2010).

---

3 S.F. Tech also states that the Federal Circuit "blessed qui tam standing" in *Forest Group Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1303–1304 (Fed. Cir. 2009). Docket #314 at 1 & n.5. Once again, S.F. Tech is reading things that the Federal Circuit simply did not write, because *Forest Group* merely acknowledges that the *statue* permits *qui tam* actions; it does *not* address whether members of the public without an injury-in-fact have standing.

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT'S REPLY BRIEF FOR ITS MOTIONS TO DISMISS, TO SEVER AND TRANSFER, AND TO STAY; Case No. CV10-00966-JF

10

13824476

Case5:10-cv-00966-JF Document254 Filed06/24/10 Page15 of 17

5. *Heathcote Holdings Corp. v. Crayola LLC*, N.D. Ill. no. 10-cv-342 (joint motion to stay pending *Brooks Brothers* granted on Apr. 8, 2010)

6. *Zojo Solutions, Inc. v. Leviton Mfg. Co., Inc.*, N.D. Ill. no. 10-cv-881 (motion to stay pending *Brooks Brothers* granted Apr. 21, 2010).

7. *Public Patent Found. v. McNeil-PPC, Inc.*, S.D.N.Y. no. 09-cv-5471 (*sua sponte* stay pending *Brooks Brothers* granted Apr. 23, 2010).

8. *Newt LLC v. Nestle USA, Inc.*, N.D. Ill. no. 09-cv-4793 (unopposed motion to stay pending *Brooks Brothers* granted Apr. 28, 2010).

9. *Altrach Data Solutions v. Evercare Co.*, N.D. Ga. no. 10-cv-461 (joint motion to stay pending *Brooks Brothers* granted Apr. 29, 2010).

10. *Hollander v. Timex Group USA, Inc.*, E.D. Pa. no. 10-cv-429 (motion to stay pending *Brooks Brothers* granted May 5, 2010).

11. *Hollander v. Hospira*, E.D. Pa. no. 10-cv-235 (stay pending *Solo Cup* and *Brooks Brothers* granted May 6, 2010).

12. *Crestron Elec., Inc. v. Lutron Elec. Co., Inc.*, D.N.J. no 10-cv-1290 (stay pending *Brooks Brothers* granted May 13, 2010).

13. *Simonian v. L'Oreal USA Creative Inc.*, N.D. Ill. no. 10-v-1345 (stay pending *Brooks Brothers* granted May 14, 2010).

14. *O&G Searchquest, Inc. v. Procter & Gamble Co.*, S.D. Tex. no. 10-cv-1164 (stay pending *Brooks Brothers* granted May 17, 2010).

15. *Hirschhorn v. Church & Dwight Co.*, E.D. Pa. no. 10-cv-1156 (stay pending *Brooks Brothers* granted May 17, 2010).[4]

16. *Heathcote Holdings Corp. v. Clorox Co.*, N.D. Ill. no. 10-cv-94 (agreed motion to stay pending *Brooks Brothers* granted May 18, 2010).

17. *Holander v. B. Braun Med., Inc.*, E.D. Pa. 10-cv-835: Stay pending *Brooks Brothers* and *Solo Cup* issued May 20, 2010.

18. *O&G Searchquest, Inc. v. McNeil-PPC, Inc.*, S.D. Tex. no. 10-cv-1004 (stay pending *Brooks Brothers* granted on May 24, 2010).

19. *Simonian v. Mead Westvaco Corp.*, N.D. Ill. no. 10-cv-1217 (dismissed without prejudice to refile pending resolution of *Brooks Brothers* on June 3, 2010).

---

[4] If Church and Dwight's motion to sever and transfer is granted here, Church and Dwight will seek consolidation with the *Hirschhorn* case, whose accused patents and products overlap those at issue in this case.

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT'S REPLY BRIEF FOR ITS MOTIONS TO DISMISS, TO SEVER AND TRANSFER, AND TO STAY; Case No. CV10-00966-JF

11

13824476


Case5:10-cv-00966-JF Document254 Filed06/24/10 Page16 of 17

20. *Hungerpiller v. Energizer Holdings, Inc.*, N.D. Ala. no. 10-cv-290 (motion to stay pending *Brooks Brothers* granted June 9, 2010).

21. *Englehardt v. Costco Wholesale Corp.*, N.D. Ill. no. 10-cv-1424 (stay pending "similar cases" in the Federal Circuit granted June 9, 2010).

22. *Baker v. Procter & Gamble Co.*, W.D. Tenn. no. 10-cv-2277 (stay pending *Brooks Brothers* granted June 22, 2010).

**IV. CONCLUSION**

If this case is not dismissed, then it clearly should be transferred to the Eastern District of Pennsylvania. Failing that, this case should be stayed.

Dated: June 24, 2010

Dechert LLP

By: /s/ Frederick G. Herold
Frederick G. Herold
Attorney for Defendant
CHURCH & DWIGHT CO. INC.

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT'S REPLY BRIEF FOR ITS MOTIONS TO DISMISS, TO SEVER AND TRANSFER, AND TO STAY; Case No. CV10-00966-JF

12

13824476

Case5:10-cv-00966-JF Document254 Filed06/24/10 Page17 of 17

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 24, 2010, the foregoing document was filed with the Clerk of U.S. District Court of the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.

Dated: June 24, 2010

Dechert LLP

By:/s/ /Frederick G. Herold
Frederick G. Herold
Attorney for Defendant
CHURCH & DWIGHT CO. INC.

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CHURCH & DWIGHT'S REPLY BRIEF FOR ITS MOTIONS TO DISMISS, TO SEVER AND TRANSFER, AND TO STAY; Case No. CV10-00966-JF

13

13824476