1  WESLEY E. OVERSON (CA SBN 154737)
   WOverson@mofo.com
2  DANIEL P. MUINO (CA SBN 209624)
   DMuino@mofo.com
3  DAISY DANIELLE COLEMAN (CA SBN 248456)
   DColeman@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone: 415.268.7000
6  Facsimile: 415.268.7522

7  Attorneys for Defendant
   BAYER CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC.,<br><br>Plaintiff,<br>v.<br><br>THE GLAD PRODUCTS COMPANY, BAJER DESIGN & MARKETING INC., BAYER CORPORATION, BRIGHT IMAGE CORPORATION, CHURCH & DWIGHT CO. INC., COLGATE-PALMOLIVE COMPANY, COMBE INCORPORATED, THE DIAL CORPORATION, EXERGEN CORPORATION, GLAXOSMITHKLINE LLC, HI-TECH PHARMACAL CO. INC., JOHNSON PRODUCTS COMPANY INC., MAYBELLINE LLC, MCNEIL-PPC INC., MEDTECH PRODUCTS INC., PLAYTEX PRODUCTS INC., RECKITT BENCKISER INC., ROCHE DIAGNOSTICS CORPORATION, SOFTSHEEN-CARSON LLC, SUN PRODUCTS CORPORATION, SUNSTAR AMERICAS INC.,<br><br>Defendants. | Case No.: CV10-00966 JF PVT<br><br>Judge: Hon. Jeremy Fogel<br>Date: July 8, 2010<br>Time: 1:30 p.m.<br>Courtroom: 3, 5th Floor<br><br>**DEFENDANT BAYER CORPORATION'S REPLY IN SUPPORT OF MOTION TO STAY**<br><br>Complaint Filed: March 5, 2010 |

BAYER'S REPLY IN SUPPORT OF MOTION TO STAY
CASE NO. CV10-00966 JF PVT
sf-2860458

## I. INTRODUCTION

Defendant Bayer Corporation ("Bayer") previously joined the Notice of Motion and Motion to Stay filed by defendant Bajer Design & Marketing, Inc. ("Bajer"). (Dkt. No. 156.) On May 13, 2010, Bajer entered into a stipulation to stay the action with plaintiff San Francisco Technology Inc. ("SFTI"). (Dkt. No. 171.) The Court signed the stipulation and order staying the action with respect to Bajer on May 28, 2010. (Dkt. No. 189.) SFTI also offered a stipulated stay to Bayer which Bayer accepted, but SFTI subsequently reneged on the proffered stipulation. Consequently, Bayer herein replies in support of the Motion to Stay, and Bayer will appear and argue the motion on its behalf at the hearing on July 8, 2010.

SFTI's opposition to defendants' Motion to Stay ("Opp'n" (Dkt. No. 213)) does not provide any reason that should stop this Court from staying this action until the exact standing issue facing this Court is decided by the Federal Circuit in *Stauffer v. Brooks Bros.*, Fed. Cir. Appeal Nos. 2009-1428, 2009-1430, 2009-1453. Contrary to SFTI's argument, the Federal Circuit's *Pequignot* decision did not resolve the standing issue, but the Federal Circuit's decision in *Stauffer* will.

## II. ARGUMENT

### A. The Federal Circuit's *Pequignot* Decision Did Not Decide the Standing Issue

SFTI argues that the Federal Circuit's decision in *Pequignot* resolved the standing issue. The *Pequignot* decision, however, said nothing whatsoever about standing. SFTI asserts that the Federal Circuit's perfunctory statement in *Pequignot* that it had subject matter jurisdiction – "[w]e have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1)" – resolved the standing issue. *Pequignot v. Solo Cup Co.*, No. 2009-1547, 2010 U.S. App. Lexis 11820, at *10 (Fed. Cir. June 10, 2010). But the standing issue was neither raised as an issue for appeal, nor was it considered by the Federal Circuit in *Pequignot*. As such, the decision did not address standing.

