**FOLEY & LARDNER LLP**
DOUGLAS H. CARSTEN, BAR NO. 198467
DCARSTEN@FOLEY.COM
11250 EL CAMINO REAL, SUITE 200
SAN DIEGO, CA 92130-2677
TELEPHONE: 858.247.6700
FACSIMILE: 858.792.6773

**FOLEY & LARDNER LLP**
GINA A. BIBBY, BAR NO. 242657
GBIBBY@FOLEY.COM
975 PAGE MILL ROAD
PALO ALTO, CA 94304-1013
TELEPHONE: 650.856.3700
FACSIMILE: 650.856.3710

Attorneys for Defendant,
HI-TECH PHARMACAL CO. INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> THE GLAD PRODUCTS COMPANY, BAJER DESIGN & MARKETING INC., BAYER CORPORATION, BRIGHT IMAGE CORPORATION, CHURCH & DWIGHT CO. INC., COLGATE-PALMOLIVE COMPANY, COMBE INCORPORATED, THE DIAL CORPORATION, EXERGEN CORPORATION, GLAXOSMITHKLINE LLC, HI-TECH PHARMACAL CO. INC., JOHNSON PRODUCTS COMPANY INC., MAYBELLINE LLC, MCNEIL-PPC INC., MEDTECH PRODUCTS INC., PLAYTEX PRODUCTS INC., RECKITT BENCKISER INC., ROCHE DIAGNOSTICS CORPORATION, SOFTSHEEN-CARSON LLC, SUN PRODUCTS CORPORATION, SUNSTAR AMERICAS INC., <br><br> Defendants. | Case No. 5:10-CV-00966 JF <br><br> **DEFENDANT HI-TECH PHARMACAL CO. INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO SEVER AND TRANSFER VENUE TO THE UNITES STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK** <br><br> **Date:** July 8, 2010 <br> **Time:** 1:30 p.m. <br> **Room:** Courtroom 3, 5th Floor <br> **Judge:** Jeremy Fogel |

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT..........................................................................................................................2

    A. SFTI'S CLAIMS AGAINST HI-TECH SHOULD BE SEVERED BECAUSE THE REQUIREMENTS FOR PERMISSIVE JOINDER ARE NOT MET ...................................................................................................................... 2

        1. SFTI Cannot Satisfy The "Same Transaction, Occurrence, Or Series Of Transactions Or Occurrences" Test Under Rule 20 Of The Federal Rules Of Civil Procedure ...................................................................................2

        2. The Questions Of Law And Fact Are Not Common Among *All* Defendants .....................................................................................................3

    B. FACTORS WEIGH STRONGLY IN FAVOR OF TRANSFERRING THE CASE AGAINST HI-TECH TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK............ 4

        1. California Is *Not* The State Most Familiar With the Governing Law And SFTI Is *Not* Entitled To A Recovery of Attorney Fees Under California's Public Interest Statute As A Matter of Law...................................4

        2. Motions To Transfer In False Marking Cases Are No Different From Similar Motions In Other Cases, They Must Be Evaluated On An Individualized, Case-by-Case Basis.................................................................6

        3. Hi-Tech Does *Not* Have Significant Contacts With The Northern District Of California .......................................................................................7

        4. The Costs Of Litigation Strongly Favor Transferring The Case Against Hi-Tech To The Eastern District Of New York.................................8

        5. The Thirteen Non-Party Witnesses Identified By SFTI Are Not Essential To The Case........................................................................................9

        6. Sources Of Proof Are *Not* Located In California.............................................9

III. CONCLUSION.....................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y et al.*,
   421 U.S. 240 (1975) .................................................................................................................. 5

*Beach Colony II v. Cal. Coastal Comm'n*,
   166 Cal.App.3d 106 (1985) ...................................................................................................... 6

*Belshe v. Ronald*,
   156 F.3d 1235, 1998 WL 46700, at *1 (9th Cir. 1998) ............................................................ 5

