| | |
|---|---|
| 1 | **FOLEY & LARDNER LLP**<br>DOUGLAS H. CARSTEN, BAR NO. 198467 |
| 2 | DCARSTEN@FOLEY.COM<br>11250 EL CAMINO REAL, SUITE 200 |
| 3 | SAN DIEGO, CA 92130-2677<br>TELEPHONE: 858.247.6700 |
| 4 | FACSIMILE: 858.792.6773 |
| 5 | **FOLEY & LARDNER LLP**<br>GINA A. BIBBY, BAR NO. 242657 |
| 6 | GBIBBY@FOLEY.COM<br>975 PAGE MILL ROAD |
| 7 | PALO ALTO, CA 94304-1013<br>TELEPHONE: 650.856.3700 |
| 8 | FACSIMILE: 650.856.3710 |
| 9 | Attorneys for Defendant,<br>HI-TECH PHARMACAL CO. INC. |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC.,<br>　　　　Plaintiff,<br>　v.<br>THE GLAD PRODUCTS COMPANY, BAJER DESIGN & MARKETING INC., BAYER CORPORATION, BRIGHT IMAGE CORPORATION, CHURCH & DWIGHT CO. INC., COLGATE-PALMOLIVE COMPANY, COMBE INCORPORATED, THE DIAL CORPORATION, EXERGEN CORPORATION, GLAXOSMITHKLINE LLC, HI-TECH PHARMACAL CO. INC., JOHNSON PRODUCTS COMPANY INC., MAYBELLINE LLC, MCNEIL-PPC INC., MEDTECH PRODUCTS INC., PLAYTEX PRODUCTS INC., RECKITT BENCKISER INC., ROCHE DIAGNOSTICS CORPORATION, SOFTSHEEN-CARSON LLC, SUN PRODUCTS CORPORATION, SUNSTAR AMERICAS INC.,<br>　　　　Defendants. | Case No. 5:10-CV-00966 JF<br><br>**DEFENDANT HI-TECH PHARMACAL CO. INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY**<br><br>Date:　July 8, 2010<br>Time:　1:30 p.m.<br>Room:　Courtroom 3, 5th Floor<br>Judge:　Jeremy Fogel |

**TABLE OF CONTENTS**

**Page(s)**

I.   PLAINTIFF DOES NOT AND CANNOT ALLEGE ANY COGNIZABLE HARM NECESSARY TO CONFER STANDING AGAINST HI-TECH ........................ 1

II.  PLAINTIFF'S COMMENTS REGARDING THE POLICY BEHIND THE FALSE MARKING STATUTE DO NOT TRUMP THE CONSTITUTIONAL STANDING REQUIREMENTS ................................................................................ 2

III. THE *PEQUIGNOT V. SOLO CUP* DECISION DID NOT RESOLVE THE STANDING ISSUES ................................................................................................ 2

IV.  THE COURT SHOULD DECLINE PLAINTIFF'S INVITATION TO CONSIDER INCOMPLETE BRIEFING FROM UNRELATED CASES ........................ 3

V.   IF THE COURT IS NOT INCLINED TO DISMISS THE COMPLAINT, HI-TECH RESPECTFULLY REQUESTS THAT THE COURT STAY THIS CASE PENDING RESOLUTION OF THE *STAUFFER* APPEAL .............................................. 3

VI.  CONCLUSION ................................................................................................ 4

-ii-

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Forest Group v Bon Tool Co.*,
  590 F.3d 1295 (Fed. Cir. 2009) .................................................................................... 2

*Pequignot v. Solo Cup* Co.,
  ---F.3d---, 2010 WL 2346649 (Fed. Cir. June 10, 2010) ......................................... 2, 3

*San Francisco Tech., Inc. v. Adobe Sys., Inc., et al.*, No. 09-6083, 2010 WL 1463571, at
  *2  (N.D. Cal. Apr. 13, 2010) ...................................................................................... 3

Defendant Hi-Tech Pharmacal Co. Inc. ("Hi-Tech") submits this Reply Memorandum in Support of its Motion to Dismiss or, in the Alternative, to Stay. Because Plaintiff opted not to address Hi-Tech's Motion directly in its various Opposition papers, Hi-Tech responds herein to the omnibus arguments posited by Plaintiff in its Opposition to Motions to Stay and Opposition to Motions Challenging Standing, to the extent that they appear to address Hi-Tech's Motion.

