1   WESLEY E. OVERSON (CA SBN 154737)
    WOverson@mofo.com
2   DANIEL P. MUINO (CA SBN 209624)
    DMuino@mofo.com
3   DAISY DANIELLE COLEMAN (CA SBN 248456)
    DColeman@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105-2482
    Telephone:  415.268.7000
6   Facsimile:  415.268.7522

7   Attorneys for Defendant
    BAYER CORPORATION
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

12

13  SAN FRANCISCO TECHNOLOGY INC.,          Case No.:  CV10-00966 JF PVT

14                                          Judge:  Hon. Jeremy Fogel
                                            Date:  July 8, 2010
15               Plaintiff,                 Time:  1:30 p.m.
                                            Courtroom:  3, 5th Floor
16         v.

17  THE GLAD PRODUCTS COMPANY, BAJER        **DEFENDANT BAYER
    DESIGN & MARKETING INC., BAYER          CORPORATION'S REPLY IN
18  CORPORATION, BRIGHT IMAGE               SUPPORT OF MOTION TO
    CORPORATION, CHURCH & DWIGHT CO.        DISMISS**
19  INC., COLGATE-PALMOLIVE COMPANY,
    COMBE INCORPORATED, THE DIAL            Complaint Filed:  March 5, 2010
20  CORPORATION, EXERGEN CORPORATION,
    GLAXOSMITHKLINE LLC, HI-TECH
21  PHARMACAL CO. INC., JOHNSON
    PRODUCTS COMPANY INC., MAYBELLINE
22  LLC, MCNEIL-PPC INC., MEDTECH
    PRODUCTS INC., PLAYTEX PRODUCTS
23  INC., RECKITT BENCKISER INC., ROCHE
    DIAGNOSTICS CORPORATION,
24  SOFTSHEEN-CARSON LLC, SUN PRODUCTS
    CORPORATION, SUNSTAR AMERICAS INC.,
25              Defendants.

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      INTRODUCTION

Plaintiff San Francisco Technology Inc. ("SFTI") submitted two opposition briefs (Dkt. Nos. 210 and 212) responding to issues raised by defendant Bayer Corporation ("Bayer") in its motion to dismiss (SFTI's consolidated opposition briefs also addressed issues raised by other defendants).  Specifically, SFTI's opposition briefs address three issues raised by Bayer:

First, SFTI argues that it has standing to pursue claims for false patent marking in this case, even though it admits it has suffered no personal injury and does not compete with Bayer in the market for the allegedly falsely marked goods.  SFTI suggests that the Federal Circuit's recent ruling in *Pequignot v. Solo Cup* resolved the issue of standing in false patent marking actions, but the Federal Circuit did not discuss standing in that decision.  For the reasons articulated in *Stauffer v. Brooks Brothers* (currently on appeal to the Federal Circuit), SFTI's Complaint should be dismissed for failing to plead an injury-in-fact to SFTI or anyone else, and therefore failing to establish standing.

Second, SFTI contends that a claim for false patent marking need not be pled with particularity as required by Rule 9(b).  Alternatively, SFTI argues that its Complaint is pled with sufficient particularity to satisfy Rule 9(b).  SFTI is wrong on both counts.  As recognized by the Federal Circuit in *Pequignot v. Solo Cup*, false patent marking is a fraud-based claim. Accordingly, it is subject to the heightened pleading requirement of Rule 9(b).  In any event, even under the ordinary pleading requirements of Rule 8, SFTI's Complaint fails to adequately plead that Bayer intended to deceive the public when it marked its products.

Third, SFTI argues that Bayer Corporation is a proper defendant in this proceeding because its name appears on the packaging of the accused product.  However, as established by the accompanying declaration of Ray Garguilo, the accused product is actually owned by Bayer HealthCare LLC, not Bayer Corporation.  Because Bayer Corporation is the wrong defendant, SFTI's Complaint against Bayer Corporation should be dismissed.

1

## II.     ARGUMENT

2

### A.      SFTI Has Failed to Establish Standing

3       SFTI concedes that "a defect in a plaintiff's standing deprives a federal court of subject

4   matter jurisdiction."  (Dkt. No. 212 at 1.)  SFTI also admits that it does not compete with Bayer in

5   the marketplace and has suffered no cognizable injury from Bayer's alleged false patent marking.

6   (*Id.*)  Nonetheless, SFTI insists that it has standing to pursue its claims against Bayer.  SFTI's

7   position is contrary to clear case authority.  *See Stauffer v. Brooks Bros.*, 615 F. Supp. 2d 248,

8   254 (S.D.N.Y. 2009).

