QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Thomas R. Watson (CA Bar No. 227264)
    tomwatson@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

    Peter J. Armenio (*admitted pro hac vice*)
    peterarmenio@quinnemanuel.com
    Anne S. Toker (*admitted pro hac vice*)
    annetoker@quinnemanuel.com
    Benoit Quarmby (*admitted pro hac vice*)
    benquarmby@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York   10010
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100

Attorneys for Defendant
The Sun Products Corporation

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC., | Case No. 10-CV-00966-JF |
| Plaintiff, | **DEFENDANT THE SUN PRODUCTS CORPORATION'S REPLY IN SUPPORT OF ITS MOTIONS TO SEVER AND STAY** |
| vs. | |
| THE GLAD PRODUCTS COMPANY, *et al.*, | Honorable Jeremy Fogel |
| Defendants. | Date:   July 8, 2010 |
| | Time:   1:30 p.m. |
| | Courtroom:   3, 5th Floor |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .......................................................................................... 1

II.   ARGUMENT ............................................................................................... 2

    A.   SFTI's Claims Against Sun Should Be Severed From Its Claims Against
       The Other Defendants In This Action .................................................. 2

        1.   Ninth Circuit Precedent Establishes That SFTI's Claims Lack The
            Type Of Common Transaction Or Occurrence Required For Joinder ......... 3

        2.   The Alleged "Common" Legal Issues That SFTI Advances Are
            Irrelevant And Do Not Support Joinder ....................................... 4

        3.   Factual Circumstances Particular To Each Defendant Predominate
            And Require Severance .......................................................... 4

        4.   The Motions To Sever Are Timely And Are Not Premature ....................... 5

    B.   This Action Should Be Stayed Pending The Federal Circuit's Resolution Of
       The *Stauffer* Appeal ...................................................... 5

III.  CONCLUSION ............................................................................................. 5

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

4

**CASES**

5

*Androphy v. Smith & Nephew*,
    31 F. Supp. 2d 620 (N.D. Ill. 1998) ........................................................................ 3

6

7

*Coalition For A Sustainable Delta v. U.S. Fish and Wildlife Service*,
    Civil Action No. 09-480, 2009 WL 3857417 (E.D. Cal. Nov. 17, 2009) ...................... 3, 5

8

*Coughlin v. Rogers*,
    130 F.3d 1348 (9th Cir. 1997) ............................................................................. 3

9

10

*Funtanilla v. Tristan*,
    Civil Action No. 02-6001, 2010 WL 1267133 (E.D. Cal. Mar. 30, 2010) ...................... 3

11

*George v. Smith*,
    507 F.3d 605 (7th Cir. 2007) ............................................................................... 4

12

13

*Golden Scorpio Corp. v. Steel Horse Bar & Grill*,
    596 F. Supp. 2d 1282 (D. Ariz. 2009) ................................................................... 3

14

*Pequignot v. Solo Cup Co.*,
    App. No. 2009-1547, 2010 WL 2346649 (Fed. Cir. June 10, 2010). .......................... 4

15

16

*San Francisco Technology Inc. v. Adobe Systems Inc.*,
    Civil Action No. 09-6083 (N.D. Cal. Apr. 13, 2010) ................................................. 2

17

*Stauffer v. Brooks Bros., Inc.*,
    Fed. Cir. Appeal Nos. 2009-1428, 2009-1430, 2009-1453 ....................................... 1, 5

18

19

**RULES**

20

Fed. R. Civ. P. 20(a) ................................................................................................. 1, 2, 4

21

22

23

24

25

26

27

28

1    Defendant The Sun Products Corporation ("Sun") respectfully submits this Reply in

2  further support of its Motions To Sever and Stay.   (*See* Defendant The Sun Product Corporation's

3  Motion to Sever (D.I. 179) ("Sun MTSever").)

4  **I.    INTRODUCTION**

5    In its moving papers, Sun established that Plaintiff San Francisco Technology ("SFTI")

6  improperly joined twenty-one unrelated defendants in this action and that Sun should be severed

7  from those defendants.   SFTI opposes severance, arguing that all of the claims were brought

8  under the same federal statute.   But SFTI's argument misapprehends Fed. R. Civ. P. 20(a) and is

9  legally insufficient.   For proper joinder under Rule 20(a), claims must arise "out of the same

10 transaction, occurrence, or series of transactions or occurrences."   Here, there is no common

11 transaction or occurrence.   SFTI has improperly joined defendants who have nothing in common,

12 whose products have nothing in common, whose patents have nothing in common, and whose

13 purported acts of false marking arise out of wholly separate transactions or occurrences.   The fact

14 that SFTI's claims against the various defendants all arise under the same federal statute is

15 insufficient as a matter of law to justify joining them in a single action.   Indeed, controlling Ninth

16 Circuit precedent speaks to this exact issue, and confirms that merely asserting the same legal

17 theory against multiple defendants is insufficient to support joinder of otherwise disparate claims

18 in a single action.

