QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Thomas R. Watson (CA Bar No. 227264)
    tomwatson@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

  Peter J. Armenio (*admitted pro hac vice*)
    peterarmenio@quinnemanuel.com
  Anne S. Toker (*admitted pro hac vice*)
    annetoker@quinnemanuel.com
  Benoit Quarmby (*admitted pro hac vice*)
    benquarmby@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York   10010
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100

Attorneys for Defendant
The Sun Products Corporation

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC., <br><br> Plaintiff, <br><br> vs. <br><br> THE GLAD PRODUCTS COMPANY *et al.*, <br><br> Defendants. | Case No. 10-CV-00966-JF <br><br> **DEFENDANT THE SUN PRODUCTS CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** <br><br> Honorable Jeremy Fogel <br> Date:   July 8, 2010 <br> Time:   1:30 p.m. <br> Courtroom:   3, 5th Floor |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 3

    A. SFTI's Complaint Should Be Dismissed Because It Has Failed To State A Claim Upon Which Relief Can Be Granted ............................................................. 3

        1. The Federal Circuit's Recent Decision In The *Pequignot* Appeal Sets A High Bar For Proof Of Intent To Deceive In § 292 Actions ..................... 3

        2. SFTI Misreads The Federal Circuit's *Exergen* Decision In Arguing That Rule 9(b) Does Not Apply To § 292 Claims ........................................ 3

        3. SFTI's Contention That Its Pleading Satisfies Rule 9(b) Is Wrong As A Matter Of Law ............................................................................................ 5

        4. SFTI Ignores The Supreme Court's *Twombly* And *Iqbal* Holdings In Arguing That Its Pleading Satisfies Rule 8 ..................................................... 7

    B. SFTI's Complaint Should Also Be Dismissed Because SFTI Lacks Standing ......... 9

        1. The Federal Circuit Has Not Decided The Standing Issue In SFTI's Favor............................................................................................................... 9

        2. SFTI Is Wrong As A Matter Of Law That It Does Not Need To Demonstrate Harm To Establish Standing Under § 292 ............................. 10

        3. Reliance On An Injury To Sovereignty Alone To Confer Standing Violates The Separation Of Powers ............................................................ 11

        4. SFTI Cannot Allege *Any* Injury In Fact, Sovereign Or Proprietary, Sufficient To Confer Standing ................................................................... 12

III. CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ........................................................................................... 7, 8

*Astec America Inc. v. Power-One, Inc.*,
    Civil Action No. 07-464, 2008 WL 1734833 (E.D. Tex. Apr. 11, 2008) ............................. 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 554 (2007) .................................................................................................... 7

*Calderwood v. Mansfield*,
    71 F. Supp. 480 (N.D. Cal. 1947) ................................................................................ 5

*Douglas, Sr. v. Wal-Mart Stores, Inc.*,
    Civil Action No. 05-152, 2005 WL 3234629 (E.D. Pa. Nov. 30, 2005) ............................. 8

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009) ............................................................................ passim

*Forest Group, Inc. v. Bon Tool Co.*,
    590 F.3d 1295 (Fed. Cir. 2009) ................................................................................ 4, 9

*FW/PBS, Inc. v. City Of Dallas*,
    493 U.S. 215 (1990) .................................................................................................. 10

*Inventorprise Inc. v. Target Corp.*,
    Civil Action No. 09-00380, 2009 WL 3644076 (N.D.N.Y. Nov. 2, 2009) ......................... 8

*Juniper Networks v. Shipley*,
    Civil Action 09-696, 2009 WL 1381873 (N.D. Cal. May 14, 2009) ......................... 4, 5, 6

*Jurin v. Google Inc.*,
    Civil Action No. 09-3065, 2010 WL 727226 (E.D. Cal. Mar. 1, 2010) ............................. 4

*Lerner v. Fleet Bank, N.A.*,
    459 F.3d 273 (2d Cir. 2006) ......................................................................................... 6

*Lujan v. Defenders of Wildlife*,
    112 S. Ct. 2130 (1992) ................................................................................... 9, 11, 12

*Mayview Corp. v. Rodstein*,
    620 F.2d 1347 (9th Cir. 1980) ..................................................................................... 5

*Pelman v. McDonald's Corp.*,
    396 F.3d 508, 511 (2d Cir. 2005) ................................................................................ 3

