Robert J. Kent, CAB #250905
rjkent@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone:  (650) 839-5070
Facsimile:   (650) 839-5071

Attorneys for Defendant
EXERGEN CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN JOSE DIVISION)

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> THE GLAD PRODUCTS COMPANY, BAJER DESIGN & MARKETING INC., BAYER CORPORATION, BRIGHT IMAGE CORPORATION, CHURCH & DWIGHT CO. INC., COLGAGE-PALMOLIVE COMPANY, COMBE INCORPORATED, THE DIAL CORPORATION, EXERGEN CORPORATION, GLAXOSMITHKLINE LLC, HI-TECH PHARMACAL CO. INC., JOHNSON PRODUCTS COMPANY INC., MAYBELLINE LLC, MCNEIL-PPC INC., MEDTECH PRODUCTS INC., PLAYTEX PRODUCTS INC., RECKITT BENCKISER INC., ROCHE DIAGNOSTICS CORPORATION, SOFTSHEEN-CARSON LLC, SUN PRODUCTS CORPORATION, SUNSTART AMERICAS INC., <br><br> Defendants. | Case No. CV10-00966 JF <br><br> **DEFENDANT EXERGEN CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS OR SEVER AND TRANSFER** <br><br> Date:        July 8, 2010 <br> Time:        1:30 pm <br> Place:       Courtroom 3, 5th Floor <br> Judge:       Honorable Jeremy Fogel |

/ / /

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ................................................................................................ 1

RELIEF SOUGHT ..................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 2

I.      INTRODUCTION ........................................................................................ 2

II.     STATEMENT OF ISSUES TO BE DECIDED ........................................... 4

III.    STATEMENT OF FACTS ............................................................................ 4

IV.     ARGUMENT ................................................................................................ 6

        A.      The Case Should Be Dismissed Because Plaintiff Lacks Standing ................... 6

                1.      Plaintiff Lacks Standing Vis-à-Vis Exergen Because the
                        Government's Alleged Claim Has Already Been Assigned ................... 6

                2.      The Government's Claim Is Not Assignable ............................................. 8

        B.      In the Alternative, the Claims Against Exergen Should Be Severed
                and Transferred to the United States District Court for the District
                of Massachusetts ................................................................................. 10

                a.      The Claims Against Exergen Should be Severed ...................... 10

                b.      Once Severed, the Claims Against Exergen Should
                        be Transferred to the District of Massachusetts ........................ 11

        C.      Exergen Joins in Its Co-Defendants' Arguments In Favor of
                Dismissal for Failure to State a Claim ................................................. 14

V.      CONCLUSION ........................................................................................... 15

i

1

## TABLE OF AUTHORITIES

2

**Page(s)**

**CASES**

3

4

*Allstar Marketing Group v. Your Store Online*,
   666 F.Supp.2d 1109 (C.D. Cal. 2009)................................................................. 14

5

*Bell Atlantic Corp. v, Twombly*,
6
   550 U.S. 544, 127 S.Ct. 1955 (2007)............................................................ 1, 15

7

*British Telecomm v. McDonnell Douglas Corp.*,
   No. C-93-0677 (MHP), 1993 WL 149860 (N.D. Cal. May 3, 1993)...................... 7
8

9

*Church of Scientology v. U.S. Dep't of the Army*,
   611 F.2d 738 (9th Cir. 1979).................................................................................. 8

10

*Churchill Village LLC v. General Electric*,
11
   361 F.3d 566 (9th Cir. 2004)............................................................................... 13

12

*Forest Group, Inc. v. Bon Tool Co.*,
   590 F.3d 1295 (Fed. Cir. 2009)......................................................................... 2, 6
13

14

*Hagans v. Lavine*,
   415 U.S. 528 (1974)............................................................................................. 9

15

*In re Zimmer Holdings*,
16
   No. 2010-M938, 2010 WL 2553580 (Fed. Cir., June 24, 2010)......................... 13

17

*Jones v. GNC Franchising, Inc.*
   211 F.3d 495 (9th Cir. 2000)................................................................... 11, 12, 14
18

19

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555, 112 S.Ct. 2130 (1992)................................................................ 8, 9

20

*Morrison v. Olson*,
21
   487 U.S. 654, 108 S.Ct. 2597 (1988)................................................................... 8

22

*Pacesetter Sys., Inc. v. Medtronic*,
   678 F.2d 93 (9th Cir. 1982).................................................................................. 7
23

24

*Pequignot v. Solo Cup*,
   2010 U.S. App. Lexis 11820 (Fed. Cir. 2010) ..................................................... 9

25

*San Francisco Tech., Inc. v. Adobe Sys., Inc.*,
26
   No. 09-cv-6083 RS, 2010 WL 1463571 (N.D. Cal. Apr. 13, 2010) .................... 10

27

28

ii

## **TABLE OF AUTHORITIES (cont'd.)**

**Page(s)**

*Simonian v. Cisco Sys.*,
   No. 10-C-1306, 2010 WL 2523211 (N.D. Ill. June 17, 2010) ............................... 15

*Skaff v. Meridien N. Am. Beverly Hills LLC*,
   506 F.3d 832 (9th Cir. 2007) ............................................................................ 14

*Stauffer v. Brooks Brothers, Inc.*,
   615 F.Supp.2d 248 (S.D.N.Y. 2009) ......................................................... 6, 8, 10

