Roderick M. Thompson (State Bar No. 96192)
rthompson@fbm.com
Janel Thamkul (State Bar No. 261122)
jthamkul@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant THE GLAD PRODUCTS
COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> THE GLAD PRODUCTS COMPANY et al., <br><br> Defendants. | CASE NO. 5:10-CV-00966-JF (PVT) <br><br> **REPLY IN SUPPORT OF DEFENDANT THE GLAD PRODUCTS COMPANY'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)** <br><br> Judge: Hon. Jeremy Fogel <br> Hearing Date: January 20, 2011 <br> Time: 1:30 p.m. <br> Courtroom: Courtroom 3, 5th Floor |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY IN SUPPORT OF GLAD'S MOTION TO
DISMISS CASE NO. 5:10-CV-00966-JF (PVT)

25577\2470105.1

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. SFTI Cannot Seek Relief Under An Unconstitutional Statute............................... 2

    B. SFTI's Complaint Should Be Dismissed Without Leave to Amend Because SFTI Has Not Pled False Marking With Sufficient Particularity ......................... 5

        1. Glad Has Shown, and SFTI Fails to Refute, That Its Section 292 Claims Are Subject to and Fail to Satisfy Rule 9(b)................................. 6

            a. Rule 9(b) Applies to False Marking Claims Under Section 292................................................................................................... 6

            b. SFTI's Allegations Against Glad Do Not Meet the Standard Required By Rule 9(b) .................................................................... 7

                i. SFTI Fails to Sufficiently Allege Any Acts of False Marking By Glad ............................................................... 8

                ii. SFTI Fails to Sufficiently Plead Any Intent to Deceive By Glad ............................................................................... 9

        2. SFTI 's Allegations Are Insufficient Even Under Rule 8(a) .................... 11

III. CONCLUSION ............................................................................................................. 12

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY IN SUPPORT OF GLAD'S MOTION TO DISMISS CASE NO. 5:10-CV-00966-JF (PVT)   - i -   25577\2470105.1

# TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) .................................................................................................... 7

*Astec America Inc. v. Power-One, Inc.*,
    2008 WL. 1734833 (W.D. Tex. Apr. 11, 2008) ............................................................... 6

*Bell. Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................................... 7

*Brinkmeier v. BIC Corp.*,
    2010 WL. 3360568 (D. Del. Aug. 25, 2010) ............................................................. 6, 10

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009)................................................................................ 7, 8, 10

*Forest Group, Inc. v. Bon Tool Co.*,
    590 F.3d 1295 (Fed. Cir. 2009).................................................................................... 2, 6

*Herengracht Group LLC v. America Tombow, Inc.*,
    2010 WL. 5477495 (M.D. Fla. Dec. 30, 2010) ............................................................. 11

*Hollander v. Etymotic Research*,
    2010 WL. 2813015 (E.D. Pa. July 14, 2010) ............................................................. 6, 9

*Juniper Networks v. Shipley*,
    2009 WL. 1381873 (N.D. Cal. May 14, 2009) ......................................................... 6, 11

*Lindsey v. Normet*,
    405 U.S. 56 (1972) ........................................................................................................... 5

*Mayview Corp. v. Rodstein*,
    620 F.3d 1347 (9th Cir. 1980) ....................................................................................... 7

*McNamara v. Natural Organics, Inc.*,
    2010 WL. 3521850 (N.D. Ill. Sept. 1, 2010) .................................................................. 6

*Morrison v. Olson.*,
    487 U.S. 654 (1988) ......................................................................................................... 3

*Moss v. U.S. Secret Service*,
    572 F.3d 962 (9th Cir. 2009) ........................................................................................ 11

*Pequignot v. Solo Cup Co.*,
    608 F.3d 1356 (Fed. Cir. 2010) .............................................................................. *passim*

*Pequignot v. Solo Cup Co.*,
    640 F. Supp. 2d 714 (E.D. Va. 2009) ......................................................................... 3, 4

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY IN SUPPORT OF GLAD'S MOTION TO
DISMISS CASE NO. 5:10-CV-00966-JF (PVT)

- ii -

25577\2470105.1

**TABLE OF AUTHORITIES**
(continued)

Page

*Ridenour v. Kaiser-Hill Company LLC*,
 397 F.3d 925 (10th Cir. 2005) ................................................................................................ 4

*Rothe Development Corp. v. Department of Defense*,
 545 F.3d 1023 (Fed. Cir. 2008) .............................................................................................. 5

*Searcy v. Philips Electrics N. America Corp.*,
 117 F.3d 154 (5th Cir. 1997) .................................................................................................. 4

