**E-Filed 3/18/2011**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY, INC., | Case Number 5:10-cv-00966-JF/PSG |
| Plaintiff, | ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |
| v. | [Re: Docket No. 349] |
| THE GLAD PRODUCTS COMPANY, | |
| Defendant. | |

Plaintiff San Francisco Technology, Inc. ("SF Tech") filed the instant action on March 5, 2010, alleging violation of the False Marking Statute, 35 U.S.C. § 292, by Defendant The Glad Products Company ("Glad").[2] Glad moves to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P.

---

[1] This disposition is not designated for publication in the official reports.

[2] Originally, SF Tech brought this action against Glad and twenty wholly-unrelated companies in *San Francisco Technology, Inc. v. Glad Products Co., et al.*, 10-cv-00966-JF/PVT. However, the claims against Roche Diagnostics Corporation were voluntarily dismissed without prejudice. Notice of Voluntary Dismissal Without Prejudice of Roche Diagnostics Corporation, Dkt. 312. The claims against all remaining Defendants other than Glad were severed and/or transferred pursuant to this Court's order dated July 19, 2010. Order re Pending Motions, Dkt. 315.

1  12(b)(6).  The Court heard oral argument on January 20, 2010.  For the reasons discussed below,
2  the motion to dismiss will be granted, with leave to amend.

**I. BACKGROUND**

4  SF Tech is a Delaware corporation with its principal place of business in San Jose, California.  Compl. ¶ 2.  Glad allegedly makes and sells products that have been marked with one or more expired patents.  *Id.* ¶¶ 49-53.  Specifically, SF Tech claims upon information and belief that Glad "marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent."  *Id.* ¶ 53.  Additionally, it alleges that Glad falsely marks these articles with intent to deceive the public.  *Id.*  SF Tech brings this action as a *qui tam* proceeding to recover civil fines on behalf of the United States Government.[3]

**II. STANDARD OF REVIEW**

Dismissal under Fed. R. Civ. P. 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  At the same time, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

As the Supreme Court recently has clarified, a court must determine whether the well-pled facts in the complaint "*plausibly* give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 129

---

[3] 35 U.S.C. § 292(b) authorizes a private individual to file *qui tam* civil action with damages to be shared equally by the plaintiff and the United States.

1  S.Ct. 1937, 1950 (2009) (emphasis added). "[W]here the well-pleaded facts do not permit the
2  court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has
3  not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Leave
4  to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by
5  amendment. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment
6  would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp,* 90 F.3d 386,
7  393 (9th Cir. 1996).

## III. ANALYSIS

### A. Constitutionality of *Qui Tam* Actions Under 35 U.S.C. § 292

Glad argues in part that the instant action should be dismissed for lack of subject-matter jurisdiction because the False Marking Statute violates the Take Care Clause of the Constitution.[4] It contends that 35 U.S.C. § 292(b) undermines the President's obligation to "take Care that the Laws be faithfully executed" by vesting Executive Branch power in a private citizen without sufficient control by the Executive Branch.

The United States seeks to intervene for the purpose of defending the constitutionality of 35 U.S.C. § 292.[5] United States of America Motion for Certification and Leave to Intervene, Dkt. 363. However, a court need not "decide constitutional questions where other grounds are available and dispositive of the issues of the case." *See, e.g.*, *Northwest Austin Mun. Utility Dist. No. One v. Holder*, 129 S.Ct. 2504, 2506 (2009); *Hurd v. Hodge*, 334 U.S. 24, 31 (1948). Because it concludes that SF Tech's claims are subject to dismissal on other bases, the Court need not decide the constitutional issues presented here, at least at the present time. Accordingly, the motion to intervene will be terminated without prejudice.

---

[4] In accordance with Fed. R. Civ. P. 5.1(a), Glad has filed notice of its constitutional challenge with the Attorney General of the United States. Defendant The Glad Products Company's Notice of Constitutional Challenge to 35 U.S.C. § 292, Dkt. 351.

[5] The Court concludes that this motion is appropriate for determination without oral argument and will vacate the hearing date of May 6, 2011. *See* Civ. L.R. 7-1(b).