By contrast, the Federal Circuit will specifically examine standing in *Stauffer*. The question of whether an uninjured private party has standing under Article III of the United States Constitution to bring an action for false patent marking under 35 U.S.C. § 292(b) is currently

BAYER'S REPLY IN SUPPORT OF MOTION TO STAY
CASE NO. CV10-00966 JF PVT
sf-2860458

1

1  pending before the Federal Circuit in *Stauffer*. This is the same issue presented in Bayer's

2  Motion to Dismiss. The Federal Circuit's decision in *Stauffer* will definitively resolve whether a

3  private party who has suffered no cognizable injury (such as plaintiff in this case) has standing to

4  bring claims for false patent marking. Even SFTI acknowledges that the "Federal Circuit will

5  more squarely address the standing question in the appeal of *Stauffer v. Brooks Brothers*."

6  (Opp'n at 2.) The *Pequignot* ruling did not decide the standing issue, but the *Stauffer* ruling will.

7        **B.**      **SFTI Will Not Be Prejudiced By a Stay**

8        SFTI's opposition does not even address the fact that it will not be prejudiced by a stay

9  pending issuance of the *Stauffer* decision. SFTI seeks only monetary penalties. SFTI has not

10  alleged ***any*** injury to itself or anyone else. Thus, SFTI will not suffer any harm, much less

11  irreparable harm, if the Court stays the case for a short period.

12        Furthermore, SFTI acknowledged that it will not be prejudiced by a stay in this action

13  when SFTI entered into stipulations to stay the case with seven defendants, including the

14  following: (1) The Glad Products Company; (2) Colgate-Palmolive Company; (3) Bajer Design

15  & Marketing Inc., (4) Combe Incorporated; (5) Reckitt Benckiser Inc.; (6) The Dial Corporation;

16  and (7) Johnson Products Company Inc. (Dkt. Nos. 189, 238.) The Court recently entered Orders

17  staying the action with respect to the aforementioned defendants. (*Id.*)

18        The stipulations note that SFTI previously filed a substantially similar complaint asserting

19  the same false marking claim against other defendants in *San Francisco Technology Inc. v. Adobe*

20  *Systems Inc.*, No. 09 Civ. 6083 (N.D. Cal.) (Seeborg, J.). In *Adobe*, Judge Seeborg stayed the

21  action pending resolution of *Stauffer*. As the stipulations state, "Judge Seeborg held in *Adobe* that

22  the circumstances in which a private party has standing under Article III of the United States

23  Constitution to bring a *qui tam* action for false patent marking under 35 U.S.C. §292(b) is *an*

24  *issue of first impression* currently pending before the United States Court of Appeals for the

25  Federal Circuit in *Stauffer*." (Dkt. Nos. 189 at 2, 238 at 2 (emphasis added).) SFTI's stipulation

26  further notes that Judge Seeborg held that once the *Stauffer* decision is rendered, the Federal