*Coughlin v. Rogers*,
   130 F.3d 1348 (9th Cir. 1997) .................................................................................................. 2

*Cover v. Hydramatic Packing Co.*,
   83 F.3d 1390 (Fed. Cir. 1996) ................................................................................................... 5

*DirectTV, Inc. v. Armellino, et al.*,
   216 F.R.D. 240 (E.D.N.Y. 2003) .............................................................................................. 2

*DirectTV, Inc. v. Boggess, et al.*,
   300 F.Supp.2d 444 (S.D.W.Va. 2004) ...................................................................................... 3

*DirectTV, Inc. v. Collins, et al.*,
   244 F.R.D. 408 (S.D. Ohio 2007) ............................................................................................. 3

*DirectTV, Inc. v. Loussaert, et al.*,
   218 F.R.D. 639 (S.D. Iowa 2003) ............................................................................................. 3

*Forest Group v. Bon Tool*,
   590 F.3d 1295 (Fed. Cir. 2009) ................................................................................................. 6

*Hughes Aircraft Co. v. U. S. ex rel. Schumer*,
   520 U.S. 939 (1997) .................................................................................................................. 6

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) .................................................................................................... 4

*Mariscal v. Aqua Supreme*,
   No. C06-07026, 2009 WL 5216920, at *5 (N.D. Cal. Dec. 30 2009) ...................................... 5

*Martinez v. SafewayStores, Inc.*,
   66 F.R.D. 446 (N.D. Cal. 1975) ................................................................................................ 2

*Med. Dev. Int'l v. Cal. Dept. of Corrections*,
   No. C10-0443, 2010 WL 2077143, at *7 (N.D. Cal. May 21, 2010) ....................................... 6

*Stewart Org., Inc., et al. v. Ricoh Corp., et al.*,
   487 U.S. 22 (1988) .................................................................................................................... 6

*Wynn, et al. v. Nat'l Broadcasting Co.*,
   234 F.Supp.2d 1067 (C.D. Cal. 2002) ...................................................................................... 2

## STATUTES

28 U.S.C. § 1404 ................................................................................................................................ 6

35 U.S.C. § 285 ................................................................................................................................ 5

35 U.S.C. § 292 ................................................................................................................................ 5

Cal. Code Civ. P. § 1021.5 ......................................................................................................... 5, 6

## OTHER AUTHORITIES

Fed.R.Civ.P. Rule 11 ..................................................................................................................... 4, 7

Defendant Hi-Tech Pharmacal Co., Inc. ("Hi-Tech") submits this Reply Memorandum in Support of its Motion to Sever and Transfer Venue. Because Plaintiff San Francisco Technology Inc. ("SFTI") did not directly address Hi-Tech's Motion in a single Opposition, Hi-Tech addresses the arguments presented in SFTI's Oppositions to Motions Seeking Severance and Motions Seeking Transfer of Venue, to the extent that they appear to address Hi-Tech's Motion.

## I.  INTRODUCTION

In its Oppositions, SFTI broadly asserts that the disparate group of 21 different and distinct defendants are all alike in every material respect simply because SFTI chose to sue each of them together under the false marking statute. This argument is without merit.

Plaintiff's allegations relate to different defendants working in different technological areas, having marked different products with different patent numbers. There is no allegation that this group of defendants in any way worked together or had any connection beyond the fact that SFTI sued all of them in one case. These allegations are a far cry from establishing that these defendants' actions are part of the same transaction or occurrence.

Plaintiff's attempt at maintaining this action is apparently no more than an improper money grab for *qui tam* damages against twenty-one unrelated defendants, in unrelated industries, marking products under unrelated circumstances at unrelated times with unrelated patents, in an attempt to get the greatest amount of money for the least amount of cost. In other words, SFTI is not as much interested in protecting the public from harm as it is in obtaining its portion of damages while spending the least amount of money, all at the expense and inconvenience of Defendants like Hi-Tech.