Unwilling and unable to defend its Complaint on its own merits, Plaintiff suggests that the Court should nevertheless press this untenable suit forward against myriad disparate defendants based on a strained reading of a recent Federal Circuit case even though Plaintiff concedes that another pending Federal Circuit case "will squarely address the standing question. . . ." Plaintiff does not distinguish any of the binding authority cited by Hi-Tech, invites the Court to consider unspecified arguments from various incomplete sets of moving papers from unrelated litigation, and fails to point to any allegation in its Complaint that would meet the threshold standing requirements under applicable, binding case law.

Plaintiff simply cannot allege any cognizable harm to Plaintiff, the public, or the government as a result of Hi-Tech's alleged conduct because Hi-Tech discontinued its product in 2009, shortly after the expiration of the marked patent. Absent any such particularized allegation of harm, Plaintiff's Complaint should be dismissed.

## I. PLAINTIFF DOES NOT AND CANNOT ALLEGE ANY COGNIZABLE HARM NECESSARY TO CONFER STANDING AGAINST HI-TECH

Entirely absent from Plaintiff's various opposition papers is any reference to a specific allegation in the Complaint that Hi-Tech's alleged conduct harmed Plaintiff, the public, or the government. Plaintiff does not and cannot make such an allegation where, as here, Hi-Tech discontinued selling its accused product long ago, and shortly after the expiration of the marked patent. Plaintiff has not and cannot allege any particular facts to demonstrate that it, the public, or the government has been harmed as a result of the patent marking on this discontinued product.

Plaintiff does not cite, let alone distinguish, the binding authority cited in Hi-Tech's initial moving papers. Under that binding authority, Plaintiff bears the burden of alleging facts

sufficient to meet the Constitutional requirements of Article III standing. Because Plaintiff has not done so and cannot do so here, the Complaint as to Hi-Tech should be dismissed.

## II. PLAINTIFF'S COMMENTS REGARDING THE POLICY BEHIND THE FALSE MARKING STATUTE DO NOT TRUMP THE CONSTITUTIONAL STANDING REQUIREMENTS

Plaintiff suggests that it must have standing because "[p]rivate enforcement is the only means to achieve the policy objectives of the [false marking] statute." (Opposition to Motions Challenging Standing, at 2.) Plaintiff's resort to some speculative policy does not trump the Constitutional mandate that a plaintiff have standing. Because Plaintiff has not and cannot plead an assignable injury to itself, the public, or the government as to Hi-Tech, the Complaint should be dismissed.

## III. THE *PEQUIGNOT V. SOLO CUP* DECISION DID NOT RESOLVE THE STANDING ISSUES

Plaintiff goes to great lengths to argue that the recent *Pequignot v. Solo Cup* Federal Circuit decision resolves the standing issue presented to this Court for decision. However, the standing issue was not presented to or decided by the Federal Circuit in the *Pequignot* case. *See Pequignot v. Solo Cup Co.*, ---F.3d---, 2010 WL 2346649 (Fed. Cir. June 10, 2010). Instead, as Plaintiff concedes, the pending appeal in *Stauffer v. Brooks Bros., Inc.* presents this issue to the Federal Circuit directly.[1]

Moreover, Plaintiff's reliance on the *Pequignot* district court opinion and a six-line docket entry order denying without reasoning a motion to dismiss in *Harrington v. CIBA Vision Corp.* from the Western District of North Carolina is misplaced as to Hi-Tech. Plaintiff argues that the district court decision in *Pequignot* mandates that it has standing as to all of the defendants in this case. However, unlike the Solo Cup defendant in *Pequignot*, here Hi-Tech discontinued the product at issue shortly following the expiration of the marked patent. Thus,

---

[1] Similarly, Plaintiff cites the Federal Circuit's *Forest Group Inc. v. Bon Tool Co.* case for the proposition that the Federal Circuit has "blessed" *qui tam* standing. (Stay Opp., at 2.) However, unlike Plaintiff's claim against Hi-Tech here, the Forest Group case involved direct competitors. *Forest Group*, 590 F.3d 1295, 1298 (Fed. Cir. 2009).