9       SFTI argues that in the Federal Circuit's recent decision in *Pequignot v. Solo Cup*, the

10  court determined that a *qui tam* relator who suffered no personal harm and did not compete in the

11  market for falsely marked goods has Article III standing.  SFTI misrepresents the *Pequignot*

12  decision.  The Federal Circuit's *Pequignot* opinion did not address the standing issue at all.  The

13  only reference to subject matter jurisdiction in the opinion was the single, perfunctory statement,

14  "We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1)."  *Pequignot v. Solo Cup Co.*,

15  No. 2009-1547, 2010 U.S. App. LEXIS 11820, at *10 (Fed. Cir. June 10, 2010).  While the

16  district court in *Pequignot* did discuss standing, the parties did not raise that issue before the

17  Federal Circuit and the issue was not mentioned in the appellate court's opinion.  *See* Brief of

18  Appellant, No. 2009-1547,2009 WL 4248800, at 2-3 (Fed. Cir., filed Nov. 9, 2009); *Pequignot v.*

19  *Solo Cup Co.*, No. 2009-1547, 2010 U.S. App. LEXIS 11820 (Fed. Cir. June 10, 2010).  By

20  contrast, the Federal Circuit will squarely address the standing question in *Stauffer v. Brooks*

21  *Brothers, Inc.*, Fed. Cir. Appeal Nos. 2009-1428, 2009-1430, 2009-1453:  specifically, whether a

22  private party has Article III standing to bring an action for false patent marking despite having

23  suffered no cognizable injury.

24      SFTI fails to allege any cognizable injury to establish Article III standing.  Indeed, SFTI

25  admits that it has not suffered any cognizable injury.  Instead, SFTI contends that harm is not an

26  element of a false marking claim, and thus SFTI is not required to plead that it suffered any

27  injury.  SFTI is mistaken.  *Qui tam* relators, like all plaintiffs, must plead an injury-in-fact to

28  establish Article III standing.  *See Vt. Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S.

765, 771, 773-74 (2000).  Specifically, SFTI, as a *qui tam* relator, must plead an actual or imminent injury to itself, the United States economy, or the public.  *See Stauffer v. Brooks Bros., Inc.*, 615 F. Supp. 2d 248, 255 (S.D.N.Y. 2009).  SFTI's Complaint is devoid of allegations of any injury to anyone.

The decisions cited by SFTI do not support its argument that pleading harm is unnecessary.  SFTI observes that the Federal Circuit in *Forest Group, Inc. v. Bon Tool*, a case involving a *competitor's* false marking claim, stated *in dicta* that a non-competitor plaintiff has standing to bring a false marking claim.  (Dkt. No. 212 at 2 (*citing Forest Group Inc. v. Bon Tool Co.,* 590 F.3d 1295, 1303-04 (Fed. Cir. 2009)).)  But that decision did not squarely address standing and it did not state that a *qui tam* relator does not have to allege *any* harm to *anyone*.  Likewise, neither *Juniper Networks* nor *Harrington* supports that proposition.  *See Juniper Networks v. Shipley*, No. C 09-0696 SBA, 2010 U.S. Dist. LEXIS 24889, at *16-17 (N.D. Cal. Mar. 16, 2010); *Harrington v. CIBA Vision Corp.*, No. 3:08-cv-00251-FDW-DCK, text order (W.D.N.C. May 22, 2009).  In finding standing, those district courts determined that the Government's sovereign interest was enough for a false marking case.

By contrast, the district court in *Stauffer* carefully considered the standing issue and determined that a false marking plaintiff lacking personal injury did not have standing.  *Stauffer*, 615 F. Supp. 2d at 255.  The *Stauffer* court stated that it "doubts that the Government's interest in seeing its laws enforced could alone be an assignable, concrete injury in fact sufficient to establish a *qui tam* plaintiff's standing."  *Id.* at 254 n.5.  In *Stauffer*, the complaint "fail[ed] to allege with any specificity an actual injury to any individual competitor, to the market for bow ties, or to any aspect of the United States economy."  *Id.* at 255.[1]

The deficiencies in SFTI's Complaint are even greater than those in the complaint that the district court dismissed in *Stauffer*.  SFTI has not alleged any injury-in-fact to anyone that would

---

[1] To the extent there is a split in authorities at the district court level, it illustrates the importance of the Federal Circuit's upcoming decision in *Stauffer* that will resolve the standing issue.

support Article III standing. Thus, the Complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

### B. False Marking Is A Species of Fraud That Must Be Pled With Particularity Under Rule 9(b)

SFTI asks this Court to find that false marking is not a fraud-based claim, inviting the Court to ignore other courts' recognition of false marking as a species of fraud. The Court should decline SFTI's invitation.