19    In its moving papers, Sun similarly established that the case should be stayed pending

20 resolution of the *Stauffer* appeal by the Federal Circuit.   *See Stauffer v. Brooks Bros., Inc*., Fed.

21 Cir. Appeal Nos. 2009-1428, 2009-1430, 2009-1453.   SFTI's opposition is unavailing.   Having

22 suffered no harm as a result of defendants' alleged false patent marking, a stay would not

23 prejudice SFTI but would allow the Court to gain the benefit of the Federal Circuit's decision in

24 *Stauffer*.

25    For all these reasons, as explained in more detail below and in Sun's moving papers, Sun

26 respectfully requests that the Court grant its motions to sever and stay.

27

28

## II.   ARGUMENT

### A.   SFTI's Claims Against Sun Should Be Severed
From Its Claims Against The Other Defendants In This Action

Fed. R. Civ. P. 20(a) only permits joinder of defendants in a single action where the asserted right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences."   SFTI has failed to assert *any* common transaction or occurrence among the defendants it has improperly joined in this action.   And with good reason.   There is none.

SFTI's argument that the alleged "harm caused to the public is the same for all defendants in this case" is irrelevant under applicable precedent.   (Plaintiff's Opposition To Motions Seeking Severance (D.I. 211) ("Opp. MTSev.") at 1.)   Notably, SFTI does not cite a single case addressing the issue of severance in its opposition.

In *San Francisco Technology Inc. v. Adobe Systems Inc.*, this Court rejected the same argument SFTI makes here and granted defendants' motions to sever.   *See San Francisco Technology Inc. v. Adobe Systems Inc.*, Civil Action No. 09-6083, Slip Op. at 2-3 (N.D. Cal. Apr. 13, 2010) (Ex. A to the Declaration Of Anne S. Toker In Support Of Defendant The Sun Products Corporation's Reply In Support Of Its Motion To Sever, filed concurrently herewith).   In so doing, this Court noted that "[i]n opposing severance, SF Tech has focused solely on the requirement of subsection (B) [of Rule 20(a)(2)] that there be a common question of law or fact." *Id.* at 3.   As in the present action, SFTI completely ignored the "same transaction, occurrence, or series of transactions or occurrences" requirement of subsection (A) of Rule 20(a)(2).   As this Court has already explained:

> There is no tenable argument that the claims alleged against each of these separate defendants arise out of the "same transaction, occurrence, or series of transactions or occurrences."   While each defendant is alleged to have engaged in a similar *kind* of conduct, each defendant acted in a separate place and time when it put its allegedly mis-marked products on the market.

*Id.* (emphasis in original; footnote omitted).   The Court concluded that "[h]ere, there is nothing but separate alleged violations of a particular statute."   *Id.*   Despite this flat rejection of its

1   incorrect arguments, SFTI burdens the Court by repeating them here.   They should be rejected

2   again, and SFTI reminded of its obligation not to present frivolous arguments to the Court.

3          **1.       Ninth Circuit Precedent Establishes That SFTI's Claims Lack The
                      Type Of Common Transaction Or Occurrence Required For Joinder**

4

5          If this Court's *Adobe* decision were not enough, settled Ninth Circuit precedent establishes

6   that SFTI's claims lack the type of common transaction or occurrence required for permissive

7   joinder.   *See, e.g., Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997) (affirming district

8   court's holding that plaintiffs failed to meet requirements for joinder where the only connection

9   among the claims was that the plaintiffs had suffered delay in the processing of their applications

10  relating to immigration, and stating "the mere fact that all Plaintiffs' claims arise under the same

11  general law does not necessarily establish a common question of law or fact"); *see also Golden*

12  *Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) (severing a

13  defendant improperly joined in a trademark infringement case and reasoning that "[a] finding of a

14  common question of law or fact does not necessarily mean that the claims against the various

15  defendants arise from a common transaction or occurrence.   Just because each, some, or all of the

16  defendants could mount various legal and factual challenges to Plaintiff's trademark rights does

17  not change the nature of the transactions or occurrences which gave rise to the claims against the

18  various defendants"); *Funtanilla v. Tristan*, Civil Action No. 02-6001, 2010 WL 1267133, at *5

19  (E.D. Cal. Mar. 30, 2010) (severing plaintiff's claims against defendants where each of the claims

20  concerned "a distinctly different event or series of events" and where "[e]ach of Plaintiff's claims

21  will require its own review of entirely separate events"); *Coalition For A Sustainable Delta v. U.S.*

22  *Fish and Wildlife Service*, Civil Action No. 09-480, 2009 WL 3857417, at *5-6 (E.D. Cal. Nov.

23  17, 2009) (severing plaintiff's claims against four federal agencies arising out of alleged pollution

24  of a delta area and finding that a "basic connection" among the claims was insufficient to sustain

25  joinder where each accused activity was "separate and distinct"); *Androphy v. Smith & Nephew*,

26  31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (severing defendants in a patent infringement action

27  where defendants were alleged to have infringed the same patents, reasoning that defendants are

28

"separate companies that independently design, manufacture and sell different products in competition with each other").