*Pequignot v. Solo Cup Co.*,
    App. No. 2009-1547, 2010 WL 2346649 (Fed. Cir. Jun. 10, 2010) ............................. 1, 3

1  *Simonian v. Cisco Systems, Inc.*,
        Civil Action No. 10-1306 (N.D. Ill. Jun. 17, 2010) .......................................................... 5, 6, 7

*Stauffer v. Brooks Brothers, Inc.*,
        615 F. Supp. 2d 248 (S.D.N.Y. 2009) ............................................................................ 9, 12

*Third Party Verification Inc. v. SignatureLink Inc.*,
        492 F. Supp. 2d 1314 (M.D. Fla. 2007) ................................................................................. 5

*U.S. ex rel. FLFMC LLC v. Ace Hardware Corp.*,
        Civil Action No. 10-229, 2010 WL 1904023 (W.D. Pa. May 7, 2010) ................................. 9

*Vermont Agency of Natural Res. v. United States ex. rel. Stevens*,
        529 U.S. 765 (2000) ..................................................................................................... 11, 12


**STATUTES**

35 U.S.C. § 292 .................................................................................................................... passim


**OTHER AUTHORITIES**

United States Constitution, Article II ............................................................................................ 12

United States Constitution, Article III ............................................................................. 2, 9, 10, 12


**RULES**

Fed. R. Civ. P. 12(b) ................................................................................................................ 1, 7, 12

Fed. R. Civ. P. 8 ..................................................................................................................... 2, 3, 7, 8

Fed. R. Civ. P. 9(b) ................................................................................................................. 1, 2, 4, 5

1    Defendant The Sun Products Corporation ("Sun") respectfully submits this Reply in further
2 support of its Motion To Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and
3 12(b)(1). (*See* Defendant The Sun Products Corporation's Notice Of Joinder And Joinder In
4 Motion To Dismiss Filed By Co-Defendant GlaxoSmithKline LLC (D.I. 178) ("Sun MTD").)

**I.    INTRODUCTION**

In its moving papers, Sun established that the Complaint against it should be dismissed for failure to state a claim upon which relief can be granted and for lack of standing. San Francisco Technology Inc.'s ("SFTI's") opposition is without merit, repeatedly misstating both the law and the facts. SFTI's opposition is also contrary to the Federal Circuit's recent decision in *Pequignot v. Solo Cup Co.*, App. No. 2009-1547, 2010 WL 2346649, at *6 (Fed. Cir. Jun. 10, 2010). In *Pequignot*, the Federal Circuit explained that "[b]ecause the statute requires that the false marker act 'for the purpose of deceiving the public,' a purpose of deceit, rather than simply knowledge that a statement is false, is required." *Id.* SFTI has not, and cannot, allege the requisite purpose of deceit, and its Complaint should be dismissed accordingly.

SFTI argues that the heightened pleading requirements of Fed. R. Civ. P. 9(b) do not apply to false marking actions brought under 35 U.S.C. § 292 because a § 292 claim is not a fraud claim. But this argument ignores the fact that "the false marking statute is a criminal one," *Pequignot*, 2010 WL 2346649 at *6, and further ignores numerous cases finding that § 292 sounds in fraud. Indeed, at least two courts, including this Court, have explicitly applied the Rule 9(b) standard to § 292 claims.

SFTI misstates the law in arguing that, even if Rule 9(b) applies, its pleading contains "enough specificity to meet that standard." (Plaintiff's Opposition To Motions Challenging Sufficiency of the Complaint (D.I. 210) ("Opp. MTD 12(b)(6)") at 1.) SFTI has alleged nothing more than that, "[u]pon information and belief," Sun made decisions to mark its products with the patent at issue after the expiration of that patent and, on that basis alone, allegedly acted with intent to deceive the public. Notably, SFTI did ***not*** allege: (1) that Sun knew the patent at issue had expired when it made any decision to mark products with this patent; and (2) any specific facts giving rise to a reasonable belief that Sun acted with intent to deceive the public. SFTI's

1  vague, general, and highly speculative allegations are inadequate under Rule 9(b).   In cases of

2  fraud, particularized factual bases for the allegations must be set out, and the pleadings must allege

3  "sufficient underlying facts from which a court may reasonably infer that a party acted with the

4  requisite state of mind."   *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir.