*U.S. ex rel. Adrian v. Regents of University of California*,
   2002 WL 334915 (N.D. Cal. Feb. 25, 2002) ...................................................... 13

*U.S. ex rel. LaValley v. First Nat'l Bank of Boston*,
   625 F. Supp. 591 (D.N.H. 1985) ....................................................................... 13

*U.S. ex rel. Penizotto v. Bates East Corp.*,
   No. CIV. A 94-3626, 1996 WL 417172 (E.D.Pa. Jul. 18, 1996) ......................... 13

*Vermont Agency of Natural Resources v. United States ex rel. Stevens*,
   529 U.S. 765, 120 S. Ct. 1858 (2000) ............................................................. 6, 9

**STATUTES**

28 U.S.C. § 1391 ..................................................................................................... 11

28 U.S.C. § 1404 ................................................................................................. 1, 11

35 U.S.C. § 292 ............................................................................................... passim

Cal. Code Civ. Proc. § 415.40 ................................................................................... 5

Cal. Code Civ. Proc. § 1021.5 ......................................................................... 13, 14

**RULES**

Fed. R. Civ. P. 8 ........................................................................................... 1, 3, 15

Fed. R. Civ. P. 9 ..................................................................................... 1, 3, 15, 16

Fed. R. Civ. P. 12 ..................................................................................................1, 5

Fed. R. Civ. P. 20 ................................................................................................... 10

Fed. R. Civ. P. 21 ............................................................................................. 1, 10

iii

## <u>TABLE OF AUTHORITIES (cont'd.)</u>

<u>Page(s)</u>

OTHER AUTHORITIES

6 Am. Jur. 2d Assignments § 11 (2010)..................................................................... 8

6 Am. Jur. 2d Assignments § 131 (2010)................................................................... 7

Justin E. Gray, *False Marking Case Information,* Gray on Claims, *at*
    http://www.grayonclaims.com/false-marking-case-information (accessed June 29, 2010) ..... 2

*Myriam E. Gilles, Representational Standing: U.S. ex rel Stevens and the Future of Public*
    *Law Litigation*, 89 Cal. L. Rev. 315, 342-44 (2001)................................................ 8

S.515 Amendment in the Nature of a Substitute, *available at*
    http://www.fr.com/files/uploads/PatentReformAmendment.pdf. ............................ 2

U.S. Const., Art II, § 3 ............................................................................................. 8

**NOTICE OF MOTION**

PLEASE TAKE NOTICE, that on July 8, 2010, at 1:30 p.m. before the Honorable Judge Jeremy Fogel, at the United States District Court for the Northern District of California, 280 S. 1st Street, San Jose, California, Defendant Exergen Corporation ("Exergen"), by and through its counsel of record, will move the Court pursuant to Federal Rules of Civil Procedure 12 and 21, and 28 U.S.C. § 1404(a), for an Order dismissing San Francisco Technology's ("SF Tech") complaint, or in the alternative severing the claims against Exergen and transferring those claims to the United States District Court for the District of Massachusetts.

**RELIEF SOUGHT**

This case should be dismissed against Exergen for lack of standing. A previous false marking case filed against Exergen by a different plaintiff undermines any argument that SF Tech may maintain standing as the assignee of a claim accruing to the United States. Any such claim was already assigned to the plaintiff who filed the earlier false marking suit. Moreover, both SF Tech and the earlier plaintiff lack standing because any such claim is based on a sovereign injury and is therefore non-assignable.

In the alternative, the claims against Exergen should be severed. The claims against the disparate defendants in this case bear little resemblance to one another, and there is little to be gained by hearing such an unwieldy number of defendants, each with different legal arguments and interests, in a single civil action. Once severed, the claims against Exergen should be transferred to Massachusetts, where Exergen's sole facility has been located for thirty years, and where all relevant evidence and witnesses are located.

Exergen also joins in the motions to dismiss filed by its co-defendants arguing that this case should be dismissed for failure to state a claim. SF Tech's general allegation, made on information and belief, that Exergen possessed the requisite intent to deceive the public, fails to satisfy the pleading requirement set forth in Rule 9, and likewise fails to meet even the more lenient Rule 8 standards as explicated in *Bell Atlantic Corp. v, Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007).

DEFENDANT EXERGEN CORP.'S NOT OF MOT AND
MOT TO DISMISS OR SEVER OR TRANSFER
Case No. CV10-00966 JF

The Motion will be based upon this Notice, the following Memorandum of Points and Authorities, the concurrently filed Declarations of Robert J. Kent and Dr. Francesco Pompei, and documents in support thereof, the pleadings and papers on file in this action, and upon such other oral argument and documentary evidence as may be presented at the hearing of this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Federal Circuit's recent decision in *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009), holding that the false marking statute[1] imposes liability of up to $500 per falsely-marked product, triggered an explosion of lawsuits.[2]  The present action is the result of a land rush by plaintiffs—who often, as in this case, are not competitors of the defendants in the marketplace[3]—to file false marking cases created by the *Forest Group* decision.

Exergen's co-defendants include companies who make sandwich bags, trash bags, collapsible laundry baskets, urinalysis strips, toothpaste, toothbrushes, lice treatment, ant traps, hair products, baby bottles, air freshening spray, pharmaceuticals, and fabric softener.  Exergen's co-defendants are headquartered in states as varied as Wisconsin, Pennsylvania, New York, Arizona, Texas, Connecticut, Indiana, Illinois, California, and Massachusetts.  The companies range in size from small, closely-held enterprises to major international conglomerates.  There are few common issues amongst the defendants, other than SF Tech's allegation that each is liable under Section 292 because they mark some products with patent numbers.