*Shizzle Pop, LLC v. Wham-O, Inc.*,
 2010 U.S. Dist. LEXIS 86924 (C.D. Cal. 2010) ................................................................... 3

*Shizzle-Pop, LLC v. Wham-O, Inc.*,
 2010 WL. 3063066 (C.D. Cal. Aug. 2, 2010) ..................................................................... 10

*Simonian v. Cisco System, Inc.*,
 2010 WL. 2523211 (N.D. Ill. June 17, 2010) ........................................................................ 6

*The N.C. Farmers' Assistance Fund, Inc. v. Monsanto Co.*,
 2010 WL. 3817349 (M.D.N.C. Sept. 27, 2010) .................................................................... 8

*Third Party Verification, Inc. v. SignatureLink, Inc.*,
 492 F. Supp. 2d 1314 (M.D. Fla. 2007) ................................................................................. 6

*United States, ex rel., FLFMC, LLC v. William Bounds, Ltd.*,
 2010 WL. 4788554 (W.D. Pa. Nov. 17, 2010) .................................................................... 10

*Vermont Agency of Natural Resources v. United States, ex rel., Stevens*,
 529 U.S. 765 (2000) ............................................................................................................... 3

*Vess v. Ciba-Geigy Corp. USA*,
 317 F.3d 1097 (9th Cir. 2003) ................................................................................................ 7

*Zojo Solutions, Inc. v. Stanley Works*,
 712 F. Supp. 2d 756 (N.D. Ill. 2010) ..................................................................................... 2

**DOCKETED CASES**

*United States ex rel., Carver v. Factor Nutrition Laboratoriess, LLC*,
 Case No 10-02529 (N.D. Cal. Dec. 7, 2010) ................................................................ 6, 7, 8

**FEDERAL STATUTES**

28 U.S.C. § 517 ............................................................................................................................. 5

28 U.S.C. § 518 ............................................................................................................................. 5

35 U.S.C. § 290 ............................................................................................................................. 4

35 U.S.C. § 292 .................................................................................................................... *passim*

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY IN SUPPORT OF GLAD'S MOTION TO
DISMISS CASE NO. 5:10-CV-00966-JF (PVT)   - iii -   25577\2470105.1

# TABLE OF AUTHORITIES
### (continued)

**Page**

31 U.S.C. § 3729-3733 .................................................................................................................. 3

31 U.S.C. § 3730(b)(1) .................................................................................................................. 4

Fed. R. Civ. P. 8(a) ................................................................................................................ *passim*

Fed. R. Civ. P. 9(b) ................................................................................................................ *passim*

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 6

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY IN SUPPORT OF GLAD'S MOTION TO
DISMISS CASE NO. 5:10-CV-00966-JF (PVT)

- iv -

25577\2470105.1

## I. INTRODUCTION

Plaintiff San Francisco Technology, Inc.'s ("SFTI's") Opposition to Defendant The Glad Products Company's ("Glad's") Motion to Dismiss recycles the arguments made in its oppositions in other cases.[1] In doing so, SFTI glosses over the crucial deficiencies in the constitutionality of 35 U.S.C. § 292 and SFTI's failure to adequately plead false marking with sufficient specificity as to Glad as required by Rule 9(b), or even Rule 8(a). SFTI's generic arguments in its Opposition are the unavoidable result of its litigation business model of indiscriminately filing form pleading lawsuits against dozens of defendants without proper investigation or particularized factual allegations. By "cutting and pasting" pieces of its responses to the motions to dismiss filed by defendants in other actions, SFTI's Opposition completely misses the fundamental points raised in Glad's Motion.

First, SFTI fails to address the fact that Section 292 provides the Executive Branch with no control or oversight over a false marking relator and thus violates the "Take Care" clause of Article II, Section 3, of the United States Constitution. Instead, SFTI's "production-line" Opposition "incorporates by reference" 170-odd pages of briefing and arguments made in other cases with no attempt to provide specific analysis of Glad's arguments. Most crucially, SFTI ignores the fact that no notice of this *qui tam* action was required by Section 292 and none was given to the United States. The government cannot "take care" to control or safeguard an action of which it is not aware. SFTI's claims should be dismissed with prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction or under Rule 12(b)(6), because SFTI cannot state a claim for relief under an unconstitutional statute.