3

**B.     Sufficiency of the Pleadings**

   **1.     Applicability of Fed. R. Civ. P. 9(b) to False Marking Claims**

Glad argues that SF Tech has failed to allege fraud in accordance with the heightened pleading requirements of Fed. R. Civ. P. 9(b). It asserts correctly that proof of an "intent to deceive" is a required element of claims brought under § 292. *See Forest Group v. Bon Tool Co.*, 590 F. 3d 1295, 1300 (Fed. Cir. 2009) (indicating that a false marking claim has two elements: (1) the false marking of an unpatented article, and (2) intent to deceive the public). The Federal Circuit has explained that intent to deceive exists when an individual acts with knowledge that "what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true." *Clontech Labs., Inc. v. Invitrogen Corp.,* 406 F.3d 1347, 1352 (Fed. Cir. 2005). Moreover, it has held that, "[b]ecause [35 U.S.C. § 292] requires that the false mark be affixed and displayed 'for the purpose of deceiving the public,' a purpose of deceit, rather than simply knowledge that a statement is false is required." *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363 (Fed. Cir. 2010).

Subsequent to oral argument on the instant motion, the Federal Circuit confirmed that false marking claims indeed are subject to Rule 9(b)'s particularity requirement. *In re BP Lubricants USA, Inc.*, Case No. Misc. 2010-960, 2011 WL 873147, at *1 (Fed. Cir. March 15, 2011). The court held expressly that "[p]ermitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that the defendant engaged in more than negligent action." *Id.* at *2. Accordingly, this Court must determine whether SF Tech has met the pleading requirements of Rule 9(b).

   **2.     Whether SF Tech Has Alleged Fraud With Sufficient Particularity**

Rule 9(b) requires that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). The plaintiff must state "the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). The particularized pleading requirement of Rule 9(b) may be relaxed when "the facts constituting the circumstances of the alleged fraud are peculiarly within

4

the defendant's knowledge or are readily obtainable by him." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). However, "a plaintiff who makes allegations on information and belief must state the factual basis for the belief." *Id.* (citing *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir.1987); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.1989); *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1247-48 (2d Cir.1987); *In re Worlds of Wonder Securities Litigation*, 694 F.Supp. 1427, 1433 (N.D. Cal.1988)). Similarly, although Rule 9(b) permits knowledge and intent to be pled in general terms, a plaintiff still must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).

SF Tech points to a recent decision from the Northern District of Illinois in which similar allegations made by SF Tech were found sufficient under this heightened standard. *San Francisco Technology, Inc. v. Sunstar Americas, Inc.*, No. 10 C 5000, 2011 WL 291168 (N.D. Ill. Jan. 27, 2011). In *Sunstar*, the court held that Rule 9(b)'s "who, what, when, where, how" test was met by SF Tech's identification of (1) the false marking actor; (2) the alleged false marking itself; (3) the date of false marking; (4) the location of product distribution; and (5) the method of falsely marking products with expired patents. *Id.*

However, even if such allegations were sufficient with respect to the existence of false marking here, they fail to show that Glad acted with the requisite intent to deceive. SF Tech argues that it can satisfy its burden with respect to intent simply by alleging facts showing that Glad lacked a reasonable belief that the articles in question were covered by a non-expired patent. Indeed, it has alleged that Glad chose to mark its products falsely each time expired patents were included on new packaging. Compl. ¶¶ 51-52. However, *BP Lubricants* expressly rejects the notion that a relator may plead knowledge merely by asserting that the defendant should have known that a patent has expired. 2011 WL 873147, at *4. The court explained that "[i]ntent to deceive, while subjective in nature, is established in law by objective criteria." *Id.* at *3 (quoting *Clontech,* 406 F.3d at 1352).

The instant complaint fails to allege that Glad knew that the patents at issue had expired.

Its barebones allegations state only that Glad had "knowledge that nothing is protected by an expired patent" and that Glad "falsely marked its products with intent to deceive the public." Compl. ¶ 53. The complaint does not set forth the factual basis upon which these conclusory allegations are premised.

At oral argument, SF Tech nonetheless claimed that its allegations should suffice because only a manufacturer or whistleblower truly knows the intent behind such markings. However, there are several ways in which intent may be alleged without requiring relators to plead facts that are solely within the knowledge of defendants. For example, a relator could allege that a defendant has leveraged its patent through public advertising in an attempt to influence consumers or knowingly has asserted its expired patents against competitors. *See also BP Lubricants*, 2011 WL 873147, at *4 (pointing to arguments made by the United States as amicus curiae which urged the Court to require more specificity in allegations of intent). At most, SF Tech's current allegations suggest that Glad may have been negligent in keeping products with expired patents on the shelf.

### IV. ORDER

Because SF Tech has failed to allege its claims with sufficient particularity, the motion to dismiss will be GRANTED, WITH LEAVE TO AMEND. The motion for certification and leave to intervene will be terminated without prejudice. The Court has not considered SF Tech's request for judicial notice in reaching the conclusions herein. Any amended pleading shall be filed within thirty (30) days from the date of this Order.

**IT IS SO ORDERED.**

DATED: March 18, 2011

_____
JEREMY FOGEL
United States District Judge