27  Circuit's reasoning and analysis will likely bear directly on the Court's consideration of the

28

BAYER'S REPLY IN SUPPORT OF MOTION TO STAY  
CASE NO. CV10-00966 JF PVT         2  
sf-2860458

1 | pending motions to dismiss.  (*Id.*)  In the stipulation, the parties agreed that Judge Seeborg's
2 | reasoning is "equally applicable" to this proceeding.
3 |       SFTI also offered Bayer a stipulation to stay the case, and Bayer accepted that stipulation.
4 | *See* Declaration of Daniel P. Muino, filed herewith, ¶ 3, Exh. A.  However, before the written
5 | stipulation could be submitted to the Court, SFTI abruptly withdrew the proffered stipulation,
6 | asserting that a stay of the case was no longer appropriate after the Federal Circuit's decision in
7 | *Pequignot*.  *Id.*  SFTI's explanation makes little sense.  The *Pequignot* ruling had issued on
8 | June 10, 2010, several days *before* SFTI offered the stipulation to Bayer.  SFTI actually submitted
9 | a stipulation to stay the case with The Dial Corporation and Johnson Products Company on
10 | June 11, 2010, which was also after the *Pequignot* decision issued.  (Dkt No. 199.)  Moreover, as
11 | explained above, the *Pequignot* decision in no way resolved the standing issue.
12 |       The relevant law and factual circumstances have not changed since SFTI offered and
13 | entered into its stipulations to stay the case.  Judge Seeborg's reasoning is still "equally
14 | applicable."  *See* Dkt. Nos. 189 at 2, 238 at 2.  Whether a private party has standing under Article
15 | III to bring a *qui tam* action for false marking under Section 292(b) remains "an issue of first
16 | impression."  *See id.*  By reversing its position regarding a stay of this action (and reneging on its
17 | proffered stipulation to Bayer), SFTI apparently hopes to achieve the judicially-inefficient result
18 | of advancing its claims against certain defendants while the same claims are stayed as to other
19 | defendants.
20 |       In addition to the *Adobe* case and the other stayed cases referenced in Bayer's Joinder
21 | (Dkt. No. 156), even more false marking cases have been stayed pending the *Stauffer* decision.
22 | *See* Request for Judicial Notice, Exh. H, *Hungerpiller v. Energizer Holdings, Inc.*, No. 2:10-cv-
23 | 290-AKK, slip op. (N.D. Ala. June 9, 2010) (Kallon, J.) (staying case pending *Stauffer*); Exh. I,
24 | *Englehardt v. Costco Wholesale Corp.*, No. 1:10-cv-01424, minute entry (N.D. Ill. June 9, 2010)
25 | (Kocoras, J.) (staying case pending *Stauffer*); Exh. J, *Simonian v. Mead Westvaco Corp.*,
26 | No. 1:10-cv-01217, minute entry (N.D. Ill. June 3, 2010) (Castillo, J.) (staying case pending
27 | *Stauffer*); Exh. K, *Simonian v. Kimberly-Clark Corp.*, No. 1:10-cv-01214, minute entry (N.D. Ill.
28 | June 2, 2010) (Kocoras, J.) (staying case pending *Stauffer*); Exh. L, *O & G SearchQuest, Inc. v.*

BAYER'S REPLY IN SUPPORT OF MOTION TO STAY
CASE NO. CV10-00966 JF PVT
sf-2860458

3

*McNeill-PPC, Inc.*, No. H-10-1004, slip op. (S.D. Tex. May 24, 2010) (Atlas, J.) (staying false marking case pending the *Stauffer* decision); Exh. M, *Hollander v. B. Braun Medical, Inc.*, No. 10-835, slip op. (E.D. Pa. May 20, 2010) (McLaughlin, J.) (staying case pending *Stauffer*); Exh. N, *Heathcote Holdings Corp. v. Clorox Co.*, No. 1:10-cv-00942, minute entry (N.D. Ill. May 18, 2010) (Norgle, J.) (staying case pending *Stauffer*); Exh. O, *O & G SearchQuest, Inc. v. Procter & Gamble Co.*, No. H-10-1164, slip op. (S.D. Tex. May 17, 2010) (Atlas, J.) (staying case pending *Stauffer*); Exh. P, *Hirschhorn v. Church & Dwight Co.*, No. 2:10-cv-1156-JF, slip op. (E.D. Pa. May 17, 2010) (Fullam, J.) (staying case pending *Stauffer*); Exh. Q, *Simonian v. L'Oreal USA Creative, Inc.*, No. 10 C 1345, minute entry (N.D. Ill. May 14, 2010) (Coar, J.) (staying case pending *Stauffer*); Exh. R, *Creston Elec., Inc. v. Lutron Elec. Co.*, No. 10-01390 (D. N.J. May 13, 2010) (Cavanaugh, J.) (staying case for 6 months pending *Stauffer*); Exh. S, *Hollander v. Hospira, Inc.*, No. 10-235, slip op. (E.D. Pa. May 6, 2010) (Dubois, J.) (staying case pending *Stauffer*); Exh. T, *Hollander v. Timex Group USA, Inc.*, No. 10-429, slip op. (E.D. Pa. May 5, 2010) (Schiller, J.) (staying case pending *Stauffer*).

### III.    CONCLUSION

For the reasons set forth above and in Bajer's Motion to Stay, the Court should stay all proceedings in this case until the Federal Circuit has issued a ruling in *Stauffer*.

Dated: June 24, 2010               Respectfully submitted,

By:    */s/ Daniel P. Muino*

WESLEY E. OVERSON
DANIEL P. MUINO
DAISY DANIELLE COLEMAN

Attorneys for Defendant
BAYER CORPORATION

BAYER'S REPLY IN SUPPORT OF MOTION TO STAY
CASE NO. CV10-00966 JF PVT
sf-2860458

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 24, 2010, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.

／s／ *Daniel P. Muino*
DANIEL P. MUINO

Attorney for Defendant
BAYER CORPORATION