Hi-Tech has virtually no contact with California relating to the accused product because Hi-Tech discontinued the product in 2009. Even when Hi-Tech was shipping its accused product, Hi-Tech's contact with California was no greater than any other location in the country where an individual might have purchased Hi-Tech's accused products.

Moreover, none of the relevant documents and witnesses with substantive knowledge regarding manufacture, labeling, packaging, marketing, advertising or sales is located in California, they are located in New York and Ontario, Canada. Accordingly, Hi-Tech

respectfully requests that the Court grants its Motion to Sever And Transfer Venue to the United States District Court For the Eastern District of New York.

## II.  ARGUMENT

### A.  SFTI'S CLAIMS AGAINST HI-TECH SHOULD BE SEVERED BECAUSE THE REQUIREMENTS FOR PERMISSIVE JOINDER ARE NOT MET

#### 1.  SFTI Cannot Satisfy The "Same Transaction, Occurrence, Or Series Of Transactions Or Occurrences" Test Under Rule 20 Of The Federal Rules Of Civil Procedure

SFTI asserts that "[s]ince the harm being redressed in this action is the same for all the defendants, the claims arise out of the same 'series of transactions or occurrences.'"  Severance Opp. at 2.  This contention is wrong for at least two reasons.

*First*, a mere violation of the same statute is not enough to make joinder proper.  *See, e.g., Wynn, et al. v. Nat'l Broadcasting Co.*, 234 F.Supp.2d 1067, 1081 (C.D. Cal. 2002) ("While it is true that Plaintiffs have alleged claims against Defendants based on the same general theory of law, this is not a sufficient ground to find that their claims raise common legal or factual questions."); *Martinez v. SafewayStores, Inc.*, 66 F.R.D. 446, 449 (N.D. Cal. 1975).  Moreover, the purported "harm" to be redressed in this action is ***not*** the same for all defendants.  For example, Hi-Tech discontinued the product at issue in this action in October of 2009 (Transfer Mot., Bibby Decl. (D.I. 169), Ex. A (April Decl.) at ¶ 10), over four months before SFTI ever filed its Complaint.  This fact likely puts Hi-Tech in a different position than other named defendants, and would make any speculative harm to the public caused by Hi-Tech necessarily different from any supposed harms caused by the other unrelated defendants.

*Second*, even if the speculative harm were the same, SFTI must allege more than "distinct and unrelated acts by unrelated defendants" to satisfy joinder under Rule 20, which it has not. *See DirectTV, Inc. v. Armellino, et al.*, 216 F.R.D. 240, 241 (E.D.N.Y. 2003) ("[An] attempt to use distinct and unrelated acts as a basis for joinder is not proper."); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  In fact, numerous courts across the country have held that claims against various defendants were not transactionally related under Rule 20 simply because they were based on the same statutes and raised the same questions of law, or because factual situations were similar and affected the person(s) harmed in the same way.  *See, e.g., DirectTV,*

*Inc. v. Loussaert, et al.*, 218 F.R.D. 639, 643 (S.D. Iowa 2003) ("While [plaintiff] alleges all defendants have violated the same statutes under which it is entitled to relief, the alleged violations of each defendant did not arise out of the same transaction or occurrence."); *DirectTV, Inc. v. Boggess, et al.*, 300 F.Supp.2d 444, 449 (S.D.W.Va. 2004) (concluding that "plaintiff's allegations amount to no more than a claim that ten unrelated defendants engaged in distinct and unrelated conduct"); *DirectTV, Inc. v. Collins, et al.*, 244 F.R.D. 408, 410 (S.D. Ohio 2007) ("Even construing the transactional relatedness element liberally, it is abundantly clear that Plaintiff's Complaint does not meet this requirement.  The only similarity between the Defendants is that they allegedly intercepted the same satellite signal.  There is no indication that the Defendants here acted in concert with each other, or even that they knew each other.").