-2-
DEFENDANT HI-TECH PHARMACAL CO. INC.'S REPLY MEMORANDUM ISO ITS MOTION TO DISMISS OR STAY
CASE NO. 5:10-CV-00966 JF

the *Pequignot* district court decision is inapposite to the issues presented by Plaintiff's Complaint as to Hi-Tech.

Hi-Tech submits that, as it explained in it opening papers in detail, the *Stauffer* district court decision was correctly decided, and its reasoning should be followed here.

### IV. THE COURT SHOULD DECLINE PLAINTIFF'S INVITATION TO CONSIDER INCOMPLETE BRIEFING FROM UNRELATED CASES

Having utterly failed to address the binding authority presented in Hi-Tech's Motion, Plaintiff invites the Court to consider hundreds of pages of incomplete briefing from a hodge-podge of unrelated cases pending in various districts. *See* Plaintiff's Request for Judicial Notice (D.I. 215). Plaintiff does not explain why it could not or did not include the arguments in its Oppositions, nor has Plaintiff explained why those arguments as applied to Plaintiff's Complaint should lead to a conclusion that Plaintiff has met its Constitutional standing requirements. The Court should decline Plaintiff's attempt to skirt Plaintiff's page limitations. For at least these reasons, Hi-Tech respectfully requests that the Court deny SFTI's Request for Judicial Notice.

### V. IF THE COURT IS NOT INCLINED TO DISMISS THE COMPLAINT, HI-TECH RESPECTFULLY REQUESTS THAT THE COURT STAY THIS CASE PENDING RESOLUTION OF THE *STAUFFER* APPEAL

If the Court is not inclined to dismiss this action, then Hi-Tech respectfully requests the Court stay the claim against Hi-Tech pending resolution of the *Stauffer* appeal. Plaintiff's claim against Hi-Tech is at a very early stage with no discovery having been conducted and no case schedule or trial date set, and Plaintiff would suffer no prejudice from staying the claim until *Stauffer* is decided because Hi-Tech discontinued the product in 2009. Conversely, if the case is not stayed, Hi-Tech will be forced to engage in voluminous discovery which would be unnecessary when *Stauffer* is affirmed. As Judge Seeborg determined in *San Francisco Tech., Inc. v. Adobe Sys. Inc.*, Case 09-cv-06083-RS, by order of April 13, 2010, all parties' and the Court's resources would be better preserved in a short stay while awaiting the Federal Circuit's decision in *Stauffer*. *See San Francisco Tech., Inc. v. Adobe Sys., Inc., et al.*, No. 09-6083, 2010 WL 1463571, at *2 (N.D. Cal. Apr. 13, 2010).

Plaintiff further erroneously points to history surrounding the *Egyptian Goddess* (dealing

-3-
DEFENDANT HI-TECH PHARMACAL CO. INC.'S REPLY MEMORANDUM ISO ITS MOTION TO DISMISS OR STAY
CASE NO. 5:10-CV-00966 JF

1 with the point of novelty standard in connection with design patents) and *KSR* (dealing with
2 obviousness) decisions to support the notion that this Court should press ahead with this matter.
3 Significantly, however, neither of those two cases dealt with the fundamental question of
4 whether plaintiffs had the ability to bring and maintain the actions in question.  Thus, those cases
5 are different in kind from the issue presented to the Court.  As set forth in Hi-Tech's opening
6 brief, numerous courts, including Judge Seeborg in this District, have stayed false marking cases
7 pending the Federal Circuit's resolution of the *Stauffer* appeal.

## VI.  CONCLUSION

For the foregoing reasons, Hi-Tech respectfully requests that the Court dismiss Plaintiff's claim against Hi-Tech, or in the alternative stay this proceeding until the Federal Circuit issues a decision in the *Stauffer* case.

DATED:  June 24, 2010                    Respectfully submitted,

FOLEY & LARDNER LLP

By:   */s/ Douglas H. Carsten*
          DOUGLAS H. CARSTEN
          GINA A. BIBBY
        Attorneys for Defendant Hi-Tech Pharmacal Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of June, 2010 that a copy of the foregoing filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties.

*/s/ Gina A. Bibby*
Gina A. Bibby