As confirmed by the Federal Circuit's recent ruling in *Pequignot*, false patent marking is a fraud-based claim. *See Pequignot*, 2010 U.S. App. LEXIS 11820, at *16 ("the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a *fraudulent intent*") (emphasis added) (*quoting Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005)); *Juniper Networks*, No. C 09-0696 SBA, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009) ("[t]he false marking statute is a fraud-based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b)"); *London v. Everett H. Dunbar Corp.*, 179 F. 506, 508 (1st Cir. 1910) ("the statute [a predecessor of Section 292] must be read as making the *fraudulent purpose of intent to deceive* the public the gravamen of the offense, and the marking as the overt act whereby the intent is made manifest") (emphasis added); *Stauffer*, 615 F. Supp. 2d at 254 ("[b]y its terms, the statute seeks to protect the public not simply from false marking of unpatented articles but instead from false marking that is *fraudulent*, deceptive, and intentional") (emphasis added).

Because false patent marking is a fraud-based claim, Rule 9(b) applies and requires that the plaintiff must "state with particularity the circumstances constituting fraud or mistake." *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (noting that when a claim is "grounded in fraud" or "sound[s] in fraud," the pleading as a whole must satisfy the particularity requirement of Rule 9(b)).

SFTI argues that "[m]any torts that include false or deceptive conduct are not fraud and are therefore governed by the 'simplified pleading standard' of Rule 8." (Dkt. No. 210 at 3.) For

BAYER'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. CV10-00966 JF PVT
sf-2861195

4

this proposition, SFTI cites *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).

*Swierkiewicz* is inapposite.  There, the Supreme Court stated that Rule 8(a) generally applies in

civil actions with limited exceptions.  *Id.*  The Supreme Court specifically held that heightened

pleading under Rule 9(b) was not required for employment discrimination.  *Id.*  The decision did

not address false marking.

SFTI primarily relies on *Astec America, Inc. v. Power-One, Inc.*, a case in the Eastern

District of Texas, to argue that Rule 8 should apply to false marking claims, not Rule 9(b).  In one

brief paragraph, the *Astec* court noted that the plaintiff had provided no case authority that Rule 9

applies to a false marking claim.  *Astec Am., Inc. v. Power-One, Inc.*, No. 6:07-cv-464, 2008 U.S.

Dist. LEXIS 30365, at *33-34 (E.D. Tex. Apr. 11, 2008).  The court suggested instead that Rule 8

applies.  *Id.*  The *Astec* court then analyzed the false marking claim "assuming that a false

marking claim must be pled with particularity" and concluded that the plaintiff did not need to

plead any greater specificity than to identify the defendant as the corporate entity responsible for

the false marking.  *Id.*[2]

A court in the Northern District of California has distinguished *Astec*.  In *Juniper

Networks*, the district court stated "[s]etting aside the *Astec* court's failure to cite any compelling

authority or provide analysis to support [the suggestion that Rule 9(b) does not apply], the Court

notes . . . that in [the Ninth] Circuit fraud-based claims are subject to Rule 9(b)."  2009 WL

1381873, at *4 n.3.  For the reasons identified in *Juniper Networks,* the *Astec* decision should not

be followed on the issue of whether Rule 9(b) applies.

Apparently recognizing the weakness of its position, SFTI alternatively argues that its

Complaint is sufficient under Rule 9(b).  SFTI points to its allegation that each defendant "marks

its products with patents to induce the public to believe that each such product is protected by

each patent listed and with knowledge that nothing is protected by an expired patent.

Accordingly, [each defendant] falsely marked its product with intent to deceive the public."  (Dkt.

---

[2] Here, SFTI did not get the corporate entity right.  SFTI sued Bayer Corporation, rather than the proper party Bayer HealthCare LLC, as discussed further below in Section C.