### 2. The Alleged "Common" Legal Issues That SFTI Advances Are Irrelevant And Do Not Support Joinder

The "common" legal issues that SFTI attempts to rely on, including standing, pleading requirements, and the constitutionality of the statute at issue, do not support permissive joinder. None of these purported "common" legal issues reflects or arises out of common facts.   These legal issues arise only because SFTI has asserted claims under the same statute against all defendants, and could arise in any action based on a single federal statute.

Furthermore, to the extent such questions are actually common to all defendants they will largely be resolved upon the Court's adjudication of the motions to dismiss, after which questions particular to each defendant will predominate.   Such questions include the circumstances surrounding each defendant's decision to mark the product at issue, the evidence regarding intent to deceive, the timing and length of the marking, the nature and number of products sold, the nature and number of the patents-at-issue, and the length of time of the marking.

### 3. Factual Circumstances Particular To Each Defendant Predominate And Require Severance

Absent severance, the number and nature of disparate factual circumstances will produce a "morass" both during discovery and trial.   *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (stating that severance is appropriate to prevent a "morass" in a multiple-claim, multiple-defendant action).   SFTI's suggestion that bifurcation is an appropriate remedy for its improper joinder of the defendants in this case is meritless.   First, bifurcation does not cure SFTI's Rule 20(a) problem.   Second, to defend a bifurcated action, Sun would be required to, *inter alia*, keep informed about the entire litigation against all defendants, spend significant time and money attending depositions of other defendants, review documents responsive to other defendants' requests, and review motions and attend motion hearings of other defendants.   As the Federal Circuit has explained, a § 292 claim requires proof of intent.   *Pequignot v. Solo Cup Co.*, App. No. 2009-1547, 2010 WL 2346649, at *6 (Fed. Cir. June 10, 2010).   There could not be a more

DEFENDANT THE SUN PRODUCTS CORPORATION'S REPLY IN SUPPORT OF ITS MOTIONS TO SEVER AND STAY

1  particularized factual issue than intent, and there is no basis for SFTI to lump defendants together

2  on this issue.

3  **4.      The Motions To Sever Are Timely And Are Not Premature**

4          SFTI argues incorrectly that the motions to sever are premature, "before a factual record is

5  fully developed."[1]   (Opp. MTSev. at 5.)   Once again, SFTI cites no precedent to support its

6  argument.   Courts routinely grant severance at similar stages of the proceedings.   *See, e.g.,*

7  *Coalition For A Sustainable Delta*, 2009 WL 3857417 at *8 (rejecting plaintiffs' request to delay

8  the decision on severance until further factual development in the case occurred); *Golden Scorpio*,

9  596 F. Supp. 2d at 1284-1286 (ordering plaintiffs to show cause why the case should not be

10 severed two months after the complaint was filed, and severing two months later after briefing was

11 completed).

12 **B.      This Action Should Be Stayed Pending The Federal Circuit's Resolution Of
          The *Stauffer* Appeal**

13

14         SFTI's argument that a stay is not warranted because the Federal Circuit has already

15 "blessed" *qui tam* standing in § 292 actions is incorrect as a matter of law.   Sun addresses this

16 argument in its Reply In Support Of Its Motion To Dismiss, filed concurrently herewith, and

17 therefore will not repeat that discussion here.   SFTI has not pled any injury by the alleged false

18 patent marking.   As a result, SFTI would not be prejudiced by a stay allowing the Court and the

19 parties to have the benefit of the Federal Circuit's *Stauffer* decision.

20 **III.   CONCLUSION**

21         For all of the foregoing reasons, and the reasons in its opening papers, Sun respectfully

22 requests that the Court grant its motions to sever and to stay the claims against Sun pending the

23 Federal Circuit's resolution of the *Stauffer* appeal.

24 _____

25 [1]    SFTI mischaracterizes the Rule 26(f) conference, at which defendants informed SFTI that,
   as **_result_** of SFTI's improper joinder of defendants, detailed discussion of the case schedule was
26 wasteful of the parties' resources.   SFTI disingenuously asserts that defendants "prevented SF
   Tech from knowing at this early pleading stage what additional common facts may underlie the
27 merits of this action."   (Opp. MTSev. at 2.)   As SFTI well knows, there are no common facts.
   Companies do not consult each other on patent marking issues.   That is especially true where, as
28 here, many of the defendants are competitors.

1    DATED: June 24, 2010              QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
2

3                                      By  /s/Thomas R. Watson
4                                          Thomas R. Watson
                                           Attorneys for Defendant
5                                          The Sun Products Corporation

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2        The undersigned certifies that a true and correct copy of the above and foregoing document

3 has been served on June 24, 2010 to all counsel of record who are deemed to have consented to

4 electronic service via the Court's CM/ECF service per Civil Local Rule 5.4.   Any other counsel

5 of record will be served by electronic mail, facsimile and/or overnight delivery.

6 Dated:    June 24, 2010

7                                    By:     */s/Thomas R. Watson*

8                                          Thomas R. Watson

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28