5  2009).

6  SFTI's arguments regarding the less onerous Rule 8 pleading standard are similarly

7  unavailing.   Even under Rule 8, conclusory allegations and formulaic recitations of the elements

8  of a cause of action are insufficient.   As the Supreme Court has explained, a pleading for a cause

9  of action requiring intent must contain factual allegations sufficient to plausibly suggest the

10  required state of mind or intent.   SFTI's pleading contains no such allegations.   It should be

11  dismissed.

12  Putting aside the factual deficiencies in its pleading, SFTI does not have standing to bring

13  this action.   SFTI's opposite view is contrary to binding precedent and unsupported by any

14  relevant authority.   SFTI argues that the Federal Circuit has already "blessed" its standing in this

15  case, but this is an untenable claim that flies in the face of Supreme Court jurisprudence.   As the

16  Supreme Court has established, concrete and particularized injury in fact is a requirement of

17  Article III standing.   SFTI has no such injury.   SFTI asserts that § 292 *qui tam* standing can rest

18  on the government's purported assignment of a "debt" incurred by defendants for the alleged false

19  marking.   But this argument is unsupported by any precedent and should be rejected.   SFTI has

20  not pled an injury of any kind, to itself or to the public, as a result of Sun's purported violation of

21  § 292.   And with good reason.   No such injury exists.

22  For all these reasons, as explained in more detail below and in Sun's moving papers, SFTI's

23  complaint should be dismissed for failure to state a claim upon which relief can be granted and for

24  lack of standing.

25

26

27

28

## II. ARGUMENT

### A. SFTI's Complaint Should Be Dismissed Because It Has Failed To State A Claim Upon Which Relief Can Be Granted

#### 1. The Federal Circuit's Recent Decision In The *Pequignot* Appeal Sets A High Bar For Proof Of Intent To Deceive In § 292 Actions

In its recent *Pequignot* decision, the Federal Circuit emphasized that "the bar for proving deceptive intent here is particularly high, given that the false marking statute is a criminal one, despite being punishable only with a civil fine." *Id*. at *6. In particular, the Federal Circuit explained that "mere knowledge that a marking is false is insufficient to prove intent if Solo can prove that it did not consciously desire the result that the public be deceived." *Id*. Here, SFTI has neither pled that Sun *knew* that the patent had expired at the time it was marked on the product at issue, nor provided any factual basis for its vague and conclusory allegations of intent to deceive the public. In *Pequignot*, the Federal Circuit held that "Solo's leaving the expired patent numbers on its products after the patents had expired, even knowingly, does not show a 'purpose of deceiving the public.'" *Id*. at *8. Under *Pequignot*, SFTI's pleadings are insufficient to state a claim under § 292.

#### 2. SFTI Misreads The Federal Circuit's *Exergen* Decision In Arguing That Rule 9(b) Does Not Apply To § 292 Claims

SFTI argues that the heightened pleading standard of Rule 9(b) does not apply to § 292 actions because false marking "does not require proof of the same essential elements (such as reliance) as common-law fraud." (Opp. MDT 12(b)(6) at 3.)[1] But this argument flies in the face

---

[1] The precedent on which SFTI relies actually supports Sun's position that § 292 claims, which require proof of intent, are subject to the heightened pleading standard of Rule 9(b). SFTI cites to *Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 n.4 (2d Cir. 2005), where the Second Circuit addressed the pleading standard required under a New York law statute providing a cause of action for objectively misleading or deceptive business practices. *Id*. In concluding that Rule 9(b) did not apply, the court stated explicitly that the statute "applies to a broad range of deceptive practices *regardless of the perpetrator's intent*." *Id*. (emphasis added). Given that the case was decided before the Supreme Court decisions in *Twombly* and *Iqbal*, it also cannot be relied on for its discussion of the pleading standards under Rule 8. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). In *Jurin v. Google Inc.*, the district court dismissed claims for false advertising and false designation of origin for failing to meet the pleading standards of Rule 8. *See Jurin v. Google Inc.*, Civil Action No. 09-3065, 2010 WL

1  of the Federal Circuit's *Exergen* decision that inequitable conduct claims are subject to the Rule

2  9(b) pleading requirements.  As the Federal Circuit explained in *Exergen*, "[t]he substantive

3  elements of inequitable conduct are:  (1) an individual associated with the filing and prosecution

4  of a patent application made an affirmative misrepresentation of a material fact, failed to disclose

5  material information, or submitted false material information; and (2) the individual did so with a

6  specific intent to deceive the PTO."  *Exergen*, 575 F.3d at 1327 n.3.  Neither reliance nor

7  pecuniary harm are elements of inequitable conduct.  Nonetheless, the Federal Circuit held that

8  inequitable conduct "must be pled with particularity" under Rule 9(b).  *Id*. at 1326 (citations

9  omitted).