The claims against Exergen should be dismissed or transferred.  Most significantly, an identical false marking suit previously brought against Exergen deprives SF Tech of standing.  SF Tech's sole claim to standing with respect to other defendants is as an assignee of a false marking

---

[1] 35 U.S.C. § 292.
[2] One study identifies over 237 false marking cases filed between December 28, 2009 (when the the Federal Circuit issued the *Forest Group* decision) and June 23, 2010.  *See* Justin E. Gray, *False Marking Case Information,* Gray on Claims, *at* http://www.grayonclaims.com/false-marking-case-information (accessed June 29, 2010).
[3] Proposed legislation  would retroactively limit standing as plaintiff to only those entities which could allege a competitive injury due to false marking.  *See* S.515 Amendment in the Nature of a Substitute at 16:4-15, *available at* http://www.fr.com/files/uploads/PatentReformAmendment.pdf.

DEFENDANT EXERGEN CORP.'S NOT OF MOT AND
MOT TO DISMISS OR SEVER OR TRANSFER
Case No. CV10-00966 JF

1   claim originally accruing to the Government. But the filing of the earlier lawsuit against Exergen

2   in Delaware, by operation of Section 292, effected an assignment of that single claim from the

3   United States to the Delaware plaintiff.  Therefore, when SF Tech filed suit, **there was no claim**

4   **left to assign**.  Because SF Tech alleges only its derivative standing by assignment from the

5   United States and does not allege (and indeed cannot allege) any injury personal to itself, SF Tech

6   has no standing to bring this claim against Exergen.  (*See* Section IV.A.1, *infra.*)

7          If the Court does not dismiss the Complaint against Exergen, it should sever the claims

8   against Exergen and transfer them to the United States District Court for the District of

9   Massachusetts.[4]  There are essentially no commonalities among Exergen and its co-defendants,

10  other than being subject, like everyone else, to the patent laws of the United States.  Severance is

11  therefore appropriate.  Once severed, the Court should transfer the case to the District of

12  Massachusetts.  All conceivable evidence and witnesses are located in Massachusetts, and it is

13  unfair to burden Exergen, a company with little contact with the State of California, with litigation

14  over 2,600 miles away from its Massachusetts facility. (*See* Section IV.B, *infra.*)

15         In addition to these Exergen-specific arguments, Exergen joins in several arguments made

16  by its co-defendants.  For example, SF Tech additionally lacks standing because the United States'

17  claim was not assignable *a priori*.  (*See* Section IV.A.2, *infra*).  In addition, the allegations against

18  Exergen and all of its co-defendants are entirely lacking in the specificity required by either Rule

19  9(b) or Rule 8(a) to plead the intent to deceive, a required element of the statute.  (*See* Section

20  IV.C, *infra*.)

21         For these reasons, as explained in more detail below, the Court should dismiss the claims

22  against Exergen or sever them and transfer to the United States District Court for the District of

23  Massachusetts.

24

25

26

27  ──────────────────────
    [4] Exergen intends to request that the false marking case pending in Delaware likewise be
        transferred to the District of Massachusetts, where the cases could be consolidated for judicial
28      efficiency.

DEFENDANT EXERGEN CORP.'S NOT OF MOT AND
MOT TO DISMISS OR SEVER OR TRANSFER
Case No. CV10-00966 JF

## II.   STATEMENT OF ISSUES TO BE DECIDED

1) Whether SF Tech has standing to assert a claim purportedly assigned to it by the United States after the United States already assigned, by operation of Section 292, the same claim to another plaintiff; and if so, whether a claim for false marking, based on an injury to the United States' sovereign interest in seeing its laws properly enforced, may be assigned in the first place;

2) Whether the Court should sever the claims against Exergen, where nearly no common issues may be found in SF Tech's case against the varied defendants; and whether, once severed, the claims against Exergen should be transferred to the United States District Court for the District of Massachusetts, where Exergen's sole facility has been located for thirty years, and where all relevant witnesses and evidence are located; and

3) Whether, as argued by Exergen's co-defendants, SF Tech has failed to state a claim for relief by generally alleging, on information and belief, that Exergen intended to deceive the public, as required by the false marking statute.

## III.   STATEMENT OF FACTS

Exergen is a privately owned Massachusetts company with approximately one hundred employees that designs and manufactures award-winning temporal artery thermometers at its sole facility in Watertown, Massachusetts.  (Pompei Decl., ¶¶ 2-8.)  While Exergen's thermometers are in high demand, and are sold throughout the country and the world, Exergen has no operations outside Massachusetts.  (*Id.*, ¶ 4.)  All of Exergen's employees are located at its Watertown, Massachusetts plant.  (*Id.*)  All Exergen products, including its Temporal Artery Thermometers, are designed, assembled, tested, packaged and shipped at our Watertown facility. The packaging for all Exergen products is designed in Watertown, MA. All decisions regarding the packaging and marking are made in the Watertown facility.  (*Id.*, ¶ 9.)