Second, SFTI's repetition of its vague arguments and views of the law of false marking underscores the Complaint's lack of factual allegations *specific to Glad* purportedly showing that Glad 1) falsely marked its products or 2) did so with an intent to deceive the public. If the Court does not reach the constitutionality of Section 292, the Court should nonetheless dismiss SFTI's Complaint without leave to amend because SFTI failed—and refused—to even attempt to plead

---

[1] SFTI filed essentially verbatim briefs in response to Glad's Motion to Dismiss and to the motions to dismiss filed by false marking defendants in other actions pending before this Court.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY IN SUPPORT OF GLAD'S MOTION TO
DISMISS CASE NO. 5:10-CV-00966-JF (PVT) - 1 - 25577\2470105.1

1 in compliance with the heightened pleading standard of Rule 9(b), which applies to Section 292
2 claims. SFTI argues simply that a rebuttable presumption of intent to deceive arises whenever
3 generalized allegations of false marking are made, and nothing more is ever required at the
4 pleading stage. This is not the law. It would read the intent to deceive element out of the statute
5 and turn Section 292 into a strict liability offense, contrary to Congress's intent and the Federal
6 Circuit's directives in *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1357 (Fed. Cir. 2010)
7 [hereinafter *Pequignot II*]. Further, not only would SFTI's approach preclude dismissals of form
8 complaints, it would also rule out summary judgment in any false marking case supported by
9 boilerplate allegations that a defendant marked its products "with knowledge that nothing is
10 protected by an expired patent," which SFTI recycles in every complaint.

11 SFTI has not met its pleading burden and, in declining the invitation to amend its
12 Complaint to avoid needless motion practice, has wasted the parties' and this Court's resources.
13 SFTI's false marking allegations fail to meet the minimum pleading requirements of Rule 9(b) for
14 a case alleging fraud, or even the broad pleading standard under Rule 8(a). This Court should
15 dismiss SFTI's Complaint against Glad without leave to amend.

16 **II.   ARGUMENT**

17     **A.   SFTI Cannot Seek Relief Under An Unconstitutional Statute.**

18 SFTI's Opposition fails to discuss the lack of any provision in Section 292 to give the
19 Executive Branch notice of or the ability to control the false marking litigation. *See* Mot. at 7:7-
20 19. Instead, SFTI "incorporates by reference" briefing and arguments from other cases and relies
21 on non-binding district court cases without any analysis. Opp. at 17:3-5. None of SFTI's
22 "incorporated" references address the substantial constitutional issues raised by Glad or weigh
23 against dismissal, since none are binding on this Court and, at best, merely indicate that the
24 Federal Circuit has yet to address the "Take Care" clause challenge.[2]

25

26 [2] The Federal Circuit declined to decide whether Section 292 violates the "Take Care" clause of Article II in
*Pequignott II*, since the appeal was limited to the issue of what constitutes an "offense" for the purpose of assessing
27 the statutory fine. The court in *Zojo Solutions, Inc. v. Stanley Works*, 712 F. Supp. 2d 756, 758 (N.D. Ill. 2010),
merely assumed, without analysis, that Section 292 was not unconstitutional since the Federal Circuit did not address
28 any constitutional issues *sua sponte* in *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY IN SUPPORT OF GLAD'S MOTION TO
DISMISS CASE NO. 5:10-CV-00966-JF (PVT) - 2 - 25577\2470105.1

SFTI's bald statement that "[t]he *Pequignot* court held that § 292 does not violate the 'Take Care' clause" is at best misleading. Opp. at 16:21. It was the *district court* (not the Federal Circuit) that concluded that "the intrusion of § 292(b) into Executive Branch power is minor," *Pequignot v. Solo Cup Co.*, 640 F. Supp. 2d 714, 726 (E.D. Va. 2009) [hereinafter *Pequignot I*], relying on its mistaken belief that a Section 292 action is a civil, rather than criminal, action.[3] *Id*. at 727 ("A *qui tam* relator under § 292(b) pursues a civil action, not a criminal one. Because civil actions do not 'cut[] to the heart of the Executive's constitutional duty to take care that the laws are faithfully executed,' the Executive Branch need not wield the same level of control over civil litigation as over criminal prosecutions."). The Federal Circuit rejected this premise. *See Pequignot II*, 608 F.3d at 1363 (holding that "the false marking statute is a criminal one, despite being punishable only with a civil fine"). Because Section 292 provides for a criminal action, it must meet the demanding standard applied by the Supreme Court in *Morrison v. Olson*. 487 U.S. 654, 696 (1988) (statutory delegation of the Executive Branch's law enforcement authority is only permissible when the relevant statute grants the Executive Branch "sufficient control over the [third party] to ensure that the President is able to perform his constitutionally assigned duties").