Not unlike the *DirectTV* actions, the only *similarity* between Defendant Hi-Tech Pharmacal Co. Inc. ("Hi-Tech") and the other defendants in this action is Hi-Tech allegedly falsely marked its products with an expired patent, which is not enough.  *See DirectTV, Inc. v. Loussaert*, 218 F.R.D. at 643.  Also, like the plaintiff in the *DirectTV* actions, SFTI has not and cannot allege that Hi-Tech acted in concert with, was aware of, or marked the same products with the same patents, at/for the same time or under the same circumstances as the other defendants.

Thus, there is no "same transaction, occurrence, or series of transactions or occurrences" among Hi-Tech and the other defendants.

### 2. The Questions Of Law And Fact Are Not Common Among *All* Defendants

SFTI argues that "common questions predominate to a significant extent over the individual questions in this case."  Severance Opp. at 4.  Hi-Tech's actions, however, are individualized.  Transfer Mot., Bibby Decl. (D.I. 169), Ex. A (April Decl.) at ¶¶ 4-16.  It has not acted in concert with or under the same circumstances as the other Defendants.  Thus, questions of law and fact are not common to **all** Defendants and will have to be tailored to the particular circumstances of Hi-Tech's actions and each other individual Defendant's actions.

SFTI further argues that "[a]dditional common facts underlying the claims and defenses

may exist, but the Defendants have stymied efforts to identify them by refusing to participate substantively in the pre-CMC conference require by Rule 26(f) and this [C]ourt's local rules." Severance Opp. at 2.  What SFTI now characterizes as an attempt "in good faith to confer with the defendants about … issues, including 'the nature and basis of their claims and defenses" (*id*.) however, was an attempt to (1) invade the attorney-client privilege by inappropriately requesting information regarding any advice of counsel defendants may have received, and (2) gather information it should have, but failed to, collect as part of its Rule 11 pre-filing investigation obligation.

### B. FACTORS WEIGH STRONGLY IN FAVOR OF TRANSFERRING THE CASE AGAINST HI-TECH TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

Citing to *Jones v. GNC Franchising*,  SFTI argues that "many factors favor keeping venue in this District"  (Transfer Opp. at 1) including: (1) the state that is most familiar with the governing law, (2) the plaintiff's choice of forum, (3) the parties' contacts with the forum, (4) the contacts relating to the plaintiff's cause of action in the chosen forum, (5) the differences in the costs of litigation in the two forums, (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (7) the ease of access to the sources of proof. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000).  In the instant case, however, these factors weigh strongly in favor of transferring the case against Hi-Tech to the United States District Court for the Eastern District of New York.

#### 1. California Is *Not* The State Most Familiar With the Governing Law And SFTI Is *Not* Entitled To A Recovery of Attorney Fees Under California's Public Interest Statute As A Matter of Law

SFTI properly acknowledges that the governing law at issue in this action relates to a question of federal law that "may be applied by any federal court, and this [C]ourt is not necessarily better able to apply the false marking status better than its sister courts." Transfer Opp. at 2.  SFTI argues, however, that "this case also raises a question of California State law – whether SFTI will be entitled to recover its attorney fees under, California's Public Interest Statute" and "a District Court sitting in another state is likely to be wholly unfamiliar with California's public interest statute." *Id*.  As a matter of law, however, SFTI cannot successfully

1 claim that it is entitled to attorneys' fees under California's Public Interest Statute (*i.e.*, Cal.
2 Code Civ. P. § 1021.5).

3     To begin, SFTI is not entitled to attorneys fees under California Code of Civil Procedure
4 section 1021.5 as a matter of law because its Complaint does include a request for attorneys'
5 fees, let alone a request for attorneys' fees under California Code of Civil Procedure section
6 1021.5. *See Mariscal v. Aqua Supreme*, No. C06-07026, 2009 WL 5216920, at *5 (N.D. Cal.
7 Dec. 30 2009). Indeed, the Complaint does not cite any California code section.