1  No. 210 at 5-6.)  This allegation was based solely "[u]pon information and belief."  Compl. (Dkt.

2  No. 1) ¶ 61.

3      SFTI has not pled sufficient facts to support its allegations that Bayer acted with intent to

4  deceive the public.  Alleging knowledge of a false statement, without more, is not enough.  As

5  established by the Federal Circuit's ruling in *Pequignot*, the false marking statute requires that the

6  alleged marker act "for the purpose of deceiving the public."  *Pequignot*, 2010 U.S. App. LEXIS

7  11820, at *17 (citing 35 U.S.C. § 292(a)).  "[A] purpose of deceit, rather than simply knowledge

8  that a statement is false, is required."  *Id.*  Likewise, merely alleging that a product was marked

9  with an expired patent number is not sufficient.  The false marking statute requires a showing of

10  intent to deceive the public, not simply intent to mark a product with an expired patent.  *Id.* at

11  *20, 22 ("Solo's leaving the expired patent numbers on its products after the patents had expired,

12  even knowingly, does not show a 'purpose of deceiving the public'").  SFTI's bare bones

13  allegations fail to state with particularity the circumstances constituting fraud for a false marking

14  claim as required by Rule 9(b).

15      Moreover, even under Rule 8(a)'s general notice pleading standard, SFTI's Complaint

16  should be dismissed for failure to state a claim because the Complaint lacks factual content that

17  would suggest the requisite intent to deceive.  "Rule 8(a)(2) still requires a 'showing,' rather than

18  a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57

19  (2007) (stating that factual allegations in the complaint must also provide "'grounds' on which

20  the claims rests," "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" and "must

21  be enough to raise a right to relief above the speculative level.") (citations omitted).  The

22  complaint must contain more than labels and conclusions or a formulaic recitation of the elements

23  of a claim.  *Id.* at 555.  SFTI's Complaint contains a single allegation regarding intent; SFTI pled,

24  based on information and belief, that Bayer allegedly marked its products to induce the public to

25  believe the products were patented.  *See* Compl. (Dkt. No. 1) ¶ 61.  The Complaint provides no

26  facts to support this bare assertion.  As such, SFTI's allegation amounts to nothing more than

27  mere labels and conclusions and does not satisfy the general pleading standard under

28  Rule 8(a)(2).

1    For these reasons, SFTI's Complaint fails to meet the pleading standards under Rule 9(b)

2    or 8(a) and should be dismissed under Rule 12(b)(6) for failure to state a claim.

3    **C.     SFTI Has Sued the Wrong Party**

4    This action should also be dismissed pursuant to Rule 12(b)(7), because SFTI failed to

5    join Bayer HealthCare LLC as an indispensable party.  The Complaint names the wrong party.

6    SFTI alleges that Bayer Corporation falsely marked the Ketostix products, but the owner of the

7    Ketostix product is Bayer HealthCare LLC, not Bayer Corporation.  *See* Declaration of Ray

8    Garguilo, filed herewith, ¶ 4.  Bayer HealthCare LLC, as the current holder of rights to the

9    Ketostix product, has an interest in the outcome of this action.  *See Shermoen v. United States*,

10   982 F.2d 1312, 1317 (9th Cir. 1992) (stating the "court must consider whether 'complete relief'

11   can be accorded among the existing parties, and whether the absent party has a 'legally protected

12   interest' in the subject of the suit") (citation omitted).  If SFTI were to prevail on its false marking

13   claim, it would directly and substantially affect the rights and liability of Bayer HealthCare LLC.

14   Disposition of the action in Bayer HealthCare's absence will impede its ability to protect its

15   interest in the Ketostix product.  The proper defendant is Bayer HealthCare LLC.  Because Bayer

16   Corporation is the wrong party, SFTI's claims against Bayer Corporation should be dismissed.

17   The Court should also dismiss SFTI's claims against Bayer Corporation under

18   Rule 12(b)(4) for insufficient process.  The summons was improperly directed to Bayer

19   Corporation rather than Bayer HealthCare LLC.

20   **III.    CONCLUSION**

21   For the reasons stated above, the Court should dismiss SFTI's Complaint pursuant to

22   Rule 12(b)(1) for lack of standing, Rule 12(b)(6) for failure to state a claim, Rule 12(b)(7) for

23   failure to sue an indispensable party, and Rule 12(b)(4) for insufficient process.

24

25

26

27

28

1    Dated: June 24, 2010              Respectfully submitted,

2

3                                      By:    /s/ Daniel P. Muino

4                                           WESLEY E. OVERSON
                                            DANIEL P. MUINO
5                                           DAISY DANIELLE COLEMAN

6                                           Attorneys for Defendant
                                            BAYER CORPORATION
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAYER'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. CV10-00966 JF PVT                                              8
sf-2861195

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 24, 2010, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45.  The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.

                              */s/ Daniel P. Muino*
                              DANIEL P. MUINO

                              Attorney for Defendant
                              BAYER CORPORATION