10      The elements of a § 292 false marking claim, per SFTI's own admission, are:  "(1)

11  marking an unpatented article and (2) intent to deceive the public."  (Opp.MTD 12(b)(6) at 3-4

12  (citing *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009).)  These

13  elements parallel the elements of inequitable conduct.  Both causes of action require an

14  affirmative misrepresentation and an intent to deceive.  Under *Exergen*, SFTI's argument that

15  Rule 9(b) does not apply to § 292 claims because the elements of a § 292 claim are not the same as

16  those of a fraud claim must be rejected.

17      If *Exergen* left any doubt, this Court has already specifically held that Rule 9(b) applies to

18  § 292 actions.  In *Juniper Networks*, this Court dismissed as insufficient under Rule 9(b) a

19  complaint that charged the defendant with having made false statements on his website regarding

20  software being covered by a patent, where the sole allegations of intent to deceive were that the

21  defendant "knew that language to be false."  *Juniper Networks v. Shipley*, Civil Action 09-696,

22  2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009).  This Court rejected the plaintiff's argument

23  that knowledge that the statements were false was sufficient to plead the element of intent to

24  deceive under § 292:

25          ***The false marking statute is a fraud-based claim, which is subject
        to the pleading requirements of Federal Rule of Civil Procedure***
26          ***9(b).***  Juniper's conclusory allegations that Shipley "knew" his

27  _____

28  727226 (E.D. Cal. Mar. 1, 2010).  Notably, neither of these causes of action requires intent to
    deceive the public.

1           reference to the patents was "false" are thus insufficient to plead an
           intent to deceive under section 292(a).

2

3 *Id*. (emphasis added; citations omitted).

4     Another court also recently applied Rule 9(b) to dismiss a § 292 false marking claim.  *See*

5 *Simonian v. Cisco Systems, Inc*., Civil Action No. 10-1306 (N.D. Ill. Jun. 17, 2010) (attached as

6 Ex. A to the Declaration Of Anne S. Toker In Support Of Defendant The Sun Corporation's

7 Motion To Dismiss filed concurrently herewith).  The court reasoned that because "[f]alse

8 marking is only actionable where there is an 'intent to deceive,'. . . a claim brought under 35

9 U.S.C. § 292 'is a fraud-based claim.'"   (*Id.* at 6, quoting *Juniper*, 2009 WL 1381873 at *4.)

10 Relying on *Exergen* and other citations, the court then concluded that Rule 9(b) applied to the

11 false marking claim.[2]

12        **3.**     **SFTI's Contention That Its Pleading Satisfies Rule 9(b)
                 Is Wrong As A Matter Of Law**

13

14     SFTI's argument that scienter may be alleged "generally," and that its vague and

15 conclusory pleading is therefore sufficient under Rule 9(b), is wrong as a matter of law.  (Opp.

16 MTD 12(b)(6) at 5.)  As the Federal Circuit stressed in *Exergen*, "[a]lthough 'knowledge' and

17 'intent' may be averred generally, our precedent, like that of several regional circuits, requires that

18 the pleadings allege sufficient underlying facts from which a court may reasonably infer that a

19 party acted with the requisite state of mind."  *Exergen*, 575 F.3d at 1327.   The Federal Circuit,