Exergen's products embody the innovative work of its president, Dr. Francesco Pompei, a scientist who founded Exergen Corporation in 1980 to apply principles of heat detection and thermodynamics to a number of commercial problems, including energy loss in buildings, heat detection in industrial applications, and, since the late 1980s, temperature measurement for human medical applications.  (*Id.*, ¶ 2.)  Dr. Pompei is the named inventor on over 60 issued United States

patents.  (*Id.*)  Exergen's Temporal Artery Thermometer has been named as one of the Smartest Products of the Decade by Inc. Magazine.  Exergen has received numerous awards and accolades for its innovative products, including the New England Small Business Association Award for our Temporal Artery Thermometer in 2002.  (*Id.*, ¶ 8.)

On March 3, 2010, Jennifer L. Brinkmeier filed a *qui tam* complaint in the United States District Court for the District of Delaware against Exergen for alleged false marking under 35 U.S.C. § 292 in the District of Delaware.  (*See* Complaint, Kent Decl. Ex. A.)  Ms. Brinkmeier alleges that Exergen marks its products, including its temporal artery thermometers, with expired patent numbers, including U.S. Patent Nos. 4,636,091; 5,012,813; 5,199,436; 5,653,238; and 6,047,205.  (*Id.*, ¶ 11-15, 36-37.)  Ms. Brinkmeier contends that Exergen's actions constitute false marking under 35 U.S.C. § 292.  (*Id.*, ¶¶ 43-44.)

Two days later, on March 5, 2010, SF Tech filed the present action.  In it, SF Tech alleges that Exergen marks its Comfort Scanner thermometer with three expired patent numbers: U.S. Patent No. 4,636,091, 5,012,813, 5,199,436, and 5,653.238.  (Complaint (D.I. 1), ¶ 84.)  These patent numbers are identical to three of the patents at issue in the Brinkmeier case.  (Kent Decl., Ex. A, ¶¶ 11-15.)  Exergen's Comfort Scanner product, which is a temporal artery thermometer, is likewise at issue in the Brinkmeier case.  (*Id.*, ¶¶ 35-37; Pompei Decl., ¶¶ 6-7.)

SF Tech served Exergen with the summons and complaint in this matter by U.S. Mail on June 15, 2010, over three months after filing its complaint.  (*See* D.I. 237.)  The deadline for Exergen to move or plead in response to the Complaint is July 21, 2010.  Cal. Code Civ. Proc. § 415.40; Fed. R. Civ. P. 12(a)(1)(A)(i).  However, because the Court had set a hearing on July 8, 2010, the parties stipulated that Exergen would file any pre-answer motion by June 30, 2010, and that SF Tech would respond by July 7, 2010.  Exergen submits this motion in accordance with the parties' stipulation, which has since been approved by the Court.

IV.    **ARGUMENT**

A.    **The Case Should Be Dismissed Because Plaintiff Lacks Standing**

1.    **Plaintiff Lacks Standing Vis-à-Vis Exergen Because the Government's Alleged Claim Has Already Been Assigned**

It is a bedrock constitutional principle that a plaintiff cannot file suit in a federal court unless it can demonstrate an "injury in fact." *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771, 120 S. Ct. 1858, 1862 (2000). SF Tech does not allege that it possesses standing as a result of any injury to itself. Rather, SF Tech argues standing as an assignee of a claim by the United States. But that claim had already been assigned to another plaintiff, who filed a separate complaint two days before SF Tech commenced this lawsuit. As a result, when SF Tech filed its lawsuit, there was no claim left to be assigned.

A section 292(b) plaintiff has standing only if the Government successfully assigns a false marking claim to that plaintiff. Section 292 provides, in relevant part:

> (a) . . . Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word "patent" or any word or number importing the same is patented, for the purpose of deceiving the public . . . Shall be fined not more than $500 for every such offense.

> (b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

35 U.S.C. § 292 (1994). The statute's provision that "[a]ny person may sue for the penalty" renders the statute a *qui tam* statute. See *Forest Group*, 590 F.3d at 1303. A *qui tam* statute is "regarded as effecting a partial assignment of the Government's damages claim." *Vermont Agency*, 529 U.S. at 773, 120 S.Ct. 1858. Thus, a *qui tam* plaintiff's standing, if it exists, derives from the plaintiff's status as the partial assignee of a claim from the Government. *See id.* ("We believe . . . that adequate basis for the relator's suit for his bounty is to be found in the doctrine that the assignee of a claim has standing to assert the injury in fact suffered by the assignor.").[5]

---

[5] With respect to patent false marking, the tangible injury to the United States, other than the desire and need to see its law enforced, is not obvious. Since the enforcement of the laws is an executive function under Article II, Section 3 of the Constitution, the patent false marking act itself is challenged as an unconstitutional delegation of authority by the executive branch. S*ee infra,* § IV.A.2, and *Stauffer v. Brooks Brothers, Inc.*, 615 F.Supp.2d 248, 255 (S.D.N.Y. 2009), which held that the plaintiff in a patent false marking case must show "an actual or imminent injury in

DEFENDANT EXERGEN CORP.'S NOT OF MOT AND
MOT TO DISMISS OR SEVER OR TRANSFER
Case No. CV10-00966 JF

When the Delaware plaintiff filed suit against Exergen, it availed itself of the provisions of 35 U.S.C. § 292(b), effecting a *de facto* assignment of the United States' alleged false marking claim against Exergen. Subject to exceptions not relevant here, "the right of an [earlier] assignee is superior to that of a subsequent assignee of the same right from the same assignor." 6 Am. Jur. 2d Assignments § 131 (2010). As a result of the earlier assignment to the Delaware plaintiff, when SF Tech filed suit, no claim remained to be assigned. Therefore, SF Tech lacks standing to pursue its claim against Exergen.