The incorporated brief of the United States in *SF Tech v. Areo Products*, Opp. Ex. 7 [hereinafter *Areo Products* Brief], is equally uncompelling. The great majority of the brief defends the constitutionality of all *qui tam* statutes generally, not Section 292(a), which is the only statute at issue. And the fact that the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, has so far survived challenge under the Take Care clause is not helpful to SFTI or the government. The utter lack of any notice, control or oversight given to the Executive Branch under Section 292 drastically contrasts with that given by the FCA, which itself has been found by several courts to be close to the constitutional line. *See Vermont Agency of Natural Res. v. United States, ex rel., Stevens*, 529 U.S. 765, 769 (2000) (citations omitted) (expressing some

---

[3] Also "incorporated" by SFTI, the court's decision in *Shizzle Pop, LLC v. Wham-O, Inc.*, 2010 U.S. Dist. LEXIS 86924, at *8-9 (C.D. Cal. 2010), citing *Pequignot I*, also relied on the mischaracterization of Section 292 as a civil action.

1  degree of constitutional concern and noting that under the FCA, a relator must deliver a copy of
2  the complaint and any supporting evidence to the government, which then has 60 days to
3  intervene in the action); *Ridenour v. Kaiser-Hill Company LLC*, 397 F.3d 925, 934-35 (10th Cir.
4  2005) ("'[W]e conclude that to condition the Government's right to move to dismiss an action in
5  which it did not initially intervene . . . tied to a showing of good cause would place the FCA on
6  constitutionally unsteady ground."); *Searcy v. Philips Elecs. N. Am. Corp.*, 117 F.3d 154, 159-60
7  (5th Cir. 1997) ("The action may be dismissed *only if the court and the Attorney General give*
8  *written consent* to the dismissal and their reasons for consenting," 31 U.S.C. § 3730(b)(1), and the
9  government has ultimate veto power over any settlement made by a *qui tam* plaintiff) (emphasis
10 added); *Pequignot I* , 640 F. Supp. 2d at 722 (noting that "§ 292(b) lacks the FCA's 'procedural
11 safeguards,' which include mandatory notice to the government of a *qui tam* lawsuit, an express
12 provision allowing the government to intervene and take over the litigation if it wishes, and
13 clearly defined settlement and dismissal rights for the government.").

14        The absence of any notice provision in Section 292, requiring a *qui tam* relator to inform
15 the government of its filing of false marking claims, effectively circumvents any theoretical
16 ability by the government to assert control over this or the hundreds of other such lawsuits filed in
17 2010 alone.  The Executive cannot act in litigation it knows nothing about.  The United States
18 argues that it has a "right to be notified" of the filing of a false marking complaint pursuant to 35
19 U.S.C. § 290.  *Areo Products* Brief at 19:6.  While in the abstract "clerks of federal courts are
20 required to notify the Director of the United States Patent and Trademark Office of *any* patent
21 suits within one month of their filing," *see* 35 U.S.C. § 290; *Pequignot I*, 640 F. Supp. 2d at 727
22 (emphasis original), this case shows that § 290 is at most an imperfect safeguard.  Here, although
23 35 U.S.C. § 290 required notice to the USPTO by April 5, 2010 (SFTI filed suit on March 5,
24 2010), there is no indication in the court docket that such notice was ever given to or received by
25 the USPTO.[4]  This is likely because the civil cover sheet filed by SFTI, Dkt. No. 1, does not

---

[4] In any event, such notice would not have gone to the Justice Department or the Attorney General.  It is required to be given to the Director of the USPTO, which is a part of another agency, the Department of Commerce.  Further, actual notice of a false marking case via Section 290 is not guaranteed.  Even assuming that, under Section 290, notices of the filing of some false marking suits are given to the USPTO as the filing of "an action under this title," they are not required to be sent until one month after the action is filed, and intermingled with the Section 290 notices

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY IN SUPPORT OF GLAD'S MOTION TO
DISMISS CASE NO. 5:10-CV-00966-JF (PVT)     - 4 -     25577\2470105.1

identify this case as a patent-related suit at all, listing the nature of the suit as an "Other Statutory Action[]" for "Return of Property." No notice to the government is required by Section 292 itself and none was given here.

Nor is there any indication that the government had *de facto* notice of this action until Glad served the Rule 5.1 notice of its constitutional challenge raised by this Motion. Without actual notice of a false marking suit, each of the "rights" asserted by the United States to intervene or participate under the Federal Rules and 28 U.S.C. §§ 517 or 518 are rendered meaningless. For example, the United States asserts without citation that it has "the right to veto a settlement" in any case in which it has intervened on the merits. *Areo Products* Brief at 19:9. But if it has no notice of the action, it cannot seek to intervene. Moreover, even assuming timely intervention, because unlike the FCA, Section 292 requires no special settlement review or approval by the United States, the alleged "veto" is merely the withholding of consent to a Rule 41(a) dismissal that is also available to "any party." Respectfully, these protections fall far short of "the necessary tools" for the United States effectively to control and oversee a Section 292 case. *Id*. at 19:5.