8     As a further matter of law, even if the California Public Interest Statute were properly
9 pleaded, SFTI's recovery of attorneys' fees under California's Public Interest Statute is
10 preempted by federal statute under 35 U.S.C. § 285, which provides that "[t]he court in
11 exceptional cases may award reasonable attorney fees to the prevailing party." *See Belshe v.*
12 *Ronald*, 156 F.3d 1235, 1998 WL 46700, at *1 (9th Cir. 1998) (holding that because the case was
13 decided on federal law, there was no entitlement to attorneys' fees under California state law).
14 Moreover, it is well known that "with respect to field pre-emption, Title 35 occupies the field of
15 patent law." *Cover v. Hydramatic Packing Co.*, 83 F.3d 1390, 1393 (Fed. Cir. 1996). For
16 example, the Supreme Court has explained that Congress has made "specific and explicit
17 provisions for the allowance of attorneys' fees under selected statutes granting or protecting
18 various federal rights" and "the circumstances under which attorneys' fees are to be awarded and
19 the range of discretion of the courts in making those awards are matters for Congress to
20 determine," which it has done under 35 U.S.C. § 285 for cases arising under the federal patent
21 laws. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y et al.*, 421 U.S. 240, 260, 262 (1975).

22     SFTI's Complaint alleges that, under the federal patent laws, "each defendant has falsely
23 marked articles in violation of 35 U.S.C. § 292." Complaint (D.I. 1) at 1. Therefore, field
24 preemption applies and any claim by SFTI for attorneys' fees under the California Public Interest
25 Statute is preempted by federal law.

26     Furthermore, this Court and other courts have recognized that "section 1021.5 "'was not
27 designed as a method for rewarding litigants motivated by their own pecuniary interests who
28 only coincidentally protect the public interest.'" *Med. Dev. Int'l v. Cal. Dept. of Corrections*,

-5-
DEFENDANT HI-TECH PHARMACAL CO. INC.'S REPLY MEMO ISO ITS MOTION TO SEVER & TRANSFER
CASE NO. 5:10-CV-00966 JF

1  No. C10-0443, 2010 WL 2077143, at *7 (N.D. Cal. May 21, 2010) citing *Beach Colony II v.*
2  *Cal. Coastal Comm'n*, 166 Cal.App.3d 106, 114 (1985).  Additionally, according to the Supreme
3  Court, "[a]s a class of plaintiffs, *qui tam* relators are different in kind than the Government.
4  They are motivated primarily by prospects of monetary reward rather than public good." *Hughes*
5  *Aircraft Co. v. U. S. ex rel. Schumer*, 520 U.S. 939, 949 (1997).  SFTI admits that it is a *qui tam*
6  relator.  Complaint (D.I. 1) at 1.  Thus, under California State law, SFTI would not be entitled to
7  attorneys' fees under § 1021.5.

        **2.**    **Motions To Transfer In False Marking Cases Are No Different From Similar Motions In Other Cases, They Must Be Evaluated On An Individualized, Case-by-Case Basis**

10        Referring to principles allegedly promulgated in the Federal Circuit's holding in *Forest*
11 *Group v. Bon Tool*, ,  SFTI argues that its choice of venue "strongly weighs against transfer."
12 Transfer Opp. at 2-3.  In particular, SFTI contends that if transfers are allowed, false markers
13 could routinely force litigation to occur in their home state, which would "reduce the cost of
14 false marking at the direct expense of relators who seek to stop it," thereby supposedly causing
15 greater harm to the public.  Transfer Opp. at 3.  SFTI's assertions are in error for at least three
16 reasons.