---

20    [2]  The decisions in *Astec* and *Third Party Verification* on which SFTI relies are contrary to
21 the weight of authority and should not be followed.  In those cases, the courts mistakenly believed that there was no authority for linking a false marking clam to an averment of fraud.  *See Astec*
22 *America Inc. v. Power-One, Inc.*, Civil Action No. 07-464, 2008 WL 1734833, at *12 (E.D. Tex. Apr. 11, 2008); *Third Party Verification Inc. v. SignatureLink Inc*., 492 F. Supp. 2d 1314, 1327
23 (M.D. Fla. 2007).  These courts were unaware of cases finding that false marking claims sound in fraud.  *See*, *e.g.*, *Mayview Corp. v. Rodstein*, 620 F.2d 1347, 1359-60 (9th Cir. 1980) (stating that
24 "[t]he state-of-mind finding with respect to false marking logically should be consonant with the 'fraud' findings" and that "an actual intent to deceive the public is required for a violation of 35
25 U.S.C. § 292"); *Calderwood v. Mansfield*, 71 F. Supp. 480, 481-82 (N.D. Cal. 1947) (stating with
26 regard to the predecessor statute to § 292 that its object "is to penalize those who would palm off upon the public unpatented articles, by falsely and fraudulently representing them to have been
27 patented" and noting that "[a]s in the case of other informer statutes, rewards are offered as a matter of public policy to accomplish outlawing of fraudulent and illegal acts to the public
28 detriment").

1  quoting the Second Circuit, made clear that "we must not mistake the relaxation of Rule 9(b)'s
2  specificity requirement regarding condition of mind for a license to base claims of fraud on
3  speculation and conclusory allegations . . . plaintiffs must allege facts that give rise to a strong
4  inference of fraudulent intent."   *Exergen*, 575 F.3d at 1327 n.4 (quoting *Lerner v. Fleet Bank,*
5  *N.A.*, 459 F.3d 273, 290 (2d Cir. 2006)).

6         By its own admission, ***SFTI has not alleged that Sun knew the product at issue was***
7  ***marked with an expired patent***, let alone provided any factual basis for its speculative and
8  conclusory allegation that Sun intended to deceive the public.   SFTI contends that it "has
9  specifically pled that the accused markings and advertisements were done after each patent's
10 expiration date and that each accused product is being sold retail long after those expirations."
11 (Opp. MTD 12(b)(6) at 7.)   But such pleading does not even rise to the level of detail rejected as
12 insufficient under Rule 9(b) by this Court in *Juniper Networks*, where the plaintiff at least alleged
13 that the defendant had knowledge that the statements at issue were false.   Here, SFTI has pled
14 only the conclusory allegation that because Sun purportedly marked products with a patent after it
15 expired, Sun acted with intent to deceive the public.

16        The pleadings dismissed by the court in *Simonian* were also more detailed than SFTI's in
17 this action.   There, the plaintiff had specifically identified the allegedly mismarked product, the
18 patents on the product that were allegedly expired, the dates on which the patents expired, and the
19 date that the product was manufactured.   (Tolker Decl., Ex. A Slip Op. at 7.)   The plaintiff had
20 further alleged, upon information and belief, that the defendant was a sophisticated company with
21 decades of experience with patents.   The court, however, still found the pleadings deficient.   As
22 the court explained, "the pleadings must 'allege sufficient underlying facts from which a court may
23 reasonably infer that a party acted with the requisite state of mind.'"   (*Id.* at 7, quoting *Exergen*,
24 575 F.3d at 1327.)   The court noted that "[a]llegations based on 'information and belief [are]
25 permitted under Rule 9(b) when essential information lies uniquely within another party's control,
26 but only if the pleading sets forth specific facts upon which the belief is reasonably based.'"   (*Id.*
27 at 7-8 (citation omitted).)   The court concluded that "Simonian has failed to plead specific facts
28 showing Cisco's knowledge of the mismarking or its intent to deceive the public."   (*Id.* at 8.)

Case No. 10-cv-00966-JF
DEFENDANT THE SUN PRODUCTS CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
6

1    Because SFTI's pleading, like the pleading in *Simonian*, is based on information and belief
2    unsupported by specific facts upon which such a belief could be reasonably based, it is insufficient
3    to state a claim upon which relief can be granted.   SFTI's contrary arguments are rebutted by this
4    Court's *Juniper Networks* decision, the *Simonian* decision, the Federal Circuit's *Exergen* decision,
5    and the significant body of case law imposing heightened requirements for pleading fraud in other
6    contexts.   SFTI's complaint does not satisfy Rule 9(b), and should be dismissed for failure to state
7    a claim under Fed. R. Civ. P. 12(b)(6).