The claim assigned to the Delaware plaintiff included the entire claim asserted against Exergen here.[6] All patents at issue in this case, with respect to Exergen, are also at issue in the Delaware case. (*Compare* Brinkmeier Complaint (Kent Decl., Ex, A), ¶¶ 11-15 (identifying U.S. Patent Nos. 4,636,091; 5,102,813; 5,199,436; 5,653,238; and 6,047,205), *with* Complaint (D.I. 1), ¶¶ 84-85 (identifying U.S. Patent Nos. 4,636,091; 5,012,813; 5,199,436; and 5,653,238).) The products at issue in the Delaware suit are also the same: Ms. Brinkmeier accuses all of Exergen's temporal artery thermometers (*see* Kent Decl., Ex. A at ¶¶ 36-37), while SF Tech accuses just one of Exergen's temporal artery thermometers (Complaint (D.I. 1) at ¶ 84; Pompei Decl., ¶¶ 6-7.) Thus, the entire claim for relief that SF Tech seeks to assert against Exergen in this case has already been assigned to Jennifer L. Brinkmeier in her suit filed in the United States Court for the District of Delaware.

If the Court does not dismiss the claims against Exergen for lack of standing, the Court should dismiss those claims under the first-to-file rule. The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action" when a duplicative action has been filed elsewhere. *Pacesetter Sys., Inc. v. Medtronic*, 678 F.2d 93, 94-95 (9th Cir. 1982) (citation omitted). There is no requirement of strict identity of the parties. *See British Telecomm v. McDonnell Douglas Corp.*, No. C-93-0677 (MHP), 1993 WL 149860 at *4 (N.D. Cal. May 3, 1993). The first-to-file rule "should not be disregarded lightly."

---

fact to competition, to the United States economy, or [to] the public that could be assigned to him as a qui tam plaintiff or be
vindicated through this litigation."
[6] Ms. Brinkmeier's suit also involves two patents that are not at issue here.

DEFENDANT EXERGEN CORP.'S NOT OF MOT AND
MOT TO DISMISS OR SEVER OR TRANSFER
Case No. CV10-00966 JF

*Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979).  Because the same subject matter is at issue in this case and in the Delaware case, under principles of comity, the Court should defer to the earlier-filed Delaware action by dismissing this case.[7]

### 2.    The Government's Claim Is Not Assignable

SF Tech lacks standing with respect to ***any*** defendant because the claim supposedly assigned to SF Tech arose out of a sovereign injury to the United States and was therefore non-assignable.[8]  It is a well-established common-law rule that, while ***proprietary*** claims (e.g., claims sounding in contract and property law) may be assigned, ***personal*** claims (e.g., personal injury, false imprisonment, or marital claims) may not be assigned.  *See* 6 Am. Jur. 2d Assignments § 11 (2010) ("In general, rights that are personal to the assignor are incapable of assignment.").  The United States's sovereign interests are personal in nature, and therefore are unassignable.  *Myriam E. Gilles, Representational Standing: U.S. ex rel Stevens and the Future of Public Law Litigation*, 89 Cal. L. Rev. 315, 342-44 (2001).  Because SF Tech does not seek to vindicate any ***proprietary*** injury suffered by it or by the Government (e.g., fraud in a government contract), SF Tech lacks standing.

Moreover, to construe Section 292(b) as an assignment of the United States' sovereign claim would violate the Take Care Clause of Article II, Section 3 of the U.S. Constitution.  The Constitution requires that the President "take care that the Laws be faithfully executed."  U.S. Const., Art II, § 3.  This duty cannot be transferred outside the Executive Branch.  *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 576-77, 112 S.Ct. 2130 (1992) ("To permit Congress to convert the undifferentiated public interest in executive officers' compliance with the law into an 'individual right' vindicable in the courts is to permit Congress to transfer from the President to the courts the Chief Executive's most important constitutional duty, to 'take Care that the Laws be faithfully executed.'"), *quoting* U.S. Const., Art. II, § 3; *Morrison v. Olson*, 487 U.S. 654, 696,

---

[7] In the alternative, the Court should, in deference to the Delaware court, at a minimum stay the case with respect to Exergen until the Delaware court rules on any motion to dismiss or transfer filed in the Delaware case.   (*See* Pompei Decl., ¶ 11.)

[8] The arguments in this section have been raised in the pending Federal Circuit appeal in *Stauffer v. Brooks Brothers, Inc.*, Nos. 2009-1428, -1430, & -1453 (Fed. Cir. filed July 7, 2009).  *See* Brief of *Amicus Curiae* Ciba Vision Corp., (Kent Decl., Ex. C).

DEFENDANT EXERGEN CORP.'S NOT OF MOT AND
MOT TO DISMISS OR SEVER OR TRANSFER
Case No. CV10-00966 JF

108 S.Ct. 2597 (1988) (considering constitutionality of independent counsel legislation, and emphasizing degree of control retained by President under the statute).  Yet if Section 292(b) were an assignment of the Government's sovereign interest, then private parties would have free reign to enforce (or settle) false marking violations, unfettered by Executive control.  This would represent an impermissible delegation of Executive authority.  *See Lujan*, 504 U.S. at 576-77.