Section 292 violates the Take Care clause in its unregulated delegation of the enforcement power of the Executive Branch. SFTI cannot seek relief for an alleged violation of an unconstitutional statute. *See, e.g., Lindsey v. Normet*, 405 U.S. 56 (1972) (affirming motion to dismissed based in part on unconstitutionality). Its Complaint should be dismissed with prejudice.

**B.  SFTI's Complaint Should Be Dismissed Without Leave to Amend Because SFTI Has Not Pled False Marking With Sufficient Particularity.**

Glad also seeks dismissal of SFTI's claims without leave to amend[5] pursuant to Federal

---

of thousands of other patent suits filed each year. In 2009, the year before the avalanche of false marking suits, over 2,895 patent cases were filed. *See* 2009 Annual Report of the Director of the United States Courts, http://www.uscourts.gov/uscourts/Statistics/JudicialFactsAndFigures/2008/Table407.pdf (in 2009). *See Rothe Development Corp. v. Dep't of Defense*, 545 F.3d 1023, 1046 n.15 (Fed. Cir. 2008) (court may take judicial notice of facts available from federal agency website).

[5] At the parties' Rule 26 conference, Glad suggested that SFTI should "amend its Complaint now to attempt to meet the Rule 9(b) standard to avoid unnecessary motion practice, conserving the resources of both the parties and this Court." Joint Case Mgmt. Conference Statement Between SF Tech and Glad at 4, Dkt. No. 326. SFTI declined. Although Glad raised this point in its opening Memorandum, SFTI's Opposition ignored it.

Rule of Civil Procedure 12(b)(6), because, in alleging against Glad the same general allegations SFTI alleges against all of its false marking defendants, SFTI fails to plead its false marking claims with the particularity required by Rule 9(b), or even Rule 8(a).

    **1.    Glad Has Shown, and SFTI Fails to Refute, That Its Section 292 Claims Are Subject to and Fail to Satisfy Rule 9(b).**

        **a.    Rule 9(b) Applies to False Marking Claims Under Section 292.**

SFTI inaccurately dismisses a "few" district court decisions that have held that Rule 9(b) applies to false marking claims, arguing that those courts simply presupposed, without analysis, that false marking claims are subject to Rule 9(b). *See* Opp. at 9:14-10:9. Instead, SFTI describes a selected handful of non-binding district court decisions from other districts, without analyzing or discussing the specific circumstances or holdings of each case, as proof that Section 292 claims do not sound in fraud.[6] *See* Opp. at 9:11-13, n.50.

SFTI neglects to inform the Court of the many more district court decisions, including all decisions from this District addressing the issue, which hold that false marking claims are subject to Rule 9(b).[7] The United States—on whose behalf SFTI purports to act—itself has urged the Federal Circuit to hold that the heightened pleading standard of Rule 9(b) applies to false marking cases.[8] *See* Response of U.S. as Amicus Curiae In Supp. of The Petitioner, *In re BP Lubricants*

---

[6] The two cases SFTI does discuss, *Astec Am. Inc. v. Power-One, Inc.*, 2008 WL 1734833 (W.D. Tex. Apr. 11, 2008), and *Third Party Verification, Inc. v. SignatureLink, Inc.*, 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007), do not refute that Rule 9(b) applies to false marking claims. Not only are both cases non-binding on this Court, both were issued long before the Federal Circuit's decision in *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009), which held that liability for false marking requires "an intent to deceive." In fact, this District has held that *Astec* does not control. *Juniper Networks v. Shipley*, 2009 WL 1381873, at *4 n.3 (N.D. Cal. May 14, 2009) ("Setting aside the *Astec* court's failure to cite any compelling authority or provide analysis to support [the conclusion that Rule 9(b) does not apply to false marking claims] … in this Circuit fraud-based claims are subject to Rule 9(b).").

[7] *See, e.g., Hollander v. Etymotic Research*, 2010 WL 2813015, at *5 (E.D. Pa. July 14, 2010) (holding that the heightened pleading standard of Rule 9(b) applies to false marking claims); *United States ex rel., Carver v. Factor Nutrition Labs, LLC*, Case No 10-02529, slip op. at *4 (N.D. Cal. Dec. 7, 2010) ("Because claims for false marking require proof of intent to deceive the public, courts have concluded that such claims sound in fraud and are subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b).") (Thamkul Decl., Ex. A, Dkt. No. 350-1) [hereinafter *Factor Nutrition*]; *Juniper Networks*, 2009 WL 1381873, at *4 ("The false marking statute is a fraud-based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b)."); *Simonian v. Cisco Sys., Inc.*, 2010 WL 2523211, at *3 (N.D. Ill. June 17, 2010) (same); *McNamara v. Natural Organics, Inc.*, 2010 WL 3521850, at *1 (N.D. Ill. Sept. 1, 2010) (same); *Brinkmeier v. BIC Corp.*, 2010 WL 3360568, at *8 (D. Del. Aug. 25, 2010) (same).