17        *First*, the Federal Circuit in *Forest Group* did not address the issue of venue transfer.
18 Rather, the only issues before the court were (1) whether the district court erred in determining
19 the requisite knowledge for false marking, (2) whether the penalty for false marking is
20 determined on a per decision or per article basis, and (3) whether the district court abused is
21 discretion in denying attorney fees.  *Forest Group v. Bon Tool*, 590 F.3d 1295, 1299-300 (Fed.
22 Cir. 2009).

23        *Second*, Congress intended through 28 U.S.C. § 1404 "to place discretion in the district
24 court to adjudicate motions to transfer ***according to an 'individualized, case-by-case***
25 ***consideration*** of convenience and interests of justice.'"  *Stewart Org., Inc., et al. v. Ricoh Corp.*,
26 *et al.*, 487 U.S. 22, 29 (1988) (internal citations omitted) (emphasis added); not according to
27 generalized, self-serving attorney argument that false marking cases as a whole should only be
28 tried in the forum selected by the plaintiff so that plaintiffs get the greatest amount of money for

the least amount of cost.

*Third*, for at least the reasons stated below (*see infra* Parts III.B.3-4), in the instant case, the convenience of the parties and witnesses and location of the evidence strongly favor transferring the case against Hi-Tech to the Eastern District of New York.

### 3. Hi-Tech Does *Not* Have Significant Contacts With The Northern District Of California

SFTI argues that its "[C]omplaint alleges that each moving defendant's products are continuously and systematically sold in this District, and no defendant offers evidence that those allegations are incorrect." Transfer Opp. at 4. To the contrary, Hi-Tech discontinued its accused product in October 2009, almost over four months before SFTI filed its lawsuit. Transfer Mot., Bibby Decl. (D.I. 169), Ex. A (April Decl.) at ¶ 10.

Moreover, Hi-Tech has no facilities in the State of California (*id*. at ¶ 6); Hi-Tech has no employees in the State of California (*id*.); Hi-Tech is not registered with the California Secretary of State to do business in the State of California (*id*. at ¶ 7); Hi-Tech does not own or lease any real property in the State of California (*id*. at ¶ 8); Hi-Tech does not maintain a bank account in the State of California (*id*.); Hi-Tech does not have any subsidiaries in the State of California (*id*. at ¶ 9); Hi-Tech did not manufacture or package its accused product in the State of California, the product was manufactured and packaged in Ontario, Canada (*id*. at ¶ 11); and Hi-Tech has not directly advertised its accused product in the State of California (*id*. at ¶ 12). For at least these reasons, Hi-Tech does not have significant contacts with the Northern District of California.

Accordingly, it appears that SFTI did not conduct a proper pre-filing investigation as its was required to do under Rule 11 of the Federal Rules of Civil Procedure. This fact is made obvious by the fact that at the same time as SFTI alleges in its Complaint and Opposition that Hi-Tech has significant contacts with the State of California – to include "substantial, continuous, and systematic" sales of its accused product in the State of California – it asks the Court to permit it pre-motion ruling discovery related to the extent of sales of Hi-Tech's accused products in California and its contacts with the State of California. Complaint at 18; Transfer Opp. at 3-4.

### 4. The Costs Of Litigation Strongly Favor Transferring The Case Against Hi-Tech To The Eastern District Of New York

SFTI's claim that the "differential cost of litigating in California versus in their home states is small enough to the moving defendants that they made no attempt to discuss it in their motions or supporting declarations" (Transfer Opp. at 4) is in error and unpersuasive. Hi-Tech expressly addressed the comparative costs of litigation in its Motion stating that:

> Because virtually all of the witnesses and documents [relevant to the case] are likely located at or near Amityville . . . with none in this district, the overall litigation cost will be reduced by trying the case in the Eastern District of New York rather than San Francisco.

Transfer Mot. at 8; *see also id*., Bibby Decl. (D.I. 169), Ex. A (April Decl.) at ¶ 13 ("None of the relevant documents and witnesses with substantive knowledge regarding the manufacture, labeling, packaging, marketing advertising or sales is located in the State of California. Rather most such documents are either in New York or Ontario."); *id*. at ¶ 15 ("All decisions relating to [the] sale and promotion of Zostrix originate with the officers, managers and employees located in New York."); *id*. at ¶ 16 ("Hi-Tech marketing and advertising is handled out of its New York headquarters.").