### 4.  SFTI Ignores The Supreme Court's *Twombly* And *Iqbal* Holdings In Arguing That Its Pleading Satisfies Rule 8

10   SFTI ignores the key lessons of *Twombly* and *Iqbal*.   Even under Rule 8, conclusory
11   allegations and speculation are insufficient to state a claim.   *See Bell Atl. Corp. v. Twombly*, 550
12   U.S. 554 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).   In both *Twombly* and *Iqbal*, the
13   Supreme Court dismissed the claims at issue under Rule 8 on the grounds that the claims
14   contained conclusory allegations and that the factual allegations in the complaints did not
15   plausibly suggest entitlement to relief.   *See Iqbal*, 129 S. Ct. at 1950-51.

16   *Twombly* involved a claim that defendants violated § 1 of the Sherman Act by conspiring
17   to prevent competitive entry into local telephone and internet service markets.   The Supreme
18   Court held that plaintiffs' allegations of parallel conduct were insufficient to state a claim under
19   Rule 8 because they did not sufficiently raise a suggestion of a preceding agreement.   *Twombly*,
20   550 U.S. at 557.   As the Supreme Court explained:   "While a complaint attacked by a Rule
21   12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to
22   provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and
23   a formulaic recitation of the elements of a cause of action will not do."   *Id*. at 555 (citations
24   omitted).

25   In its recent decision in *Iqbal*, the Supreme Court interpreted *Twombly* as creating a two-
26   pronged approach for a court considering a motion to dismiss for failure to state a claim under
27   Rule 8.   Under the first prong, "a court considering a motion to dismiss can choose to begin by
28   identifying pleadings that, because they are no more than conclusions, are not entitled to the

assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Under the second prong, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

*Iqbal* involved a cause of action that required purposeful acts and wrongful intent on the part of the defendants. *See id*. at 1952. The Supreme Court found that the Complaint did not "contain any factual allegations sufficient to plausibly suggest petitioners' discriminatory state of mind" and therefore did "not meet the standard necessary to comply with Rule 8." *Id*. The *Iqbal* Court noted that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id* at 1950. The *Iqbal* Court stressed that the "bare assertions" of the complaint at issue "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim." *Id*. at 1951 (citations omitted).

In addition to ignoring *Twombly* and *Iqbal*, SFTI mischaracterizes *Inventorprise Inc. v. Target Corp*., where the plaintiff's false marking complaint was dismissed under Rule 8. *See Inventorprise Inc. v. Target Corp*., Civil Action No. 09-00380, 2009 WL 3644076, at *6 (N.D.N.Y. Nov. 2, 2009); Opp. MTD 12(b)(6) at 10. In *Inventorprise*, the plaintiff alleged that the defendant retailer had violated § 292 by selling an allegedly improperly marked item that the defendant had no role in marking. The plaintiff alleged that because the defendant was "a sophisticated company that has many decades of experience with applying for, obtaining, and litigating intellectual property including, but not limited to patents . . . [it] knew or should have known that the patent number printed on the Product's package did not apply to the article at issue." *Id*. The court concluded that, "[e]ven without applying the heightened pleading standard of Fed. R. Civ. P. 9(b)…, Plaintiff has failed to set forth sufficient facts to establish a plausible claim that, by selling the Product with a false patent number on the back of its package, Target acted with the intent to deceive the public." *Id* at *7 (citation omitted); *see also Douglas, Sr. v. Wal-Mart Stores, Inc*., Civil Action No. 05-152, 2005 WL 3234629, at * 7 (E.D. Pa. Nov. 30, 2005) (dismissing a § 292 claim for insufficiently pleading intent to deceive where the pleading was based on a statement by the party accused of false marking that he was experienced in intellectual property litigation).

SFTI's Complaint is wholly deficient under the standards set forth in *Twombly* and *Iqbal*. SFTI's Complaint contains **no** factual allegations sufficient to plausibly suggest that Sun acted with intent to deceive the public. SFTI has not even pled that Sun **knew** that the patent at issue had expired, let alone offered any factual basis for its speculative and conclusory allegation that Sun acted with intent to deceive.[3] SFTI's Complaint should be dismissed

### B. SFTI's Complaint Should Also Be Dismissed Because SFTI Lacks Standing

In addition to its failure to state a claim, SFTI lacks standing to bring this action. Specifically, SFTI has not met its burden to establish actual harm from Sun's purported mismarking. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Standing under Article III of the United States Constitution requires, *inter alia*, concrete and particularized harm. *Id.* at 560. Like the plaintiff in *Stauffer*, SFTI has not alleged "an actual injury to any individual competitor, to the [relevant market], or to any aspect of the United States economy." *Stauffer v. Brooks Bros., Inc.*, 615 F. Supp. 2d 248, 255 (S.D.N.Y. 2009). SFTI's Complaint should therefore be dismissed for lack of standing.