The Supreme Court's decision in *Vermont Agency*, which was decided under the False Claims Act, was not addressed to the above issue of unconstitutional delegation of authority in Section 292, and does not resolve this question.  In *Vermont Agency*, the Court held that a *qui tam* relator has standing to assert injuries suffered by the United States in a case arising under the False Claims Act.  529 U.S. at 778, 120 S. Ct. at 1865.  Crucially, however, the False Claims Act both (a) requires a proprietary (not sovereign) injury to the United States (Brief of *Amicus Curiae* Ciba Vision Corp. (Kent Decl., Ex. C) at 7-9; and (b) permits the Government to continue to exercise a measure of control over the litigation (*id.* at 21-24).  By contrast, Section 292(b) involves no proprietary injury to the United States, and makes no provision for the Government to control litigation brought pursuant to the false marking statute.  (*See id.* at 7-9 & 21-24.)  Therefore, *Vermont Agency* does not govern the outcome of this case with respect to the constitutional issue of patent false marking claims.

Equally inapposite is the Federal Circuit's recent decision in *Pequignot v. Solo Cup*, 2010 U.S. App. Lexis 11820 (Fed. Cir. 2010).  The parties in *Pequinot* did not raise, and the court did not address, any issue of standing in that case.  It is well-established that where a case does not address a legal issue—even where that issue pertains to its own jurisdiction—the case may not be cited as precedent on that issue.  *See, e.g., Hagans v. Lavine*, 415 U.S. 528, 533 n.5 (1974) ("[W]hen questions of jurisdiction have been passed on in prior decisions sub silentio, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us.").  Thus, the Federal Circuit's decision in *Pequinot* sheds no light on question of whether SF Tech has standing to maintain this suit.

These standing issues are significant and raise issues of constitutional importance. Exergen contends that SF Tech's lack of standing is apparent, and that this case should be dismissed. However, this constitutional issue will soon be decided by the Federal Circuit in *Stauffer v. Brooks Brothers, Inc.*, Nos. 2009-1428, -1430, & -1453 (Fed. Cir. filed July 7, 2009).[9] Therefore, at minimum, the Court should stay proceedings in this case pending the Federal Circuit's decision in *Stauffer.*

**B.      In the Alternative, the Claims Against Exergen Should Be Severed and Transferred to the United States District Court for the District of Massachusetts**

Alternatively, the claims against Exergen should be severed, and Exergen's portion of the case transferred to the United States District Court for the District of Massachusetts. The Exergen claims do not arise out of the same transaction or occurrence as any other defendant, and the particularized facts of each defendant's situation overwhelm any minor common questions of law that may arise. All witnesses and documentary evidence are located in Massachusetts, and the balance of convenience plainly favors that District. Therefore, if the Court does not dismiss this case, the Court should transfer this case to the District of Massachusetts.

**a.      The Claims Against Exergen Should be Severed**

Severance of the claims against Exergen is appropriate in this case. In relevant part, Fed. R. Civ. P. 20(a)(2) permits the joinder of multiple defendants in a single action ***only if*** the claim arises out of the same transaction or occurrence. *Id.*; *see also* Fed. R. Civ. P. 21 (authorizing a court to sever claims against a party). Here, there is no "transaction or occurrence" that is common to the twenty-one defendants in this action. The products at issue in the case are eclectic. (*See supra*, p. 2.) The nature of the involved parties are equally wide-ranging. (*See id.*) Most importantly, the alleged acts of false marking were committed by different parties at different times in different locations, with no connection whatsoever. In short, there is no common "transaction or occurrence" connecting SF Tech's allegations against the disparate defendants. As a result, there "simply is no basis to join these . . . defendants in a single suit." *San Francisco*

---

[9] The Exergen-specific issue raised in Section IV.A.1 is not, to Exergen's knowledge, presently before the Federal Circuit.

DEFENDANT EXERGEN CORP.'S NOT OF MOT AND
MOT TO DISMISS OR SEVER OR TRANSFER
Case No. CV10-00966 JF

1    *Tech., Inc. v. Adobe Sys., Inc.*, No. 09-cv-6083 RS, 2010 WL 1463571 at *2 (N.D. Cal. Apr. 13,

2    2010).

3          Plaintiff's apparent theory in its opposition briefs is that all of the various defendants'

4    actions, taken together, constitute a single "series of transactions or occurrences," *see* Plaintiff's

5    Opp. to Mots. Seeking Severance (D.I. 211) at pp. 1-2.  But such an interpretation of the "series of

6    transactions" rule would surely strip it of all meaning.  Because the claims alleged against Exergen

7    did not arise out of the same transaction or occurrence as the claims alleged against the other

8    defendants, the Court should sever the claims against Exergen.

9                    **b.       Once Severed, the Claims Against Exergen Should be
                              Transferred to the District of Massachusetts**

10         "For the convenience of parties and witnesses, in the interest of justice, a district court may

11   transfer any civil action to any other district or division where it might have been brought."

12   28 U.S.C. § 1404(a); *see also Jones v. GNC Franchising*, Inc., 211 F.3d 495, 497 n.5 (9th Cir.