[8] SFTI ignores the United States' brief advocating that Rule 9(b) applies to false marking claims, yet attaches the United States' brief in *Pequignot I* on the Take Care issue, without any explanation. *See* Opp. at 16:21-24.

*USA, Inc.*, 2010-M960, p. 2 (Fed. Cir. filed Oct. 21, 2010) ("The position of the United States is that, consistent with other cases 'sounding in fraud,' False Marking cases should be subject to the pleading requirements of Rule 9(b).") (Thamkul Decl. Ex B, Dkt. No. 350-2) [hereinafter U.S.'s *BP Lubricants* Brief].

Claims under Section 292 sound in fraud and must be plead with the particularity required by Rule 9(b). The Federal Circuit emphasized that an action under Section 292 is criminal in nature and therefore more exacting. *See Pequignot II*, 608 F.3d at 1363. And SFTI ignores the Ninth Circuit's statement that "[t]he state-of-mind finding with respect to false marking logically should be consonant with the 'fraud' findings." *See Mayview Corp. v. Rodstein*, 620 F.3d 1347, 1360 (9th Cir. 1980). Because patent false marking is not actionable unless done "for the purpose of deceiving the public," the weight of authority directs that Section 292 allegations must be pleaded with the level of specificity required for fraud-based claims.

### b. SFTI's Allegations Against Glad Do Not Meet the Standard Required By Rule 9(b).

Under Rule 9(b), SFTI must "state with particularity the circumstances constituting fraud or mistake." *See* Fed. R. Civ. P. 9(b). This means that SFTI must allege its false marking claims against Glad with "sufficient underlying facts from which a court may reasonably infer that [Glad] acted with the requisite state of mind." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). Specifically, SFTI must state "the who, what, when, where, and how of the misconduct charged." *Factor Nutrition*, Case No. 10-02529, at *4 (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). Mere labels and conclusions will not establish SFTI's claim for relief, and even where SFTI pleads "on information and belief," it must set forth the specific facts on which its belief is reasonably based. *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do."); *Factor Nutrition*, Case No. 10-02529, at *5; *Exergen*, 575 F.3d at 1327.

SFTI's generic allegations fail to plead any "factual content that allows the court to draw the reasonable inference that [Glad] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Specifically, (1) SFTI fails to allege Glad's purportedly fraudulent ***acts***

with particularity and (2) SFTI fails to allege Glad's allegedly fraudulent *intent* with particularity. SFTI's Complaint should be dismissed.

### i. SFTI Fails to Sufficiently Allege Any Acts of False Marking By Glad.

SFTI's allegations lack any supporting facts, which are necessary to determine whether Glad's products were falsely marked at all. Compl. ¶¶ 51-52 (alleging only that Glad products bear the numbers of expired patents and were sold in retail stores after the expiration of the patents). *See, e.g., The N.C. Farmers' Assistance Fund, Inc. v. Monsanto Co.*, 2010 WL 3817349, at *10 (M.D.N.C. Sept. 27, 2010) (false marking complaint that "provide[d] neither the 'information' on which [plaintiff] relie[d] nor any plausible reasons for its 'belief'" failed to satisfy Rule 9(b)). Instead, SFTI attempts to impermissibly infer that its unsubstantiated allegations mean that the products were *marked* post-expiration. Opp. at 13:21-22 ("The most reasonable inference from these allegations is that the false marking is occurring after each patent's expiration.").[9] SFTI's inference that Glad's products were falsely marked *when marked* is impermissible, particularly where, as unrefuted by SFTI, the products in question—sandwich bags and trash bags—are not food items and do not have a limited "shelf life."

SFTI's allegations do not allege that Glad knew that its markings were false. SFTI does not attempt to allege who purchased Glad's products, when and where the products were purchased, any details of the products' packaging or labels, when and how the products were allegedly marked, and who made any purported "decisions" to mark such products. Accordingly, SFTI fails to identify the "who, what, when, where, and how" of Glad's alleged false marking. *See Exergen*, 575 F.3d at 1326-27; *Factor Nutrition*, Case No. 10-02529, at *7 (granting defendant's motion to dismiss because plaintiff failed to plead, among other things, how the alleged fraud operated or the circumstances surrounding the alleged fraud, such as "who at [defendant] said what to whom and when"). The absence of such facts unfairly impedes Glad's ability to defend itself against SFTI's claims or evaluate their merits, if any. Because SFTI's allegations fall well short of the heightened pleading standards imposed by Rule 9(b), this Court

---

[9] SFTI's discussion of Glad's "advertising," Opp. at 13:16-17, 20-21, must have been inadvertently included in the briefing in this case. SFTI's allegations against Glad *never once* discuss advertising by Glad. *See* Compl. ¶¶ 49-53.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY IN SUPPORT OF GLAD'S MOTION TO
DISMISS CASE NO. 5:10-CV-00966-JF (PVT)   - 8 -   25577\2470105.1

should dismiss SFTI's Complaint.