Similarly unpersuasive are SFTI's claims that it is a "one-person company that lacks the resources to send its employee across the country seven times or more to attend trials" and "enormous difficulty would be imposed on SFTI, if its one employee were required to appear in court in many distant states." Transfer Opp. at 5. By joining distinct and unrelated acts by unrelated defendants with insignificant contacts to the State of California, however, SFTI assumed the risk that certain Defendants may be transferred to more appropriate venues. Moreover, there is nothing fundamentally unfair about SFTI litigating what are really separate claims in separate lawsuits.

Finally, SFTI's claim that the Eastern District of Texas has recently decided a motion to sever and transfer venue that is similar to the motions in this case is fundamentally incorrect. Transfer Opp. at 5. Unlike the instant case, the plaintiff in *IP Co. v. Oncor Electric* asserted the same patents against all defendants and, as in most patent infringement lawsuits, issues related to

claim construction, invalidity, and the like, were common to all defendants. The instant case, however, is a false marking case against Defendants whose actions, and the legal and factual issues related to those actions, are completely individualized.

### 5. The Thirteen Non-Party Witnesses Identified By SFTI Are Not Essential To The Case

SFTI contends that it "has identified at least 13 non-party witnesses located in or near San Jose California" who allegedly "have knowledge about the sales and distribution of the defendants' products in retail stores" and whose attendance in a venue outside California cannot be compelled. Transfer Opp. at 6. According to SFTI, these witnesses include three store managers, at least two stock clerks, and at least three pharmacists that are employed at various Walgreens in or near San Jose, CA, as well as two store managers and at least two stock clerks that are employed at various Target stores in San Jose, CA. Trans. Opp., Fingerman Decl. (D.I. 217) at 1. Absent these witnesses being the only living persons who might have knowledge about the alleged sales or distribution of Hi-Tech's products in Walgreens and Target stores, or any other store for that matter, any information they might have can be obtained from other sources, including employees of Walgreens, Target or other stores located in the State of New York.

Furthermore, SFTI fails to explain how those witnesses would even be relevant to its case against Hi-Tech. SFTI's suggestion that the testimony of the above witnesses may "show that the defendant's accused products arrive at national retail chain stores frequently and in high volumes, and are then sold to the public quickly after the retail stored received them" is not relevant to its claims against Hi-Tech. Hi-Tech discontinued its accused product almost four months prior to the time SFTI filed its Complaint, which SFTI would have and should have known had it performed a reasonable Rule 11 investigation.

### 6. Sources Of Proof Are *Not* Located In California

SFTI contends that "[p]hysical evidence [*i.e.*, packing labels and advertisements] relating to this case is located in San Jose, California and Cupertino California." Transfer Opp. at 7. Presumably, these are product samples which Plaintiff collected. Since there is only one accused

product identified in SFTI's claim as to Hi-Tech, it would not be a burden for SFTI to bring its sample to the Eastern District of New York, where most of the relevant documents regarding the manufacture, labeling, packaging, marketing, advertising or sales of Hi-Tech accused product are located.

## III.     CONCLUSION

For the reasons stated herein, Hi-Tech respectfully requests that the Court grant its motion to sever and transfer venue to the United States District Court for the Eastern District of New York.

DATED:  June 24, 2010                    Respectfully submitted,

FOLEY & LARDNER LLP

By:     */s/ Gina A. Bibby*
            DOUGLAS H. CARSTEN
            GINA A. BIBBY
        Attorneys for Defendant Hi-Tech Pharmacal Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June, 2010 that a copy of the foregoing filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties.

                                                */s/ Gina A. Bibby*
                                                    Gina A. Bibby