#### 1. The Federal Circuit Has Not Decided The Standing Issue In SFTI's Favor

SFTI is wrong as a matter of law when it asserts that the Federal Circuit has already decided the standing issue in its favor. (Plaintiff's Opposition to Motions Challenging Standing (D.I. 212) ("Opp. MTD-Standing") at 1-2; Plaintiff's Opposition To Motions To Stay (D.I. 213) ("Opp. MTStay") at 1.) As a preliminary matter, SFTI mischaracterizes the Federal Circuit's *Forest Group* decision, which did **not** state in *dicta* that § 292 plaintiffs have *qui tam* standing. (Opp. MTD-Standing at 2.) The portion of *Forest Group* on which SFTI attempts to rely is the Federal Circuit's discussion of "policy considerations" that the court relied on to support its holding that the fine should be imposed on a per article basis. The Federal Circuit did not

---

[3] The case on which SFTI relies, an unpublished opinion from the Western District of Pennsylvania, should be disregarded because it is contrary to the weight of authority and misapplies *Twombly* and *Iqbal*. *See U.S. ex rel. FLFMC LLC v. Ace Hardware Corp.*, Civil Action No. 10-229, 2010 WL 1904023 (W.D. Pa. May 7, 2010).

Case No. 10-cv-00966-JF
DEFENDANT THE SUN PRODUCTS CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
9

1  address, even in *dicta*, the question of whether all § 292 plaintiffs have *qui tam* standing to sue
2  under the statute.

3  SFTI's additional argument that "the Federal Circuit has already blessed *qui tam* standing
4  under the false marking statute in at least two cases" is contrary to binding Supreme Court
5  precedent. (Opp. MTStay at 1.) The Supreme Court has held that where the courts below did
6  not address standing, and even if the parties fail to raise the issue before the Supreme Court on
7  appeal, "federal courts are under an independent obligation to examine their own jurisdiction, and
8  standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *FW/PBS, Inc. v. City Of*
9  *Dallas*, 493 U.S. 215, 230-31 (1990) (citation omitted). The fact that the Federal Circuit did not
10 address standing in *Stauffer* does not give rise to any presumption that it "blessed" the issue.

11 The Supreme Court has emphasized that "[i]t is a long-settled principle that standing
12 cannot be 'inferred argumentatively from averments in the pleadings,' but rather 'must
13 affirmatively appear in the record.'" *Id*. at 231 (citations omitted). Furthermore, "it is the burden
14 of the 'party who seeks the exercise of jurisdiction in his favor' . . . 'clearly to allege facts
15 demonstrating he is a proper party to invoke judicial resolution of the dispute.'" *Id*. (citations
16 omitted). SFTI may not discharge this burden through its unsupported contention that the
17 standing issue, which has not yet even been addressed by the Federal Circuit, has already been
18 decided in its favor.

19 **2. SFTI Is Wrong As A Matter Of Law That It Does Not Need To Demonstrate Harm To Establish Standing Under § 292**
20

21 SFTI mischaracterizes the defendants' arguments that SFTI lacks standing as being
22 "premised on a lack of harm suffered by SF Tech." (Opp. MTD-Standing at 2.) On the contrary,
23 Sun has argued explicitly that "[a] plaintiff must assert an injury to the public to have standing to
24 bring an action under § 292," and that "SFTI's complaint does not allege *any* injury, let alone the
25 concrete and particularized injury in fact required to provide standing to sue." (Sun MTD at 4.)
26 SFTI argues that it does not need to demonstrate harm to establish standing under § 292.
27 But this argument is contrary to binding Supreme Court precedent establishing that a plaintiff
28 must meet three requirements to establish Article III standing: (1) injury in fact; (2) causation;