13   2000). Because the District of Massachusetts is a more convenient judicial district and the present

14   action could have been brought there against Exergen, transfer to the District of Massachusetts is

15   appropriate.[10]

16         As a threshold matter, this case could originally have been brought in the District of

17   Massachusetts against Exergen.  Exergen is subject to personal jurisdiction in Massachusetts, the

18   state in which it is headquartered and in which its sole facility is located.  Venue, likewise, is

19   proper in Massachusetts, which is "a judicial district in which a substantial part of the events or

20   omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).  Therefore, with respect to

21   Exergen, this suit could have been brought there.

22

23

24   _____

     [10] As noted above, an earlier-filed false marking case is pending against Exergen in the United
25   States District Court for the District of Delaware.  Exergen presently intends to move to
     transfer that case to the United States District Court for the District of Massachusetts.
26   Provided both cases are transferred to Massachusetts, they could be consolidated, preserving
     judicial efficiency.  If the Court does not dismiss the claims against Exergen, and if the Court
27   does not find it appropriate to transfer the case before the United States District Court for the
     District of Delaware has decided any motions to dismiss or motions to transfer, then this Court
28   may stay the claims against Exergen pending action by the Delaware court.

Courts consider several factors in evaluating whether transfer is appropriate under Section 1404, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000).  Each relevant factor supports transfer.

All evidence relevant to SF Tech's case against Exergen is located in Massachusetts.  All decisions regarding packaging of Exergen's products, including any patent markings on such packaging, were made by employees in Exergen's Watertown, MA headquarters, which is its factory and its only facility.  (Pompei Decl., ¶ 9.)  Access to proof, convenience of the witnesses, and convenience of Exergen as a party all weigh in favor of transfer.  All Exergen documents are located in Massachusetts.  (Pompei Decl., ¶ 12.)  All relevant witnesses (e.g., witnesses who could testify about packaging, labeling, advertising, and sales of the products at issue) are also located there.  (*Id.*)  These subjects are directly relevant to the fundamental issues of this false marking case, i.e., Exergen's knowledge of the status of the various patents and its intent regarding various patent-related markings.

By contrast, there are absolutely no relevant witnesses or documents located in Northern California.  Plaintiff argues that it intends to rely on the testimony of several managers of area branches of large retail stores, including Walgreen's and Target.  (*See* Fingerman Decl. (D.I. 217), ¶ 2.)  However, Plaintiff does not contend that these store employees have any unique knowledge, nor does Plaintiff explain why managers of Walgreen's and Target stores in the District of Massachusetts are not equally competent to testify about the same subject matter, to the extent it is relevant.

The convenience to SF Tech, a company that apparently conducts no business other than to file false marking lawsuits, is entitled to little weight.  In fact, the Federal Circuit has recently

DEFENDANT EXERGEN CORP.'S NOT OF MOT AND
MOT TO DISMISS OR SEVER OR TRANSFER
Case No. CV10-00966 JF

issued a writ of mandamus ordering that a patent case be transferred in similar circumstances.  In

*In re Zimmer Holdings*, No. 2010-M938, 2010 WL 2553580 (Fed. Cir., June 24, 2010)

(nonprecedential), the plaintiff had opened an office in Longview Texas, which it shared with

another of litigation counsel's clients.  *Id.*, 2010 WL 2553580 at \*3.  Plaintiff had no other

apparent connection to the Eastern District of Texas, and the Federal Circuit found that any

connection was "recent, ephemeral, . . .  an artifact of litigation" and an "attempt[] to game the

system by artificially seeking to establish venue."  *Id.*  Here, Plaintiff and its litigation counsel are

effectively one and the same.  (*See* D.I. 216, ¶ 3 (disclosing that Dan Mount is SF Tech's sole

employee); Kent Decl., Ex. B (showing that Mr. Mount is a principal at Mount & Stoelker, P.C.).)

The only ties between this case (with respect to Exergen) and this forum are "ephemeral" and "an

artifact of litigation," and should be discounted.

Moreover, in a *qui tam* action such as this, courts have held that a plaintiff's choice of

forum is entitled to little weight because the United States is the real party in interest.  *U.S. ex rel.*

*Adrian v. Regents of University of California*, 2002 WL 334915 at \*3 (N.D. Cal. Feb. 25, 2002)

("[A] plaintiff's choice of forum is not given substantial weight when the plaintiff is a *qui tam*

relator, asserting the rights of the United States government."); *see also U.S. ex rel. Penizotto v.*

*Bates East Corp.*, No. CIV. A 94-3626, 1996 WL 417172 (E.D.Pa. Jul. 18, 1996); *U.S. ex rel.*

*LaValley v. First Nat'l Bank of Boston*, 625 F. Supp. 591, 594 (D.N.H. 1985).

The United States District Court for the District of Massachusetts is equally familiar with

the governing law, relating to the federal false marking statute, as is this Court.  SF Tech's

contention to the contrary is specious. SF Tech argues that Cal. Code Civ. Proc. § 1021.5 may

authorize the award of attorneys' fees in an "action which has resulted in the enforcement of an

important right affecting the public interest."  (D.I. 214 at 2.)  But SF Tech fails to explain how

this statute may be applicable in a case that does not arise under California law and also fails to

consider that any state cause of action for "false statement" that is based on the application of

patent numbers to a product is pre-empted by the exclusive federal statute.  Neither of the cases

cited in SF Tech's brief advance its argument.  *See Churchill Village LLC v. General Electric,* 361

F.3d 566, 571 (9th Cir. 2004) (identifying state-law claims at issue); *Skaff v. Meridien N. Am. Beverly Hills LLC*, 506 F.3d 832, 835 (9th Cir. 2007) (noting that the case arose, in part, under California civil rights laws). Since this case does not arise under any California law, Cal. Code Civ. Proc. § 1021.5 cannot apply. Thus, a federal court sitting in Massachusetts is equally capable of applying the relevant law here. *See Allstar Marketing Group v. Your Store Online*, 666 F.Supp.2d 1109, 1133 (C.D. Cal. 2009) (observing that in cases founded on federal intellectual property law, "[c]ourts in this district and [the transferee district] are equally capable of applying federal law").