### ii. SFTI Fails to Sufficiently Plead Any Intent to Deceive By Glad.

Similarly, SFTI's conclusory statements are insufficient to allege fraudulent intent under the heightened pleading standard of Rule 9(b). Because the "bar for proving deceptive intent here is particularly high given that the false marking statute is a criminal one," allegations of "mere knowledge that a marking is false [are] insufficient to prove intent." *Pequignot II*, 608 F.3d at 1363.

SFTI's Complaint alleges no facts from which the Court can reasonably infer that Glad "falsely" marked its products with expired patents "for the purpose of deceiving the public." SFTI merely alleges "on information and belief" that Glad marks its products "with knowledge that nothing is protected by an expired patent." Compl. ¶ 53. But a defendant's knowledge of the limited duration of patents and the actual expiration of the patents do not create an inference that Glad actually knew that the patents at issue had expired. *See Hollander*, 2010 WL 2813015, at *6; U.S.'s *BP Lubricants* Brief, p. 2 ("The conclusory allegations pled in this case, *i.e.*, that a defendant is a 'sophisticated company' which 'knows, or should know' that the patent at issue had expired, are insufficient to satisfy Rule 9(b)'s pleading standard, even under its relaxed standard for pleading intent.").

SFTI twists the Federal Circuit's discussion in *Pequignot II* on another issue (regarding whether a product that was once covered by a valid patent, but was continued to be marked after the patent expired, constitutes an "unpatented" article for purposes of Section 292) to conclude that "any marking with an expired patent is false as a matter of law." Opp. at 4:21 (citing *Pequignot II*, 608 F.3d at 1361). SFTI's builds on this false premise: because "any marking with an expired patent is false as a matter of law,…there can be no reasonable basis to believe such a marking is true," therefore "allegations of marking with an expired patent are sufficient to allege that a defendant lacked a reasonable basis to believe its marking was true—which is the same as alleging intent to deceive." Opp. at 6:1-5. SFTI's contorted reasoning cannot withstand analysis.

Not only does SFTI's approach read the intent element out of Section 292, but, since a

1  court assumes all facts alleged in the Complaint to be true on a motion to dismiss, SFTI's analysis
2  would mean that no form complaint false marking case could ever be dismissed or defeated even
3  on a motion for summary judgment, because the presumption of an intent to deceive would arise
4  just by repeating boilerplate allegations that a product was falsely marked with an expired patent.
5  Such an approach would render Section 292 a strict liability offense. This is not the law.[10] *See*
6  *United States, ex rel., FLFMC, LLC v. William Bounds, Ltd*., 2010 WL 4788554, at *5 (W.D. Pa.
7  Nov. 17, 2010) (noting that Section 292 is not a strict liability statute and requires that a plaintiff
8  plead facts showing that the defendant attempted to deceive the public). Rule 9(b) requires more
9  than generalized allegations that products marked with expired patents exist, as SFTI asserts here.
10 At least some factual basis must be alleged to create a reasonable inference of intent to deceive.[11]
11 *See Exergen*, 575 F.3d at 1327.

12 Further, allowing an allegation that a defendant "should have known" that a patent had
13 expired to be sufficient would expand Section 292 to include mere negligence, in contravention of
14 Congress's clear directive that Section 292 liability requires deceptive intent. *See Shizzle-Pop,*
15 *LLC v. Wham-O, Inc.*, 2010 WL 3063066, at *4 (C.D. Cal. Aug. 2, 2010) (dismissing false
16 marking complaint for failure to identify facts giving rise to inference of deceptive intent even
17 where plaintiff alleged that defendant must have known of the patent's expiration when it updated
18 its product packaging).

19 SFTI's allegations do not create an inference that Glad intentionally or purposefully
20 marked its products. Marking of a product with an expired patent may be the result of inattention
21 or inadvertence. *See Brinkmeier v. BIC Corp*., 2010 WL 3360568, at *11 ("[T]he presence of
22 expired patents on [defendant's] products could be a simple oversight."). SFTI's Complaint lacks
23 any factual allegations suggesting bad faith or deceptive intent by Glad and is insufficient as a

---

[10] Since allegations of "mere knowledge that a marking is false [are] insufficient to prove intent," *Pequignot II*, 608 F. 3d at 1363, it defies logic to allow the same insufficient allegations to create an inference of intent to deceive, sufficient to satisfy a false marking plaintiff's burden.