1  and (3) redressability.  *See Vermont Agency of Natural Res. v. United States ex. rel. Stevens*, 529
2  U.S. 765, 771 (2000).  The requisite injury in fact must be "a harm that is both 'concrete' and
3  'actual or imminent, not conjectural or hypothetical.'"  *Id*. (citations omitted).  Whether or not
4  SFTI is required to allege that it has suffered harm *itself*, there can be no dispute that SFTI must
5  allege at least that the ***government***, on whose behalf it is purportedly bringing the action, has
6  suffered some cognizable harm.  As the Supreme Court established in *Vermont Agency*, a *qui tam*
7  plaintiff must at least assert an injury to the United States to have standing.  *Id*.

8  In *Vermont Agency*, a suit brought under the False Claims Act, the injury to the United
9  States was both sovereign, arising from the violation of its laws, and proprietary, arising from the
10 alleged false claims that were the subject of the action.  *Vermont Agency*, 529 U.S. at 771.  The
11 Supreme Court reasoned that the plaintiff's interest in half the fine assessed was insufficient to
12 support standing because "[a]n interest unrelated to injury in fact is insufficient to give a plaintiff
13 standing."  *Id*. at 772.  The Court then concluded that the *qui tam* plaintiff had standing as a
14 partial assignee of the government's damages claim.  *Id*. at 773.  Of course, under § 292, there is
15 no ***damages*** claim, only a fine for violation of the law.  SFTI's contends that "[b]y virtue of their
16 false marking conduct, the defendants owe a debt to the United States in an amount to be
17 determined by the Court.  As the *qui tam* assignee of half that debt, SF Tech has standing to sue
18 to collect it."  (MTD-Standing at 2-3.)  But this argument is unsupported by *Vermont Agency* and
19 is equivalent to an argument that an injury to sovereignty alone can support standing under § 292.

20         **3.**    **Reliance On An Injury To Sovereignty Alone To Confer Standing Violates The Separation Of Powers**
21

22 The Supreme Court has stressed that if courts were to ignore "the concrete injury
23 requirement described in our cases, they would be discarding a principle fundamental to the
24 separate and distinct constitutional role of the Third Branch – one of the essential elements that
25 identifies those 'Cases' and 'Controversies' that are the business of the courts rather than of the
26 political branches."  *Lujan*, 504 U.S. at 576.  As the Supreme Court has explained, "[t]o permit
27 Congress to convert the undifferentiated public interest in . . . compliance with the law into an
28 'individual right' vindicable in the courts is to permit Congress to transfer from the President to the

courts the Chief Executive's most important constitutional duty, to 'take Care that the Laws be faithfully executed.'" *Id*. at 577 (quoting Art. II, § 3).[4]  Because an injury to sovereignty alone does not constitute a "concrete injury" to the government or to the government's partial assignee, the *qui tam* relator, reliance on such an injury to support Article III standing under § 292 invades the province of the Executive Branch.

### 4. SFTI Cannot Allege *Any* Injury In Fact, Sovereign Or Proprietary, Sufficient To Confer Standing

The district court in *Stauffer* found that the plaintiff failed to allege an injury to the public from fraudulent or deceptive false marking. *Stauffer*, 615 F. Supp. 2d at 251 (S.D.N.Y. 2009). In particular, the complaint failed "to allege with any specificity an actual injury to any individual competitor, to the market for bow ties, or to any aspect of the United States economy.  That some competitor might somehow be injured at some point, or that some component of the United States economy might suffer some harm, is purely speculative and plainly insufficient to support standing." *Id*. at 255.  SFTI has not pled *any* injury of *any* kind resulting from Sun's purported mismarking, let alone the concrete and imminent harm required to establish standing under Article III.

## III.  CONCLUSION

For all of these reasons, Sun respectfully requests that the Court grant its motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1).

DATED: June 24, 2010                QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/Thomas R. Watson*
    Thomas R. Watson
    Attorneys for Defendant
    The Sun Products Corporation

---

[4]  The *Vermont Agency* Court noted explicitly that it did not reach the question whether *qui tam* actions violate the "Take Care" clause of Article II of the Constitution.  *Vermont Agency*, 529 U.S. at 778 n.8.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on June 24, 2010 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF service per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Dated: June 24, 2010

By: */s/Thomas R. Watson*
Thomas R. Watson