Thus, of the *Jones v. GNC Franchising* factors, the first factor, the location where the relevant agreements were negotiated and executed, is neutral. Likewise the second factor, the state that is most familiar with the governing law, is likewise neutral. As explained above, in a *qui tam* case, the third factor, the plaintiff's choice of forum, is entitled to little weight. The fourth factor, the respective parties' contacts with the forum, highly favors transfer, since all of Exergen's contacts are in Massachusetts, and since the plaintiff's status as a litigation entity makes it appropriate to disregard its contacts in the analysis. The fifth factor, the contacts relating to the plaintiff's cause of action in the chosen forum, likewise favors transfer, since there are no relevant contacts in this forum. The sixth factor, the differences in the costs of litigation in the two forums, significantly weighs in favor of transfer, because all of the witnesses and evidence are located in Massachusetts. The seventh factor, the availability of compulsory process to compel attendance of unwilling non-party witnesses, likewise supports transfer, since all relevant witnesses are located in Massachusetts. Finally, the ease of access to sources of proof weighs in favor of transfer, for the same reason: all evidence is in Massachusetts.

If the Court does not dismiss the case, the Court should sever the claims against Exergen and transfer them to the United States District Court for the District of Massachusetts.

### C.     Exergen Joins in Its Co-Defendants' Arguments In Favor of Dismissal for Failure to State a Claim

As cogently argued by Exergen's co-defendants, SF Tech's Complaint fails to sufficiently plead intent to deceive the public, which is a required element of a false patent marking claim

1   either under the heightened pleading standard of Rule 9(b).  Moreover, even if Rule 9(b) does not

2   apply, SF Tech's complaint fails to "provide the grounds of [SF Tech's] entitlement to relief," but

3   rather provides merely a "formulaic recitation of the elements of a cause of action."  *See Bell*

4   *Atlantic Corp. v, Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (internal quotation marks,

5   citations, and brackets omitted).  The complaint therefore does not satisfy Rule 8(a).  The claims

6   against Exergen are analytically identical to the claims against Exergen's co-defendants, and

7   Exergen therefore joins in its co-defendants' motions to dismiss for failure to state a claim.  (*E.g.,*

8   D.I. 76; 83; 142; 155; 159; 162; 165; 170; 180; & 193.)

9        Since the time when Exergen's co-defendants' motions were filed, the United States

10   District Court for the Northern District of Illinois issued an instructive decision.  In *Simonian v.*

11   *Cisco Sys.*, No. 10-C-1306, 2010 WL 2523211 (N.D. Ill. June 17, 2010), the court held that the

12   Rule 9(b) pleading standard applied to false marking cases, and that, to properly state a claim, the

13   plaintiff's complaint "'must allege sufficient underlying facts from which a court may reasonably

14   infer that a party acted with the requisite state of mind.'" *Simonian*, 2010 WL 2523211 at *3,

15   *quoting Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).  In

16   *Simonian*, like here, the plaintiff pled no actual underlying facts tending to show knowledge or

17   intent, relying instead on bare assertions made on "information and belief." *Id*.  Similarly, SF

18   Tech's substantive claim against Exergen (the entirety of which is reproduced above) constitutes a

19   bare allegations, on "information and belief," that Exergen "made many decisions" (Complaint,

20   ¶ 85) and marked "to induce the public to believe" its products were covered (Complaint, ¶ 86).

21   *No* underlying facts whatsoever are pled to support these conclusory allegations.  Such pleading

22   was insufficient in *Simonian*, and it is insufficient here.  SF Tech's allegations fail the particularity

23   standard under Rule 9(b).

24   **V.    CONCLUSION**

25        For the forgoing reasons, Exergen respectfully requests that its motion to dismiss or in the

26   alternative transfer to the United States District Court for the District of Massachusetts to be

27   granted.

28

15

1    Dated:  June 30, 2010        FISH & RICHARDSON P.C.

2

3                         By: */s/ Robert J. Kent*
                           Robert J. Kent

4                      Attorneys for Defendant
                     EXERGEN CORPORATION

5

6

   22446953_2.doc

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2      The undersigned hereby certifies that on June 30, 2010, all counsel of record who are

3  deemed to have consented to electronic service are being served with a copy of the **DEFENDANT**

4  **EXERGEN CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS OR**

5  **SEVER AND TRANSFER** via the Court's CM/ECF system per Local Rule 5-4 and General

6  Order 45.  Any other counsel of record will be served by first class mail.

7

8                                        /s/ Robert J. Kent_____
                                         Robert J. Kent

9  22446953_2.doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT EXERGEN CORP.'S NOT OF MOT AND
                                         MOT TO DISMISS OR SEVER OR TRANSFER
                                         Case No. CV10-00966 JF