[11] The United States has suggested possible factual allegations which might adequately give rise to an inference of an intent to deceive. *See* U.S.'s *BP Lubricants* Brief, p. 17 (suggesting that allegations that the patent holder sued a third party for infringement of the patent at issue after the patent expired may be sufficient to support an intent to deceive). None of these possible allegations have been alleged by SFTI.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY IN SUPPORT OF GLAD'S MOTION TO
DISMISS CASE NO. 5:10-CV-00966-JF (PVT)  - 10 -  25577\2470105.1

matter of law.

### 2. SFTI's Allegations Are Insufficient Even Under Rule 8(a).

SFTI's Complaint is also deficient even under the broad standard of Rule 8(a). The difference is between pleading *facts* and pleading *conclusory allegations* disguised as facts. On a motion to dismiss, the Court will assume the former to be true but not the latter. *See Juniper Networks*, 2009 WL 1381873, at *2 (The Court "need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations."). The Court should dismiss SFTI's "[b]are assertions…amount[ing] to nothing more than a 'formulaic recitation of the elements,'" which "do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

SFTI's allegations fail even under Rule 8(a)'s more liberal pleading requirement because the Complaint fails to allege facts showing that Glad's products were marked after the expiration of the patents-at-issue or that Glad knew of the expiration of the patent at the time of the marking. *See Herengracht Group LLC v. Am. Tombow, Inc.*, 2010 WL 5477495, slip op. at 2-3 (M.D. Fla. Dec. 30, 2010) (Supp. Thamkul Decl., Ex. A)(holding that the plaintiff's complaint failed even under Rule 8 because "[k]nowing generally that patents expire is not sufficient, since 'determining the expiration date of a patent can, at times, be difficult'") (citing *Pequignot II*, 608 F.3d at 1362). SFTI's Complaint against all original defendants—regardless of the products, patents, and circumstances relative to each defendant—recites substantively identical, vague allegations that each defendant engaged in false marking under 35 U.S.C. § 292. *See* Compl. ¶¶ 53, 57, 61, 66, 70, 74, 78, 82, 86, 94, 98, 102, 107, 111, 115, 120, 124, 128, 132, 136 (claiming, upon information and belief, that all defendants "marked [their] products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent" and concluding that all defendants marked their products with expired patents with the intent to deceive the public).[12] SFTI's

---

[12] SFTI's claims against Super Swim, another SFTI defendant in a different case (the *Adobe* action), cannot save its allegations against Glad here. Judge Seeborg did not "conclude[] that [SFTI's] allegations [were] sufficient in a complaint substantially similar to the complaint in this case." *See* Opp. at 15:14-16:3. SFTI's allegations against

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY IN SUPPORT OF GLAD'S MOTION TO DISMISS CASE NO. 5:10-CV-00966-JF (PVT) - 11 -                25577\2470105.1

Complaint is this action does not vary its allegations by defendant. Such complete lack of specificity fails under both Rule 9(b) and Rule 8(a) and does not provide a good faith basis for the Court to find a plausible inference of an intent to deceive. *See id*.

## III. CONCLUSION

The Court should dismiss the Complaint with prejudice because SFTI cannot seek relief under 35 U.S.C. § 292, which is unconstitutional because it contravenes the Executive Branch's authority. Alternatively, SFTI fails to plead its allegations against Glad with the specificity required by Rule 9(b), and, since SFTI's Complaint also fails under Rule 8(a), this Court should dismiss the Complaint without leave to amend, because SFTI has declined in the past to try to cure its pleading deficiencies.

Dated: January 6, 2011                    FARELLA BRAUN + MARTEL LLP

                                          By: /s/ Roderick M. Thompson
                                              Roderick M. Thompson
                                              Attorneys for The Glad Products Company

---

Super Swim were markedly distinct from those asserted against Glad here. For example, SFTI alleges at least some facts (the copyright date on advertisements on Super Swim's website) to support its inference that Super Swim's products were marked after the patents expired. Opp. at 15:18-16:3. SFTI has alleged no such facts against Glad. Moreover, Judge Seeborg's comments were made before and therefore without the guidance of the Federal Circuit's *Pequignot II* decision. More crucially, Judge Seeborg's written Order following the argument declined to reach the issue. Order [Dkt. No. 194 in the *Adobe* action] at 4:5-6 ("Although this Court expressed some tentative and general views regarding the motions to dismiss, it did not address them.")